UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARLA AND ROBERT DOE**, individually, and as Parents and Guardians of their minor children, **ANN DOE, EMMA DOE, OLIVER DOE, WAYNE DOE,** and **SARA DOE**,<br><br>      Plaintiffs,<br><br>      v.<br><br>**THE DISTRICT OF COLUMBIA, MAYOR ANTHONY WILLIAMS, BRENDA DONALD WALKER, SARAH MAXWELL, SANDRA JACKSON, HEATHER STOWE, TERRI THOMPSON MALLET, REBEKAH PHILIPPART,** and **DAPHNE KING**,<br><br>      Defendants. | } } } } } } } } } } } } } } } } } } } } } |

**PLAINTIFFS' MOTION FOR LEAVE TO PROCEED IN PSEUDONYM**

Plaintiffs, minor children and their parents, request that this Court allow them to replace their legal names with pseudonyms in all filings in this case. This case involves highly personal and sensitive information concerning child abuse, neglect, adoption, defamation and violation of basic constitutional rights. There would be no benefit to the public if the names of the minor children or their parents were revealed.

WHEREFORE, Plaintiffs respectfully request that this Court grant this Motion for Leave to Proceed in Pseudonym and allow the minor children to be known as Ann, Emma, Oliver, Sara and Wayne Doe, and their parents to be known as Robert and Carla Doe.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO PROCEED IN PSEUDONYM**

This is a civil rights and tort action brought pursuant to the Constitution of the United States, particularly the First, Fifth, Ninth, and Fourteenth Amendments; the laws of the United States, particularly 42 U.S.C. §§ 1983, 1985 and 1988, and the laws of the District of Columbia.  In sum, the issues in this case involve the negligent assessment and placement of badly abused children resulting in severe damage to the adoptive family as a result of their sexually abusive behavior, and following the family's reporting of the problems to District officials in order to obtain help the subsequent intentional violation of the Constitutional and statutory rights of the children and parents.

**Argument**

Despite the general requirement that parties to an action be named, many federal courts have recognized the necessity to allow parties to proceed anonymously. Fed.R.Civ.P., Rule 10 (generally requiring that parties be identified).  The courts have

assessed the need for anonymous filing on a case-by-case basis providing anonymity when parties would be stigmatized or further traumatized by proceeding under their real names.  See, *Doe v. Madison School Dist. No. 321,* 147 F.3d 832, 833 n. 1 (9th Cir .1998), vacated on other grounds, 177 F .3d 789 (9th Cir. 1999) (en banc) (granting a high school student's motion to proceed in pseudonym because of her fear of retaliation from her community); *Doe v. INS,* 867 F.2d 285, 286 n.1 (6th Cir. 1989) (allowing Plaintiff to proceed anonymously to protect his family from reprisals);  *Roe v. City of Milwaukee,* 37 F.Supp.2d 1127 (B.D. Wis. 1999) (allowing plaintiff to proceed in pseudonym because he was concerned that the litigation could result in disclosure of his HIV-positive status). Exceptional circumstances justify the departure from the normal methods governing proceedings in court. *See Doe v. Frank,* 951 F .2d 320,323 (11th Cir. 1992). Protection of children, rape victims, and other particularly vulnerable: parties and witnesses are examples of circumstances where courts have found proceedings in pseudonym appropriate. *See Doe v. Blue Cross & Blue Shield United* of *Wisconsin.*112 F.3d 869, 872 (7th Cir. 1997); *Doe* v. *City of Marlon.* 2002 WL 32072794 (N.D. Ind. Feb.1, 2002) (citing *Jessup* v. *Luther,* 2002 WL 73721 (7th Cir. Jan. 17, 2002)).

The test for determining whether a plaintiff can proceed anonymously is whether the Plaintiff has  substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall,* 653 F .2d 180, 186 (5th Cir. 1981). "[C]ourts hare permitted plaintiffs to use pseudonyms in three situations: (1), when identification creates a risk of retaliatory

physical or mental harm, *Stegall,* 653 F.2d at 186; [] (2) when anonymity is necessary to preserve privacy *in* a matter of sensitive and highly personal nature,' *James v. Jacobson,* 6 F .3d 233. 238 (4th Cir. 1993); *see also Doe* v. *United Service Life Ins. Co.,* 123 F.R.D. 437 (S.D.N.Y.1988) (allowing. plaintiff to sue insurance company anonymously to protect against identification as a homosexual);[] and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct thereby risking criminal prosecution,' *Stegall,* 653 F.2d at 185 []." *Does I Through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). Most recently, this Court has approved anonymous filing for a case, like the instant case, where an action was brought against the District of Columbia, CFSA, and social workers. *Doe v. District of Columbia,* C.A. No. 03-1789 (D.D.C. Aug. 22, 2003).

In the instant case, anonymity is necessary to protect minor children and their parents due to the highly personal nature of the circumstances surrounding the claims. In particular, there are issues of sex abuse involving the children. The disclosure of the children's true identities could subject them to ridicule and cause further trauma during a time when they are trying to heal. Further, the children's identities would likely be discerned from the disclosure of the parents names. Providing the Plaintiffs with the ability to proceed anonymously balances the public's right to access the judicial process while also preserving the Plaintiffs' rights.

Therefore, Plaintiffs urge the Court to allow them to proceed in pseudonym by having the parents identified as Robert and Carla Doe, and having the children

identified as Ann, Emma, Oliver, Sara, and Wayne Doe.

                              Respectfully submitted,

                              _____
                              John M. Clifford, D.C. Bar No.  191866
                              Billie P. Garde, D.C. Bar No. 454465
                              Clifford & Garde
                              1707 L Street, NW, Suite 500
                              Washington, D.C. 20036
                              Tel. 202.289.8990

Dated: May 24, 2005

---

**CERTIFICATE OF SERVICE**

---

    I certify that the foregoing motion will be served upon the Defendants with the Complaint.

                              _____
                              John M. Clifford