## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLA AND ROBERT DOE, individually, )
And as Parents and Guardians of their      )
Minor children, ANNE DOE, EMMA DOE, )
OLIVER DOE, WAYNE DOE, AND         )    Case No.:  05-1060 (RBW)
SARA DOE,                                              )
                                                                  )
      Plaintiffs,                                     )
                                                                  )
      v.                                                   )
                                                                  )
DISTRICT OF COLUMBIA, *et al.,*               )
                                                                  )
      Defendants.                                   )
_____ )

### DEFENDANTS DISTRICT OF COLUMBIA, MAYOR ANTHONY WILLIAMS, BRENDA DONALD WALKER, SARAH MAXWELL, SANDRA JACKSON, HEATHER STOWE, TERRI THOMPSON MALLET, REBEKAH PHLIPPART, AND DAPHNE KING'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND/OR FOR SUMMARY JUDGMENT[1]

Defendants District of Columbia, Mayor Anthony Williams, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Phlippart, and Daphne King, by and through counsel, move to dismiss plaintiffs' Complaint pursuant to Fed. Civ. P. R. 12(b)(6) for failure to state a viable and/or cognizable claim against these defendants.  Plaintiffs' Complaint must be dismissed because it:  1) cannot be maintained against Mayor Williams as he is sued in his official capacity only, and the real party in interest is the District of Columbia; 2) was

---

[1] The herein named defendants were not properly served as explained within the body of this motion.  They do not waive their right to personal service under Fed. Civ. P. R. 4(e) through the filing of this Complaint.  Undersigned counsel does not have authority to accept service on behalf of the individually named defendants.  Personal service against them must be effected pursuant to Rule 4(e).  The arguments set forth on behalf of defendant Mallet are made in her official capacity only.

not properly served against the individually named defendants pursuant to Fed. Civ. P. R.

4(e); 3) fails to set forth a viable First, Fourth, Fifth, Ninth, or Fourteenth Amendment

Claim against the defendants; 4) the individually named defendants are entitled to

qualified immunity for their complained of conduct; 5) fails to sufficiently set forth a

viable 42 U.S.C. § 1983, claim against the District, 6) cannot be maintained on a theory

of conspiracy as the District through its employees cannot conspire against itself; and 7)

punitive damages do not lie as against the District.  Dismissal of plaintiff' common law

claims are appropriate since dismissal of plaintiffs' constitutional claims divests this

Court of original jurisdiction over the action, and this Court should not assert

supplemental jurisdiction over the remaining claims.  More detailed grounds for these

defendants' motion are set forth in the attached memorandum of points and authorities in

support of their motion.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


_____
MATTHEW W. CASPARI [488295]
Assistant Attorney General
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6650; (202) 727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CARLA AND ROBERT DOE, individually, )
And as Parents and Guardians of their )
Minor children, ANNE DOE, EMMA DOE, )
OLIVER DOE, WAYNE DOE, AND )    Case No.:  05-1060 (RBW)
SARA DOE, )
                            )
      Plaintiffs, )
                            )
      v. )
                            )
DISTRICT OF COLUMBIA, *et al.,* )
                            )
      Defendants. )
_____ )

## DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

       In support of their Motion for Summary Judgment, the defendants submit the following Statement of Material Facts Not in Genuine Dispute:

       1.     On June 21, 2005, plaintiffs filed a return of service affidavits purporting to serve the individually named defendants, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Philippart, and Daphne King, by serving a law clerk, Kia Winston, at the Office of the General Counsel for CFSA.  See Return of Service Affidavits dated June 21, 2002, at docket entries 6-12.

       2.     Kia Winston is not an authorized agent to accept service of process for these individually-named defendants.   See Winston Declaration, Exhibit A.

                        Respectfully Submitted,

                        ROBERT J. SPAGNOLETTI
                        Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


_____
MATTHEW W. CASPARI [488295]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6650; (202) 727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CARLA AND ROBERT DOE, individually, )
And as Parents and Guardians of their )
Minor children, ANNE DOE, EMMA DOE, )
OLIVER DOE, WAYNE DOE, AND )    Case No.:  05-1060 (RBW)
SARA DOE, )
  )
     Plaintiffs, )
  )
     v. )
  )
DISTRICT OF COLUMBIA, *et al.,* )
  )
     Defendants. )
_____ )

**DEFENDANTS DISTRICT OF COLUMBIA, MAYOR ANTHONY WILLIAMS,**
**BRENDA DONALD WALKER, SARAH MAXWELL, SANDRA JACKSON,**
**HEATHER STOWE, TERRI THOMPSON MALLET, REBEKAH PHLIPPART,**
**AND DAPHNE KING'S MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

     In support of their Motion to Dismiss Plaintiffs' Complaint and/or for Summary

Judgment, these defendants state as follows:

I.    <u>Statement of Facts</u>

     On May 25, 2005, plaintiffs Robert and Carla Doe filed a 23-count, 177 paragraph

Complaint against the District of Columbia, Mayor Anthony Williams and several

individually named employees of the District of Columbia Child and Family Services

Agency alleging constitutional and common law claims.  Plaintiffs' claims concern the

following:  (1) CFSA's placement of Wayne and Sara Doe in their homes in 2000, and

their subsequent adoption in 2001; (2) the adjustment and behavior problems of both

Wayne and Sara Doe which had an effect on the remaining and the treatment provided

and/or not provided to the family through CFSA; (3) the removal of plaintiffs' children

from the Doe home on or about October 21, 2004, as a result of a neglect investigation;

(4) medical examinations of the minor children allegedly without plaintiffs' consent; (5) a

neglect petition allegedly filed against Robert and Carla Doe purported as retaliation in

violation of their First Amendment rights.  Plaintiffs seek to hold the defendants liable

under both constitutional and common law theories of liability.  See Complaint generally.

On June 21, 2005, plaintiffs filed a return of service affidavits for Mayor

Williams, the District of Columbia, Brenda Donald Walker, Sarah Maxwell, Sandra

Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Philippart, and Daphne King.

Service against the individually named defendants was purportedly effected by serving a

law clerk, Kia Winston, at the Office of the General Counsel for CFSA.  See Return of

Service Affidavits dated June 21, 2002, docket entries 4-12.  Kia Winston is not an

authorized agent to accept service of process for these individually-named defendants.

*See* Kia Winston's declaration, hereto attached as Exh. A.  For the following reasons,

plaintiffs' Complaint must be dismissed against the herein-named defendants.

II.  Argument

A.    Standard for Dismissal Pursuant to Fed. P. Civ. R. 12(b).

Dismissal under Fed. P. Civ. R. 12(b)(1) and (6) is warranted if it appears beyond

doubt that the Court lacks jurisdiction over the subject matter or that plaintiff can prove

no set of facts in support of his claim which would entitle him to relief. *See Warren v.

District of Columbia*, 353 F.3d 36 (D.C. Cir. 2004).  For purposes of a Fed. P. Civ. R.

12(b) motion, the complaint must be construed in the light most favorable to the plaintiff,

and its allegations taken as true.  *See Americable International, Inc. v. Department of

Navy,* 129 F.3d 1271 (D.C. Cir. 1997).  Further, "a plaintiff's bare conclusions of law, or

sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes

of a motion to dismiss, and the plaintiff only enjoys the "benefit of all inferences that

plausibly can be drawn from well-pleaded allegations of the complaint." *Haynesworth v.*

*Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

B.    Standard for Dismissal Pursuant to Fed. P. Civ. R. 56(c).

Summary judgment is "not a disfavored procedural shortcut, but rather [is] an

integral part of the Federal Rules as a whole, which are designed 'to secure the just,

speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.

S. 317, 327 (1986) (quoting Rule 1 of the Federal Rules of Civil Procedure).  Under Rule

56(c), summary judgment is appropriate if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law.  Material facts are those that "might affect the outcome of

the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

(1986); Celotex, 477 U.S. at 322; *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir.

1995).

A movant seeking summary judgment has the initial burden of identifying those

parts of the pleadings, depositions, answers to interrogatories, and admissions on file,

together with any affidavits, which it believes demonstrates the absence of any genuine

issue of material fact.  Once that burden has been met, the non-moving party must

respond by presenting cognizable evidence sufficient to establish genuine issues of

dispute to the material facts in the case.  The non-movant's failure to present

"affirmative evidence" in this regard is fatal to its position. Anderson, 477 U. S. at 257–

258.  Speculation, conclusory allegations, and the movant's denials are insufficient to raise issues of material fact.  *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U. S. 574, 587 (1986).

Application of Rule 56(c) does not demand that there be no dispute of fact of any kind.  As the Supreme Court noted in *Anderson*, 477 U. S. at 247-248, "the mere existence of *some* alleged factual disputes will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issues of material fact." (emphasis in original).  The pertinent question, therefore, is whether the non-moving party's evidence "presents sufficient disagreement to require a submission to the jury, or whether it is so one-sided that [the moving party] must prevail as a matter of law" on an essential element of the case.  Id. at 251.

In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255; s*ee also, Washington Post Co. v. United States Dep't of Health and Human Servs*., 865 F.2d 320, 325 (D.C. Cir. 1989).  It is not sufficient, however, for the non-moving party to establish "the mere scintilla of evidence in support of the [non-moving party]." *Anderson,* 477 U.S. at 252.  If the evidence in favor of the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted). If, after viewing the evidence in a light most favorable to the non-moving party, the Court finds that the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to its case, upon which it will bear the burden at trial, the Court should render summary judgment against that party.  *Lujan v. National Wildlife Fed'n,* 497 U. S. 871, 883-4 (1990).

C.    The Claims Against Mayor Anthony Williams in His Official Capacity Must Be
      Dismissed.

Plaintiffs have sued Mayor Anthony Williams in his official capacity.  See

Complaint, ¶ 7.  It is well settled that a "suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office."

*Will v. United States*, 491 U.S. 58, 71 (1989*), citing Brandon v. Holt*, 468 U.S. 464

(1985).  Since the suit against Mayor Williams in his official capacity is deemed a suit

against the District of Columbia, and the District is already a party to this action, Mayor

Williams should be dismissed.  *See Robinson v. District of Columbia*, 2005 U.S. Dist.

LEXIS 3556 (D.D.C. 2005)(Mayor Williams dismissed from suit when named only in his

official capacity), *see also,  Arnold v. Moore*, 980 F. Supp. 28 (D.D.C. 1997)(dismissing

District officials sued in their official capacity).

The U.S. Supreme Court has ruled upon the issue of official-capacity suits.  They

have held that,

> official-capacity suits…"[g]enerally represent only another way of
> pleading an action against an entity of which an officer is an agent."  As
> long as the government entity receives notice and an opportunity to
> respond, an official-capacity suit, is in all respects other than name, to be
> treated as a suit against the entity.  …The real party in interest is the
> entity.  Thus, …a plantiff seeking to recover on a damages judgment in an
> official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985).  Therefore, Mayor Williams is not a proper

party defendant, and should be dismissed form this action with prejudice.

D.    Plaintiffs' Failure To Properly Serve the Individually-Named Defendants
      Requires Dismissal of this Court Action Against Them.

Fed. R. Civ. P. 4 provides:

> Unless otherwise provided by federal law, service upon an individual from
> whom a waiver has not been obtained and filed, other than an infant or an
> incompetent person, may be effected in any judicial district of the United
> States:

> (2) by delivering a copy of the summons and of the complaint to the individual personally…or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

On June 21, 2005, plaintiffs filed a return of service affidavits purporting to serve the individually named defendants, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Philippart, and Daphne King, by serving a law clerk, Kia Winston, at the Office of the General Counsel for CFSA.  See Return of Service Affidavits, dated June 21, 2002, at docket entries 6-12.  However, Kia Winston is not an authorized agent to accept service of process for these individually-named defendants.  See Kia Winston's Declaration, Exhibit A, ¶ 5.  Ms. Winston avers that the process server refused to disclose what type of documents he wanted her to sign for and that she clearly told the process server that legal documents have to be served on the individual employees and that Ms. Mallet was no longer a CFSA employee.  Exhibit A, ¶ 4-5.  Because Ms. Winston does not have authority to accept service on behalf of the individually named defendants, and they were not personally served in accordance with Rule 4, plaintiffs' Complaint must be dismissed for insufficiency of service of process.

E.    <u>Plaintiffs' First Amendment Claims Fail As A Matter of Law Against All Named Defendants.</u>

Plaintiffs aver that they petitioned the District of Columbia for assistance "as CFSA is required to provide to adoptive families."  According to plaintiffs, "in response to [their] requests for assistance, the District and individual defendants Walker, Maxwell, Mallett, Jackson, Stowe, and others whom they directed retaliated against [them]" in violation of their First Amendment Rights.  *See* Complaint, at ¶ 134.  Moreover, plaintiffs aver that "when they raised concerns to defendant District of Columbia, through CFSA, regarding the failure of the agency to properly assess Sara and Wayne prior to their

adoption and the need for comprehensive post-adoption services and support … [the District defendants] and others whom they directed, retaliated against [them]. *See* Complaint, at ¶136.

Plaintiffs have not set forth viable First Amendment claims against the named defendants. Other than make conclusory statements, plaintiffs fail to show a nexus between their First Amendment speech and any action taken by defendants. As set forth in plaintiffs' Complaint, CFSA provided them with assistance. See Complaint, at ¶ 114. Moreover, based on the facts as set forth in plaintiffs' Complaint, that is, plaintiffs Robert and Carla Doe reported to CFSA that the children had been sexually abused by their siblings, these defendants had a good faith basis for conducting the complained about investigations, and removal of the children from the Doe household. As such, plaintiffs' First Amendment claims fail as a matter of law against these defendants.

F.     Plaintiffs Have Failed to Set Forth A Viable Fourth Amendment Claim Against All Named Defendants.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures . . . ." *See* U.S. CONST., amend. IV. Plaintiffs aver that the defendants violated their Fourth Amendment rights when "they unlawfully threatened to remove [Ann, Oliver and Sara Doe] and then removed [them] from their homes. *See* Complaint, at ¶ 138. The allegations set forth in plaintiffs' Complaint, even viewed in a light most favorable to them, fails to set forth a viable Fourth Amendment claim against the named defendants. See Complaint, generally. Plaintiffs aver that they personally sought assistance from CFSA that was prompted by serious problems within the family caused by Wayne and Sara. *See* Complaint, at ¶ 65. Plaintiffs concede that they notified the District defendants

"that Wayne and Sra Doe revealed that they had been abusive to the Doe's two younger children, Ann and Oliver Doe," …and "that the revelations … traumatized the entire family." *See* Complaint, at ¶¶ 69 and 70.  According to plaintiffs, they brought Ann and Oliver Doe to be interviewed at the Safe Shores Children's Advocacy Center…[and that] [p]ersons in attendance were Metropolitan Police Department Detective James L. Goldring, CFSA Social Worker Delores Williams, and Assistant Attorney General ("AAG") Alexandra Kutz." *See* Complaint, at ¶ 80.  "Medical information was also collected from Ann and Oliver Doe." *See* Complaint, at ¶ 83.  Plaintiffs were notified that juvenile law enforcement officials were now involved in Wayne and Sara's case. *See* Complaint, at ¶ 83.  On October 20, 2004, Ann and Oliver Doe were removed from their homes, and plaintiffs were provided with a notice to Appear in Family Court." *See* Complaint, at ¶¶ 92-93.  Against this background, plaintiffs' claims are insufficient to set forth a viable Fourth Amendment violation against these named defendants.

The individually named defendants are entitled to qualified immunity for their complained of conduct.  To determine whether the seizure was "reasonable" under the Fourth Amendment, the court must carefully balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake. See *Tennessee* v. *Garner*, 471 U.S., at 8-9 (the question is "whether the totality of the circumstances justifie[s] a particular sort of . . . **seizure**").  Based on the facts that the defendants had as set forth in plaintiffs' Complaint, probable cause existed for the removal of the children from the Doe household, and the defendants' actions were reasonable under the circumstances.  As such, dismissal is appropriate as against the individually named defendants, and the District of Columbia as

plaintiffs have failed to plead that the District's customs, policies or practices were the moving force behind the alleged constitutional violations, and the District cannot be held constitutionally liable for the alleged constitutional misconduct of its employees.  See _Monell v. New York City Dep't of Soc. Servs._, 436 U.S. 658 (1978).  See also, argument set forth in Section K below.

G.      Plaintiffs' Fifth Amendment Claims Must Be Dismissed.

        Plaintiffs aver that the District of Columbia acted with deliberate indifference towards their constitutional rights in that it failed to:  (a) properly train its employees; (b) properly supervise its employees; and (c) failed to protected them from harm.  See Complaint, at ¶ 128.  According to plaintiffs, defendants Walker, Maxwell, Jackson, Mallet, and Stowe acted with deliberate indifference towards the constitutional rights of all plaintiffs when they unlawfully threatened and conspired to remove and then removed plaintiffs Ann, Oliver and Sara Doe from their homes.  _See_ Complaint, at ¶ 130.  Plaintiffs further aver that their substantive and procedural due process rights under the Fifth Amendment were violated and proximately caused them injury.  Complaint, at ¶ 132.

        1.      Plaintiffs' Substantive Due Process Rights Were Not Violated.

        Plaintiffs fail to meet the requirements to claim either a substantive or procedural due process violation. As the U.S. Supreme Court states in _Zimmerman v. Burch_:

>           [First], the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." _Daniels v. Williams_, 474 U.S. [327, 331 (1986)]. As to [this type of claim], the constitutional violation actionable under § 1983 is complete when the wrongful action is taken. . . . A plaintiff . . . may invoke § 1983 regardless of any state-tort remedy

that might be available to compensate him for the deprivation of these rights.

>        [Second, the] Due Process Clause also encompasses  . . . a guarantee of fair procedure. A § 1983 action may be brought for a violation of procedural due process, but here the existence of state remedies *is* relevant in a special sense. In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law. Parratt* [*v. Taylor*, 451 U.S. 527, 537 (1981)]; *Carey v. Piphus*, 435 U.S. 247, 259 (1978). . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

494 U.S. 113, 125-26 (1990).

Plaintiffs fail to allege a particular liberty interest secured to them by the Fifth Amendment to the Constitution, but instead makes conclusory allegations that their constitutional rights were violated.  See Complaint, generally.  Even considering the complaint in the light most favorable to plaintiffs, they fail to identify a liberty interest that was protected at the time the District trained and/or supervised its employees.  Moreover, plaintiffs merely aver that the District failed to protect them from harm.  Plaintiffs' Complaint is devoid of any evidence as to how the District failed to train and/or supervise its employees, nor does it set forth how the District's failures proximately caused them harm.  See Complaint, at ¶¶ 128, 130.  Additionally, as set forth below, the District cannot be held liable under the Fifth Amendment for conspiracy because it cannot conspire with itself.

2.    Plaintiffs' Procedural Due Process Rights Were Not Violated.

Plaintiffs were afforded procedural due process.  A procedural due process analysis must examine the procedural safeguards built into the statutory or administrative procedure at issue, and any remedies for erroneous deprivations provided by statute or tort law.  *See Zinermon,* 494 U.S. 133, at 125.  Plaintiffs do not claim they were entitled to a pre- or post-deprivation hearing, nor do they set forth facts to show that the District failed to provide them with a hearing that was due.  See Complaint, at ¶¶ 128, 130. In fact, based on the averments set forth in their Complaint, the defendants repeatedly discussed plaintiffs' claims, met with them, and/or scheduled a hearing to address the complained about issues.  See Complaint, generally.  As such, these defendants cannot be held liable for failure to afford plaintiffs procedural due process.  Accordingly, these claims must be dismissed against these defendants.

H.    Plaintiffs' Ninth Amendment Claims Against these Defendants Fail As A Matter of Law.

Plaintiffs seeks to use the Ninth Amendment as a vehicle to hold the named defendants liable under 42 U.S.C. § 1983.  *See* Complaint, at ¶¶ 142, 146.  The Ninth Amendment provides that:  "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  See U.S. Constit., Amend. IX.  "The Ninth Amendment is a rule of construction - not a rule that protects any specific right."  *See Dawkins v. City of Utica, et al.,* 1997 U.S. Dist. LEXIS 4608, (N.D.N.Y. 1997), citing, Mann By Parent v. Meachem, 929 F. Supp. 622, 634 (N.D.N.Y. 1996) (citations omitted). Therefore, to the extent plaintiffs are attempting to assert a claim either directly under the Ninth Amendment, or insofar as they are relying upon an

alleged Ninth Amendment violation as a basis for their **§** 1983 **cause** of action, dismissal

is appropriate.

I.    Plaintiffs' Fourteenth Amendment Claims Fail As A Matter of Law Against All Named Defendants.

Plaintiffs seek to use the Fourteenth Amendment as a theory of liability for their

42 U.S.C. § 1983 claims against the named defendants in this lawsuit.  See ¶¶ 1, 140.

Plaintiffs' claims under the Fourteenth Amendment are untenable against these

defendants because the Fourteenth Amendment does not apply to the actions of the

District of Columbia or its officials/employees.  *See Bolling v. Sharpe*, 347 U.S. 497, 499

(1953).  Rather, the Fifth Amendment provides protection against conduct of the District

and its officers and officials.  *Id.*  As such, plaintiffs' claims filed under the Fourteenth

Amendment must be dismissed as a matter of law.

J.    The Individually Named Defendants Are Entitled to Qualified Immunity.

The individually named defendants are entitled to protection from plaintiffs'

constitutional claims filed under 42 U.S.C.S. § 1983, based on qualified immunity.

Section 1983 gives individual governmental officers qualified immunity from liability

insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known. Ordinarily, in evaluating a

qualified immunity defense, the court must first determine whether the plaintiff has

alleged a deprivation of constitutional right at all.  *See Clarke v. City of New York, et al.,*

2001 U.S. Dist. LEXIS 11136 (August 1, 2001.)

Plaintiffs' allegations set forth no more than common law negligence claims.  *See*

Complaint, generally.  They do not rise to the level of constitutional violations for which

they are entitled to relief from these defendants.  Based on the factual allegations set forth

in the Complaint, and the information these defendants had in their possession at the time

they took any action, a reasonable person in the same position would have believed that

their conduct was lawful.  These defendants had information that the minor children in

plaintiffs Robert and Carla Doe's custody had been sexually abused.  See Complaint, at ¶

69.  Removal of the children from the location in which they suffered the abuse was

reasonable, and these defendants cannot be held liable on plaintiffs' constitutional claims.

Accordingly, dismissal based on qualified immunity is appropriate.

K.    <u>Plaintiffs Have Failed to Set Forth A Viable Constitutional Claim Against the
      District of Columbia.</u>

Pleading requirements are specific for municipal liability for § 1983, actions.

According to the Supreme Court decision in *Monell*:

> "[a] local government may not be sued under § 1983 for an injury inflicted
> solely by its employees or agents.  Instead, it is when execution of a
> government's policy or custom … inflicts the injury that the government
> as an entity is responsible under § 1983."

Id. at 694.  A plaintiff seeking to impose liability on a **municipality** under § 1983

must identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."

*Board of the County Commissioners of Bryan County v. Brown,* 520 U.S. 397,

403 (1997).  The Supreme Court further held in *City of Oklahoma City v. Tuttle*,

471 U.S. 808, 824 (1985) that, "at the very least there must be an affirmative link

between the policy and the particular constitutional violation alleged."  *Oklahoma

City,* 471 U.S. at 824.  The *Oklahoma City* decision interpreted *Monell* as holding

that "municipal liability should not be imposed <u>when the municipality was not

itself at fault.</u>"  <u>Id</u>. at 818 (emphasis added).

Although there is no heightened pleading requirement, a § 1983 complaint must

allege that an established municipal policy or custom caused the constitutional violation

at issue. *Dorman v. District of Columbia,* 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. *Dant*, 829 F.2d at 76.

In this case, plaintiffs allege that the District violated their First, Fifth, Ninth, and Fourteenth Amendments and demand relief for the violations pursuant to 42 U.S.C. § 1983. *See* Complaint, generally. Even with all reasonable inferences taken in favor of plaintiffs, the facts alleged in the complaint are insufficient under *Monell* to link the alleged constitutional violation with a District policy, practice or custom. Accordingly, plaintiffs' 1983 claims against the District must be dismissed.

L.    Plaintiffs' Conspiracy Claims Must Be Dismissed As a Matter of Law.

Plaintiffs seek to hold the District defendants liable under a theory of conspiracy pursuant to 42 U.S.C. § 1985. Plaintiffs aver that the defendants conspired to violate their rights when the defendants decided to seek their arrest and prosecute them in the juvenile system. See Complaint, ¶¶ 144 and 148.

A civil conspiracy occurs when two or more persons acting in concert plan, attempt and/or commit an unlawful act, or to commit a lawful act by unlawful means. *See Graves v. U.S.*, 961 F. Supp. 314, 320 (D.D.C. 1997), *reconsideration denied*, 967 F. Supp. 572. "A [municipality] cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the [municipality]." *See Hilliard*, 30 F.3d at 653. *See also, Hull v. Cuyahoga Valley Joint Vocational Sch. Dist*., 926 F.2d 505 (6th Cir. 1991). In *Hull*, plaintiff alleged that the Cuyahoga School Superintendent conspired with the executive director of the district

and a school administrator, all of whom were School Board employees. The court held

that, as all were members of the same collective entity, the conspiracy did not involve

two or more people, and plaintiff's conspiracy claimed failed as a matter of law.  In

addition, *see Moody v. Jefferson Parish School Board*, 803 F. Supp. 1158, 1166

(E.D.La.1992) (holding School Board, Principal, Vice-Principal, and various teachers

are all employed by the Jefferson Parish School Board and, thus, are a single entity),

*aff'd*  2 F.3d 604 (5th Cir.1993);  *Hankins v. Dallas Indep. Sch. Dist.*, 698 F. Supp. 1323,

1330 (N.D.Tex.1988) (holding high school and its officials constitute a single entity);

*Chambliss v. Foote*, 421 F. Supp. 12, 15 (E.D.La.1976) (holding "the university and its

officials are considered as constituting a single legal entity which cannot conspire with

itself"), *aff'd,* 562 F.2d 1015 (5th Cir.1977), *cert. denied*, 439 U.S. 839, (1978).

        The general rule that a municipality cannot conspire with itself has been applied

in this jurisdiction.  *See Gladden v. Barry*, 558 F. Supp. 676 (D.D.C. 1983), and *Michelin*

*v. Jenkins,* 704 F. Supp. 1 (D.D.C. 1989).  Plaintiffs' averments that the District and its

employees conspired with one another to violate their civil rights defeats their claims

since the District and its employees and agents are a single entity that cannot conspire

with itself.  Consequently, plaintiffs' conspiracy claims fail as a matter of law.

M.      Plaintiffs' punitive damage claim against the District must be dismissed.

        Plaintiffs seek punitive damages against the District of Columbia.  See Complaint, at

¶ 177.  The law is clear in that punitive damages may not be awarded against the District.

*See Sunday Daskalea v. District of Columbia, et al.*, 227 F.3d 433; (D.C. Cir. August 8,

2000), (holding punitive damages are not available against the District of Columbia).  In

*Daskalea,* plaintiff, a female inmate confined by the D.C. Department of Corrections,

was repeatedly sexually harassed and abused by other inmates and prison guards.

Plaintiff sued the District and one of its employees, in her official capacity, under 42

U.S.C. § 1983, for their failure to train, supervise, and/or discipline the prison guards, and

for their failure to protect *Daskalea* from sexual abuse and harassment.  Uncontradicted

evidence at the trial established the routine sexual abuse of women inmates by prison

guards at the D.C. Jail.  The jury found that the District was on notice of plaintiff's sexual

abuse and was deliberately indifferent to the plight of women at the jail, that it failed to

train, supervise or otherwise discipline its employees, and failed to protect plaintiff from

the sexual abuse.  The jury awarded compensatory damages against the District and

punitive damages against the employee.  The Appellate Court upheld the jury's award of

compensatory damages against all defendants, finding that the evidence showed that the

District's policymakers were indifferent to the plight of women in the Jail, and

specifically to the plight of plaintiff.  According to the Court, the notoriety of the sexual

assaults at the jail placed the District on notice of the need to institute policies to protect

the rights of plaintiff and others similarly situated.  However, the Appellate Court held

that the punitive damage award against the District's employee, sued in her official

capacity, constitutes a punitive damage award against the District, and is not allowed by

law.  A punitive damage award in this matter would be contrary to law, and dismissal is

appropriate.

N.    <u>The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiffs'
      Remaining Common Law Claims.</u>

Plaintiffs have filed common law claims of conspiracy (Count XI), assault (Count

XII), battery (Count XIII), intentional infliction of emotional distress (Count XIV);

negligence (Count XV), misrepresentation (Count XVI), malicious prosecution and abuse

of process (Count XVII), selective prosecution (Count XVIII), defamation (Count XIX),

invasion of privacy (Count XX), negligent hiring and/or supervision (Count XXI), and

violation of the Court Order in *LaShawn A.* (Count XXII).  Since plaintiffs have failed to

properly plead any federal claims against the herein named defendants, this Court should

dismiss any remaining common law claims for lack of supplemental jurisdiction.  *See*

*United Mine Workers v. Gibbs,* 383 U.S. 715 (1966), holding that in those instances when

federal claims are dismissed, the federal court may decline to exercise "supplemental

jurisdiction" for any remaining state claims.  The balance of factors to be considered by

the court under the "supplemental jurisdiction doctrine" are: a) judicial economy, b)

convenience, c) fairness, and d) comity.  *Carnegie-Mellon University v. Cohill,* 484 U.S.

343 (1988).

    It is a well founded principle that federal courts should avoid making needless

decisions concerning state law in an effort to allow the state courts to make decisions on

laws well within their expertise.  Moreover, when the court has not expended any

resources in a case in which the federal claims have been disposed of early in the

litigation, the interest of judicial economy and convenience are better served by the

federal court declining to assert jurisdiction over any possible remaining state claims.

*Edmondson & Gallagher v. Alban Towers Tenants Ass'n,* 48 F.3d 1260 (D.C. Cir. 1995).

    28 U.S.C. § 1367(c) specifically provides as follows:

> [D]istrict courts may decline to exercise supplemental jurisdiction over a
> common law claim if (1) the claim raises a novel or complex issue of State
> law, (2) the claim substantially predominates over the claim or claims over
> which district court has original jurisdiction, (3) the district court has
> dismissed all claims over which it has original jurisdiction, or (4) in
> exceptional circumstances, there are other compelling reasons for
> declining jurisdiction.

In this case, plaintiffs have failed to properly plead any viable federal claims, and because it is early in the litigation, this Court should decline jurisdiction over the remaining claims so as to promote the interests of fairness and judicial economy.  Accordingly, plaintiffs' common law claims should be dismissed.

III.    Conclusion

For the reasons set forth above, all named defendants in this Court action are entitled to dismissal and/or summary judgment in their favor as a matter of law.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____
MATTHEW W. CASPARI [488295]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6650; (202) 727-6295