**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CARLA AND ROBERT DOE, individually, )
And as Parents and Guardians of their )
Minor children, ANNE DOE, EMMA DOE, )
OLIVER DOE, WAYNE DOE, AND )    Case No.:  05-1060 (RBW)
SARA DOE, )
                )
       Plaintiffs, )
                )
       v. )
                )
DISTRICT OF COLUMBIA, *et al.,* )
                )
       Defendants. )
                )

**DEFENDANT DISTRICT OF COLUMBIA ANSWER TO PLAINTIFFS'**
**COMPLAINT**

Defendant District of Columbia, by and through counsel, responds to plaintiffs'

Complaint as follows:[1]

**FIRST DEFENSE**

The Complaint fails to state a claim against this defendant upon which relief can be

granted.

**SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the Complaint,

this defendant responds in like-numbered paragraphs as follows:

1.       The allegations in paragraph 1 of the Complaint are legal conclusions to which no

response is required.

---

[1] The filing of an Answer converts the District's Motion to Dismiss to a Motion for Judgment on the
Pleadings pursuant to Fed. Civ. P. R. 12(c).

2.      This defendant recognizes the statutory authorities set forth in paragraph 2 of

plaintiffs' Complaint, but denies that they necessarily give this Court jurisdiction over

this matter or this party.

3.      This defendant recognizes the statutory authority set forth in paragraph 3 of

plaintiffs' Complaint, but denies that venue is necessarily proper.

4.      The averment set forth in paragraph 4 of the Complaint does not require a

response by this defendant.

5.      This defendant lacks sufficient information to admit or deny that Robert and Carla

Doe remain adult residents of the District of Columbia.  The remaining allegation in

paragraph 5 is a legal conclusion to which no response is required.

6.      This defendant lacks sufficient information to admit or deny the averments

contained in paragraph 6 of the Complaint

7       This defendant admits the averments in paragraph 7 of the Complaint.

8.      This defendant admits that in CFSA became a cabinet level agency in 2001. The

defendant further admits that CFSA provides services to promote the safety and well

being of children and families residing in the District of Columbia.  The remaining

allegations in paragraph 8 are legal conclusions to which no response is required.

9.      This defendant admits that Brenda Donald Walker is the current Director of

CFSA.  The remaining allegations contained in paragraph 9 are legal conclusions to

which no response is required.

10.     This defendant denies that Sarah Maxwell is an employee and serves in upper

management at CFSA as a Deputy Director. The remaining allegations contained in

paragraph 10 are legal conclusions to which no response is required.

11.     This defendant admits that Sandra Jackson is an employee of the District and serves in management at CFSA.  This defendant further admits that Sandra Jackson is an administrator for adoption and foster care.   The remaining allegations contained in paragraph 11 are legal conclusions to which no response is required.

12.     This defendant admits that defendant Heather Stowe is an employee of the District, serves in management at CFSA, and is the Administrator for Intakes and Investigations. The remaining allegations contained in paragraph 12 are legal conclusions to which no response is required.

13.     This defendant denies that Terri Thompson Mallet is an employee of the District and is General Counsel for CFSA.  The remaining allegations contained in paragraph 13 are legal conclusions to which no response is required.

14.-15. This defendant admits that Daphne King and Rebeka Philippart are social workers at CFSA. The remaining allegations contained in paragraphs 14 and 15 are legal conclusions to which no response is required.

## FACTS COMMON TO ALL COUNTS

16.     This defendant admits that Robert and Carla Doe are adoptive parents and that they adopted four children through the foster care system in the District.  This defendant lacks sufficient information to admit or deny the remaining allegations asserted in paragraph 16.

17.     This defendant admits the allegations asserted in paragraph 17 of the Complaint.

18.     This defendant lacks sufficient information to admit or deny the allegations asserted in paragraph 18 of the Complaint.

19.     This defendant denies the allegations set forth in paragraph 19 of the Complaint.

20.    The allegations in paragraph 20 are conclusions of the pleader to which no response is required by this defendant.

21.    The allegations asserted in paragraph 21 are legal conclusions to which no response is required.  Further answering, answering, the language of the Court opinion speaks for itself.

22.    This defendant lacks sufficient information at this time to either admit or deny the allegations asserted in paragraph 22.  Further answering, the records speak for themselves.

23.    The allegations asserted in paragraph 23 are legal conclusions to which no response is required.

24.    This defendant lacks sufficient information at this time to admit or deny the allegations asserted in paragraph 24.  To the extent a response is required, this defendant denies the allegation.

25.-31. This defendant is unable to either admit or deny the averments set forth in paragraphs 25 through 31 as they contain confidential information, the non-disclosure of which is governed by statute.

32.    The averments asserted in paragraph 32 are legal conclusions to which no response is required.

33.-35.  This defendant is unable to either admit or deny the averments set forth in paragraphs 33 through 35 as they contain confidential information, the non-disclosure of which is governed by statute.

36.    The allegations asserted in paragraph 36 are legal conclusions to which no response is required.

37.-41. This defendant is unable to either admit or deny the averments set forth in paragraphs 37 through 41 as they contain confidential information, the non-disclosure of which is governed by statute.

42.-43. The averments set forth in paragraphs 42 and 43 contain legal conclusions to which no response is required by this defendant.

44.-48. This defendant is unable to either admit or deny the averments set forth in paragraphs 44 through 48 as they contain confidential information, the non-disclosure of which is governed by statute.

49.    This defendant lacks sufficient information to admit or deny the allegations asserted in paragraph 49.

50.    This defendant admits the allegations asserted in paragraph 50.

51.    This defendant admits that on or about May 2000, the Doe family agreed to bring Wayne and Sara into their home.  This defendant lacks sufficient information to admit or deny the remaining allegations asserted in paragraph 51.

52.-54. This defendant is unable to either admit or deny the averments set forth in paragraphs 52 through 54 as they contain confidential information, the non-disclosure of which is governed by statute.

55.-64. This defendant lacks sufficient information to admit or deny the allegations asserted in paragraphs 55 through 64.

65.    This defendant admits that plaintiffs Robert and Carla Doe hand delivered a letter to CFSA on September 27, 2004.  This defendant lacks sufficient information to admit or deny the remaining allegations asserted in paragraph 65.

66.     This defendant is unable to either admit or deny the averments set forth in paragraph 66 as it contains confidential information, the non-disclosure of which is governed by statute.

67.     This defendant lacks sufficient information to admit or deny the allegations asserted in paragraph 67.

68–71.  This defendant is unable to either admit or deny the averments set forth in paragraphs 68 through 71 as they contain confidential information, the non-disclosure of which is governed by statute.

72.     This defendant admits that a meeting was held on October 1, 2004, at CFSA, and that Robert Doe attended the meeting.  The remaining averments set forth in paragraph 72 are the conclusions of the pleader to which no response is required.

73.     The allegations set forth in paragraph 73 of the Complaint are the conclusions of the pleader to which no response is required.  Further answering, the allegations contain confidential information, the non-disclosure of which is governed by statute.

74.-78. This defendant is unable to either admit or deny the allegations asserted in paragraphs 74 through 78 as they contain confidential information, the non-disclosure of which is governed by statute.  Further answering, the averments are the conclusions of the pleader to which no response is required.

79.     This defendant admits that Mr. Doe faxed a letter dated October 14, 2004, to CFSA.  The information set forth in the letter speaks for itself, and does not require a response from this defendant.

80.-85. This defendant lacks sufficient information at this time to admit or deny the allegations asserted in paragraphs 80 through 85 of the Complaint.

86.-88. The allegations contained in paragraphs 86 through 88 of the Complaint are the

conclusions of the pleader to which no response is required.  To the extent a response is

required, this defendant denies the allegations.

89.     This defendant is without sufficient information to admit or deny the allegations

set forth in paragraph 89 of the Complaint.

90.     The allegations set forth in paragraph 90 of the Complaint are the conclusions of

the pleader to which no response is required.  To the extent a response is required, this

defendant denies the allegations.

91.     This defendant is without sufficient information to admit or deny the allegations

set forth in paragraph 91 of the Complaint.

92.     The allegations contained in paragraph 92 of the Complaint are the conclusions of

the pleader to which no response is required.  To the extent a response is required, this

defendant denies the allegations.

93.     This defendant is without sufficient information to admit or deny the allegations

set forth in paragraph 93 of the Complaint.

94.-98. This defendant is without sufficient information to admit or deny the allegations

set forth in paragraphs 94 through 98 of the Complaint.

99.-102.   The allegations in paragraph 99 through 102 are the legal conclusions of the

pleader to which no response is required.  To the extent that a response is required, this

defendant denies the allegations and demand strict proof thereof.

103.    This defendant denies the allegations contained in paragraph 103 of the

Complaint.

104.-106.   The allegations contained in paragraphs 104 through 106 are the conclusions

of the pleader to which no response is required.

107.    This defendant admits that the case was "no papered" at court on October 21,

2004, and that the District of Columbia was represented by an Assistant Attorney

General.   Further answering, this defendant is without sufficient information to admit or

deny the remaining allegations in paragraph 107.

108.    This defendant admits that Brenda Donald Walker is the Director of CFSA.  The

remaining allegations in paragraph 108 are the legal conclusions of the pleader to which

no response is required.

109.    This defendant denies that defendant Mallet is the General Counsel of CFSA.

The remaining allegations in paragraph 109 are the legal conclusions of the pleader to

which no response is required.

110.    This defendant admits that Sarah Maxwell is an employee of CFSA.  The

remaining allegations in paragraph 110 are the legal conclusions of the pleader to which

no response is required. To the extent that a response is required, this defendant denies

the allegations and demand strict proof thereof.

111.    This defendant admits that Sandra Jackson is the administrator of CFSA's

Adoption and Foster Care Administration.  The remaining allegations in paragraph 111

are the legal conclusions of the pleader to which no response is required. To the extent

that a response is required, this defendant denies the allegations and demand strict proof

thereof.

112.    This defendant admits that Heather Stowe is the administrator for Intakes and

Investigations for CFSA.  The remaining allegations in paragraph 111 are the legal

conclusions of the pleader to which no response is required.  To the extent that a response

is required, this defendant denies the allegations and demand strict proof thereof.

113.–114.   This defendant is without sufficient information to admit or deny the

allegations in paragraphs 113 and 114 of the Complaint.  To the extent a response is

required, this defendant denies the allegations.

115.-116.      The averments set forth in paragraphs 115 and 116 are the legal

conclusions of the pleader to which no response is required.

117.-119.   This defendant is without sufficient information to admit or deny the

allegations in paragraphs 117 through 119 of the Complaint.

120.    This defendant denies the allegations in paragraph 120.

121.-125.   This defendant is unable to either admit or deny the averments set forth in

paragraphs 121 through 125 as they contain confidential information, the non-disclosure

of which is governed by statute.

126.    This defendant denies the allegations in paragraph 126 of the Complaint.

<u>Violations of Plaintiffs' Rights Under the U.S. Constitution
Pursuant to 42 U.S.C. §§ 1983, 1985</u>

Count I

127.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 126 of the Complaint as if fully set forth herein.

128.    This defendant denies the allegations in paragraph 128 of the Complaint.

Count II

129.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 128 of the Complaint as if fully set forth herein.

130.    This defendant denies the allegations in paragraph 130 of the Complaint.

Count III

131.   This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 130 of the Complaint as if fully set forth herein.

132.   This defendant denies the allegations in paragraph 131 of the Complaint.

Count IV

133.   This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 132 of the Complaint as if fully set forth herein.

134.   This defendant denies the allegations in paragraph 134 of the Complaint.

Count V

135.   This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 134 of the Complaint as if fully set forth herein.

136.   This defendant denies the allegations in paragraph 136 of the Complaint.

Count VI

137.   This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 136 of the Complaint as if fully set forth herein.

138.   This defendant denies the allegations in paragraph 138 of the Complaint.

Count VII

139.   This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 136 of the Complaint as if fully set forth herein.

140.   This defendant denies the allegations in paragraph 140 of the Complaint.

Count VIII

141.   This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 140 of the Complaint as if fully set forth herein.

142.    This defendant denies the allegations in paragraph 142 of the Complaint.

## Count IX

143.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 142 of the Complaint as if fully set forth herein.

144.    This defendant denies the allegations in paragraph 144 of the Complaint.

## Count X

145.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 144 of the Complaint as if fully set forth herein.

146.    This defendant denies the allegations in paragraph 146 of the Complaint.

## Count XI

147.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 146 of the Complaint as if fully set forth herein.

148.    This defendant denies the allegations in paragraph 148 of the Complaint.

## Count XII

149.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 148 of the Complaint as if fully set forth herein.

150.    This defendant denies the allegations in paragraph 150 of the Complaint.

## Count XIII

151.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 150 of the Complaint as if fully set forth herein.

152.    This defendant denies the allegations in paragraph 152 of the Complaint.

### Count XIV

153.    This defendant reasserts and incorporates its responses to the allegations contained in paragraphs 1 through 152 of the Complaint as if fully set forth herein.

154.    This defendant denies the allegations in paragraph 154 of the Complaint.

### Count XV

155.    This defendant reasserts and incorporates its responses to the allegations contained in paragraphs 1 through 154 of the Complaint as if fully set forth herein.

156.    This defendant denies the allegations in paragraph 156 of the Complaint.

### Count XVI

157.    This defendant reasserts and incorporates its responses to the allegations contained in paragraphs 1 through 157 of the Complaint as if fully set forth herein.

158.    This defendant denies the allegations in paragraph 158 of the Complaint.

### Count XVII

159.    This defendant reasserts and incorporates its responses to the allegations contained in paragraphs 1 through 158 of the Complaint as if fully set forth herein.

160.    This defendant denies the allegations in paragraph 160 of the Complaint.

### Count XVIII

161.    This defendant reasserts and incorporates its responses to the allegations contained in paragraphs 1 through 161 of the Complaint as if fully set forth herein.

162.    This defendant denies the allegations in paragraph 162 of the Complaint.

### Count XIX

163.    This defendant reasserts and incorporates its responses to the allegations contained in paragraphs 1 through 162 of the Complaint as if fully set forth herein.

164.    This defendant denies the allegations in paragraph 164 of the Complaint.

Count XX

165.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 164 of the Complaint as if fully set forth herein.

166.    This defendant denies the allegations in paragraph 166 of the Complaint.

Count XXI

167.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 166 of the Complaint as if fully set forth herein.

168.    This defendant denies the allegations in paragraph 168 of the Complaint.

Count XXII

169.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 168 of the Complaint as if fully set forth herein.

170.    This defendant denies the allegations in paragraph 170 of the Complaint.

171.    The averments contained in paragraph 171 are the conclusions of the pleader to

which no response is required.  To the extent a response is required, this defendant denies

the allegations.

172.-173.   This defendant denies the allegations in paragraphs 172 and 173 of the

Complaint.

174.    This defendant admits that it has provided services to plaintiffs, and denies that

Court intervention is warranted as set forth in paragraph 174 of the Complaint.

Count XXIII

175.    This defendant reasserts and incorporates its responses to the allegations

contained in paragraphs 1 through 174 of the Complaint as if fully set forth herein.

176.    This allegation does not relate to this defendant and therefore does not require a response from this defendant.

177.    This defendant denies the allegations in paragraph 177 of the Complaint.

Further answering, this defendant denies any allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to.

## Third Defense

Plaintiffs have failed to state a constitutional claim against this defendant for which they are entitled to relief.

## Fourth Defense

The District cannot conspire against itself and therefore plaintiffs' conspiracy claim fails as a matter of law.

## Fifth Defense

The Fourteenth Amendment is not applicable to the District or its employees.

## Sixth Defense

The Ninth Amendment does not create a private right of action.

## Seventh Defense

The actions of the District and/or its employees were taken in good faith, and not pursuant to an unlawful or unconstitutional District custom, policy, or practice.

## Eighth Defense

Plaintiffs did not speak out on a matter of public concern.

## Ninth Defense

Plaintiffs were not denied substantive and/or procedural due process as alleged in the Complaint.

### Tenth Defense

Plaintiffs may have failed to fully comply with the mandatory notice requirements of D.C. Official Code § 12-309 (2001 ed.).

### Eleventh Defense

Plaintiffs may have failed to meet the applicable statute of limitations.

### Twelfth Defense

If plaintiffs were injured and/or damaged as alleged in the Complaint said injuries and/or damages resulted from their own willful conduct.

### Thirteenth Defense

If plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from their own contributory negligence and/or assumption of the risk.

### Fourteenth Defense

If plaintiffs were injured and/or damaged as alleged in the Complaint said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than defendant District of Columbia, its employees, agents or servants acting within the scope of their employment.

### Fifteenth Defenses

Plaintiffs cannot establish that this defendant and/or its employees committed an assault and/or battery against them, and/or are liable for intentional infliction of emotional distress.

Sixteenth Defense

Plaintiffs cannot establish a serious and verifiable injury proximately caused by

this defendant's actions, or the actions of its employees.

Seventeenth Defense

All actions performed by defendant District of Columbia, its employees, servants,

or agents acting within the scope of their employment met or exceeded the applicable

standard of care.

Eighteenth Defense

Plaintiffs may have failed to mitigate any damages that they may have incurred.

Nineteenth Defense

Plaintiffs are not entitled to punitive damages against this defendant.

Jury Demand

Defendant District of Columbia requests a trial by jury as to all triable issues.

Set-off

Defendant District of Columbia asserts a set-off for all funds and services

provided to plaintiffs through Medicaid, public assistance, or other sources.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

___/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

____/s/_____
LEAH BROWNLEE TAYLOR [488966]
MATTHEW CASPARI [488295]
Assistant Attorney General
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-7854; (202) 724-6650; (202) 727-6295