UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLA DOE, ROBERT DOE, et al., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, et al., )<br>)<br>    Defendants. ) | Civil Action No. 1:05-1060 (RBW) |

**DEFENDANTS REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants District of Columbia, Mayor Anthony Williams, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet,[1] Rebekah Phlippart, and Daphne King (hereinafter collectively referred to as "District defendants"), by and through counsel, hereby file this Reply to Plaintiff's Opposition to their Motion to Dismiss or in the alternative for Summary Judgment.  Plaintiffs' opposition fails to raise sufficient grounds to defeat the District defendants' Motion.

I.   The Lawsuit Against Mayor Williams Must Be Dismissed.

Plaintiffs oppose dismissal of Mayor Anthony Williams in his official capacity on the grounds that the Mayor "serves an important role in ensuring that CFSA and its officials alter current policies to make sure the Plaintiffs receive the services they are due …"  Plaintiffs' Opposition, pg. 7.  Plaintiffs miss the point.  The claims against the Mayor in his official capacity are in effect claims against the District.  Because it is duplicative to name both a governmental entity and the entity's employees in their official capacity, claims against individuals named in their official capacity have been routinely dismissed as "redundant and an

---

[1] The motion and reply has been filed on behalf of Terri Thompson Mallet in her official capacity only since the lawsuit in her official capacity is actually a suit against the District.

inefficient use of judicial resources." See Barnes v. District of Columbia, 2005 U.S. Dist. LEXIS 10435 (D.D.C. 2005); see also Robinson v. District of Columbia, 2005 U.S. Dist. LEXIS 3556 (D.D.C. 2005)(Mayor Williams dismissed from suit when named only in his official capacity.)   Since the District is already a party to the suit, the claims against the Mayor in his official capacity are duplicative and should be dismissed.

II.   LaShawn Does Not Support Plaintiffs' Constitutional Claim Against the District Defendants.

    A.   LaShawn Cannot Be Used to Establish that the District's Customs, Policies and/or Practices Are Unconstitutional, and Does Not Provide Plaintiffs With A Private Right of Action.

LaShawn involved a class action suit by a group of children who were in foster care under the supervision of the D.C. Department of Human Services (DHS), as well as children who were reported to be abused or neglected but who were not yet in the care of DHS.  See LaShawn v. Kelly, 990 F.2d 1319 (D.C. Cir. 1993)  Plaintiffs seeks to hold the District and the Mayor liable under 42 U.S.C. § 1983, for the District's alleged unconstitutional policies and practices pursuant to LaShawn.  Plaintiffs cannot rely upon the LaShawn decree to support their Monell claims against the District or the Mayor.  Plaintiffs' Opposition, pg. 27.   The LaShawn Decree (in LaShawn v. Dixon, No. 89-1754 (D.D.C.)) was based exclusively on District law, not federal law or the U.S. Constitution, and does not provide plaintiffs with a private right of action for alleged violation of the decree.  See LaShawn v. Kelly, 990 F.2d 1319 (D.C. Cir. 1993) and LaShawn v. Barry, 144 F.3d 847, 850 (D.C. Cir. 1998).  Because LaShawn does not create a private right of action, plaintiffs' claims filed pursuant to LaShawn fail as a matter of law.

B.  The District nor the Mayor Can Be Held Constitutionally Liable for the Actions of the Receiver.

On October 4, 1994, the LaShawn Court placed CFSA in limited receivership. See LaShawn v. Williams, et al., C.A. No. 89-1754, at docket entry #272. On May 22, 1995, the child welfare system was placed into general receivership. LaShawn, 144 F.3d 847, 851. On August 24, 1995, the Court entered a General Receivership Order, setting forth the duties and responsibilities of the Receiver. Id. On May 22, 2001, the Court approved the LaShawn parties' consent motion for proposed order to terminate the receivership, and ordered that the receivership be terminated on June 15, 2001 See docket entry #781. On January 6, 2003, the Court terminated the probationary period during which responsibility for CFSA was to be transferred to its new Director, and approved the implementation plan. See Docket Entry #799. On May 15, 2003, the Court approved the implementation plan pursuant to its January 6, 2003, Order. See docket entry #809.

The District nor the Mayor can be held constitutionally liable for the actions taken during the period of the receivership. See Saverio C. Fantasia v. Office of the Receiver of the Commission on Mental Health Services, et al., No. 01-1079 (D.D.C. Dec. 21, 2001). See also, Andre Drew v. Sina Baktash, et al., No. 00-1661 (D.D.C. Sept. 18, 2001). Accordingly, since CFSA was in receivership from October 4, 1994, through May 22, 2001, and the Court approved the receivers' actions, CFSA's policies and/or practices during that time period cannot be held to be constitutionally infirm.

C.  LaShawn Supports the Individually Named Defendants Entitlement to Qualified Immunity.

Plaintiffs seek to have LaShawn apply to their claims against the herein-named defendants. See Complaint, generally. To do that, plaintiffs must admit that their children were

3

in fact abused and/or neglected in their home.  See LaShawn, 762 F. Supp. 959 (D.D.C. 1991).  Plaintiffs aver that CFSA's removal of the Doe children from their home was without legal justification.  However, in LaShawn, plaintiffs claimed that DHS failed to initiate timely investigations into reports of abuse or neglect.  See LaShawn, 990 F.2d at 1321.  Against this backdrop, and in light of the pervasive sexual abuse and incest between 4 of the Doe children that occurred under Robert and Carla Doe's parental supervision, CFSA's decision to remove the children was objectively reasonable, and the individually named defendants are entitled to qualified immunity.  See Plaintiffs' Complaint, generally.

III.  Plaintiffs' First Amendment Claims Fail As A Matter of Law.

In their Opposition, plaintiffs argue that their complaints to CFSA and requests for money were "constitutionally protected activity" for purposes of a claim of retaliation under the First Amendment.  See Plaintiffs' Opposition, pg. 8.  In support, plaintiffs cite to cases from the 10th Circuit and 5th Circuit. Id.  However, both the 10th Circuit and 5th Circuit have held that private complaints and grievances are not "constitutionally protected activity" for purposes of a First Amendment retaliation claim.  See Van Deelen v. Shawnee Mission Unified School District, 316 F.Supp. 2d 1052, 1059 (D.C. KA 2004)("[t]he Tenth Circuit requires that, in order for speech to be protected, it must touch upon a matter of public concern."); see also Rathjen v. Litchfield, 878 F.2d 836 (5th Cir. 1989)

In Van Deelen, a parent complained to the high school principal about the medical treatment of his son after he sustained an injury during high school football practice.  Id. at 1054.  Plaintiff subsequently complained about his son's suspension for misbehavior and the football coaches' decision to insert plaintiff's son into the football game despite medical concerns.  Id.  The court dismissed plaintiff's First Amendment retaliation claim holding that plaintiff was not

4

engaged in "constitutionally protected activity" because plaintiff's complaints sought redress for plaintiff's private rights and grievances. Id. at 1059-1060.

Similarly, the Fifth Circuit held in Rathjen v. Litchfield, 878 F.2d 836 (5th Cir. 1989), that an employee's complaint to her supervisors regarding her demotion was not a matter of public concern. Accordingly, plaintiff could not maintain a First Amendment retaliation claim because in making her private complaints she was not engaging in constitutionally protected activity. Id. at 842.

It is clear from plaintiffs' complaint that their requests to CFSA were private requests for assistance (i.e. money) to address the sexual abuse of their children while under their care and supervision. See, Complaint, at ¶¶ 65-71. Accordingly, plaintiffs' First Amendment claims fail as a matter of law.

IV.     Plaintiffs' Fourth Amendment Claims Fail As a Matter of Law.

Plaintiffs oppose dismissal of their Fourth Amendment claims on the grounds that CFSA's removal of the children was illegal and the defendants' actions were not reasonable. However, this Court is not required to accept plaintiffs' conclusory allegations. See Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). "[L]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." Gillet v. King, 931 F. Supp. 9, 12 (D.D.C. 1996) citing 2A Moore's Federal Practice, § 12.07, at 63 (2d ed. 1986).

Plaintiffs Robert and Carla Doe admitted to CFSA that Wayne and Sara Doe were engaged in incest and that they sexually perpetrated Ann and Oliver Doe over a period of many months while under their care and supervision. Complaint, ¶¶57-64. The Doe's admissions provide CFSA with reasonable cause to believe the children were neglected. As the parents of

these four children, it is undisputed that during the period of sexual abuse and incest, Robert and Carla Doe were solely and exclusively responsible for their own children.

Based on the allegations of sexual abuse while the minor child were in Robert and Carla Doe's custody and control, CFSA had a specific legal duty to investigate such allegations of sexual abuse, as well as Robert and Carla Doe's failure to prevent it, and remove the neglected children when necessary to avoid further harm.  See D.C. Official Code § 4-1303.01a; see also Turner v. District of Columbia, 532 A.2d 662 (D.C. 1987)(District sued for failure to remove children upon receipt of abuse and neglect report.)

Plaintiffs argue that the removal of the children was not necessary under D.C. Code [sic] § 16-2309(a)(3) in that the children were not in "immediate danger" because CFSA social worker Delores Williams determined prior to these defendants' illegal taking that there was no "immediate danger."  However, these claimed preliminary assessments were made on October 7, 2004, two days before CFSA interviewed the Doe children outside the presence of Robert and Carla Doe. Complaint, ¶¶80-82.  Further, CFSA has separate authority under D.C. Official Code § 16-2309(a)(4) to remove children when the children are "endangered" and removal is necessary.   Based on the allegations that were made known to CFSA, these children were deemed "endangered" for purposes of § 16-2309(a)(4) following the childrens' interview on October 9, 2004.  Plaintiffs' Opposition, generally.

Plaintiffs acknowledge that on the evening of October 20, 2004, they agreed to make Ann and Oliver Doe available for removal by CFSA, and prepared to make the children available for pickup. See Complaint, at ¶¶ 92, 97.   Based on the facts as set forth in the Complaint, probable cause existed for the removal of the Doe children, and plaintiffs' Fourth Amendment claims fail as a matter of law.

V.	Plaintiffs Cannot Prevail on Their Substantive Due Process Claims.

Plaintiffs opposition fails to establish that the District's actions "shock the conscience" for purposes of their substantive due process claims. "Substantive due process" protects against "arbitrary" government action, not negligent government action. See Daniels v. Williams, 474 U.S. 327, 332 (1986). The standard to be applied in this case is whether CFSA's actions were such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that CFSA did not exercise any judgment at all. See Youngberg v. Romeo, 457 U.S. 307, 323 (1982).

In Weller v. Dept. of Soc. Serv. For Baltimore, 901 F.2d 387, 392 (4th Cir. 1990), the court held that it does not shock the conscience to hear that a child protection agency removed a child in an emergency action from the custody of parents suspected of abuse which was based upon some evidence. In light of the plaintiffs' admissions in their complaint regarding the pervasive sexual abuse and incest that occurred under their supervision, plaintiffs simply cannot establish a "due process" violation when CFSA temporarily removed the children from the Doe household. See Pfoltzer v. County of Fairfax, 775 F.Supp. 874, 884 (E.D. VA 1991)(Child protection agency's removal of children from parent's home cannot be said to "shock the conscience" when based upon some evidence that children were neglected by natural parent who acquiesced in step father's "violent and unduly embarrassing" disciplinary measures.) Plaintiffs claim that the District defendants' actions "shock the conscience" is not supported by the record evidence.

Plaintiffs' claim that CFSA did not offer any services "to ameliorate an alleged danger to the children" is not support by their factual allegations. Plaintiffs' Opposition, pg. 16. See paragraph 75, wherein plaintiffs clearly identify CFSA's recommendations for temporary

7

treatment of Wayne and Sara and their placement in a "therapeutic foster home."  Plaintiffs argument that their children were taken for "invasive examinations at Children's Hospital without legal authority or parental permission," is without merit.  Once the children were removed from the Doe household on October 20, 2004, they were in the care and custody of the District.  See D.C. Official Code § 4-1303.05, which specifically authorizes CFSA to seek medical evaluations for children in its care without parental permission.   Accordingly, plaintiffs' Opposition fails to support their substantive due process claims and those claims must be dismissed.

VI.     Plaintiffs' Procedural Due Process Claims Fails As a Matter of Law.

Plaintiffs seek to hold the defendants liable for violation of their procedural due process.  See Complaint, and opposition, generally.  Plaintiffs' procedural due process claims fail because D.C. Official Code § 4-1303.04 authorizes a pre-hearing removal.   Since the nature of the sexual abuse allegations and events subsequent to Ms. Williams report clearly support a finding that CFSA had an objectively reasonable basis to believe that the children were neglected and/or abused, plaintiffs' procedural due process claims fail as a matter of law.

VII.    Plaintiffs' Cannot Sustain Their Ninth Amendment Claims.

Plaintiffs argue that their Ninth Amendment claims are actionable because the Ninth Amendment protects plaintiffs' rights to be free from familial separation, the rights of parents to protect their children, the rights of siblings to remain together, and the rights of fragile children to be free from unlawful intrusion which causes harm."  Plaintiffs' Opposition, pg. 22.  However, to the extent that any of those rights exist under the Ninth Amendment, the plaintiff asserts the same rights in their substantive due process claim.  Complaint, Count III and VII.  Redundant claims are routinely dismissed as inefficient uses of judicial resources.  See Barnes v. District of

Columbia, 2005 U.S. Dist. LEXIS 10435 (D.D.C. 2005). Since those "liberty" interests are arguably recognized under the Fifth Amendment "due process" clause, the rationale for finding them under the Ninth Amendment, i.e. that they do not appear elsewhere in the U.S. Constitution, is unavailing. Moreover, as set forth in their Motion to Dismiss, and/or for Summary Judgment, the Ninth Amendment does not provide these plaintiffs' with a separate, private right of action.

VIII.   Plaintiffs' State Law Claims Should Be Dismissed.

This Court should not exercise jurisdiction over plaintiffs' state law claim once their federal claims have been dismissed. Plaintiffs' selective prosecution claim is redundant to their First Amendment claims. See Complaint, Count V and XVIII. The Court should dismiss plaintiffs' selective prosecution claim as redundant, and as not supported by their factual allegations. Plaintiffs' Complaint is replete with sufficient evidence by which this Court can find that the prosecution of Wayne and Sara Doe was based on probable cause and is not linked with plaintiffs' claimed First Amendment rights. Moreover, because plaintiffs have tied this claim to their First Amendment claim, their inability to establish their First Amendment claim because they failed to speak out on a matter of public concern, precludes their ability to prevail on their selective prosecution claim.

IX.   Plaintiffs' Service of Process Was Not Proper as to the Individually Named Defendants.

Plaintiffs Opposition fails to demonstrate proper service upon Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Philippart, or Daphne King in accordance with Fed. R. Civ. P. 4.[2] Plaintiffs argue in opposition that service was proper because their professional process server was led to believe that Kia Winston was

---

[2] Director Brenda Donald Walker herein waives service and her motion to dismiss previously filed serves as her response. See Donald Walker Declaration.

9

authorized to accept service for each of these individuals.  See Plaintiffs' Opposition, Exhibit A.  Plaintiffs' affidavit by Dwayne Boston fails to state that Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Philippart, or Daphne King gave Kia Winston actual authority to accept service of process for each of them, and does not establish that Kia Winston had actual or apparent authority to accept service on behalf of these defendants.  To demonstrate apparent authority, plaintiffs must establish that the individually-named defendants made some representation that a reasonable person would perceive to acknowledge or affirm the authority of Kia Winston to accept service of process on their behalf.  Samra v. Shaheen Bus. & Inv. Group, Inc., 355 F. Supp. 2d 483, 504 (D.D.C. 2005).  The mere appearance of authority is insufficient and the agent's authority cannot be implied from the agent's position.  McLaughlin v. Fidelity Security Life Insurance, 667 A.2d 105, 106 (D.C. 1995); see also Makins v. District of Columbia, 277 F.3d 544, 553 (D.C. Cir. 2002)(federal courts look to District of Columbia law in determining "apparent authority.")

     Plaintiffs fail to identify any independent action of the individually-named defendants that caused plaintiffs to perceive that Kia Winston had authority to accept service of process for these individuals.  See Plaintiffs' Opposition, generally.  Plaintiffs' reliance on Ms. Winston's claimed representations on the day of service, and her alleged prior receipt of agency subpoenas is insufficient as a matter of law to establish actual or apparent authority to accept service of process for these agency employees in their individual capacity.  As Ms. Winston's second declaration makes clear, she has no authority to accept papers for CFSA employees unless a particular employee explicitly authorizes her to accept service.  See Exhibit B, Declaration of Kia Winston.  Further, Mr. Boston's affidavit does not indicate that Ms. Winston ever accepted service of process for any CFSA employee or even a subpoena on behalf of any of the

10

individually-named defendants. See Plaintiffs' Opposition, Affidavit of Dwayne Boston. As further illustrated by the attached exhibits, Kia Winston did not have authority to accept service of process on behalf of the individually named defendants in this Court action. See Exhibits A through E.

X.  Plaintiffs Are Not Entitled to Injunctive Relief.

Plaintiffs' claim for prospective injunctive relief should be dismissed because plaintiffs cannot privately enforce the terms of the LaShawn Order in this litigation. Assuming that plaintiffs are members of the LaShawn class, their alleged rights must be enforced in that litigation. It is well-settled that members of a class cannot seek separate equitable relief in separate proceedings. See Goff v. Menke, et al., 672 F.2d 702, 704 (8th Cir. 1982); see also Groseclose v. Dutton, 829 F.2d 581, 585 (6th Cir. 1987). As aptly stated in Groseclose, "to have two or more judicial cooks stirring the same broth in the same penal kitchen would be a recipe for chaos." Id. at 585. Accordingly, plaintiffs are not entitled to injunctive relief, and their claim fail as a matter of law.

For the foregoing reasons, the District of Columbia respectfully requests that this Honorable Court grant their Motion to Dismiss or in the alternative for Summary Judgment.

Respectfully Submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

11

_____
MATTHEW W. CASPARI [488295]
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6650; (202) 727-6295