UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLA DOE, ROBERT DOE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-1060 (RBW) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT DISTRICT OF COLUMBIA AND BRENDA DONALD WALKER'S MOTION TO STAY PROCEEDINGS**

Defendant District of Columbia and Brenda Donald Walker, by and through undersigned counsel, hereby move this Court to stay all proceedings in the case referenced above, including the parties' LCvR 16.3 meeting.  In support of this motion, the defendants state the following:

1. On or about May 27, 2005, plaintiffs filed their complaint in the United States District Court for the District of Columbia alleging various constitutional and common law claims against the District and its employees following the removal of plaintiffs' children by CFSA in October 2004.  See Complaint.  The defendants moved to dismiss the complaint and /or for summary judgment on June 22, 2005. See Docket Entry #16.  Plaintiffs filed their opposition to the motion on July 5, 2005, and the defendants filed their reply on July 12, 2005.  See Docket Entries ##18 and 20.

2. Plaintiffs' complaint raises <u>Monell</u> claims and issues arising during the <u>LaShawn</u> receivership which may be discovery intensive.  The defendants now move to stay all proceedings pending resolution of the defendants' dispositive motion.  The defendants believe that their motion will dispose of all or substantive parts of plaintiffs'

claims. This would either eliminate the need for discovery altogether or at least eliminate discovery on those areas of the complaint that lack merit.

    3.    LCvR 16.3 provides that the parties have a duty to meet and confer "within 15 days after the defendant's appearance or first filing in the form of an answer or motion." …"Any party may move to extend the deadline to a time fixed by the court on the ground that another defendant has not been served or has not yet appeared in the case, or for other sufficient reason." LCvR 16.3(a). The purpose of the meeting is to discuss discovery issues, and to prepare a discovery report. See 16.3(c); see also, 26.2. As set forth in the defendants' dispositive motion, all defendants have not been properly served with plaintiffs' summons and complaint, and on that basis, the Rule 16.3 meeting should be extended. The defendants not only request that the parties 16.3 meeting be stayed, but that discovery and all other proceedings be stayed as well.

    4.    As a matter of judicial economy and to alleviate needless work on a defendant, stays of discovery and proceedings are normally granted pending the outcome of dispositive motions. There is a preference for the trial court to decide dispositive, jurisdictional motions before proceeding with discovery as a means of minimizing the cost and expense of time commonly associated with discovery. This policy recognizes that such an expense may well become needless should the court ultimately grant the motion. See Marra v. Papandreou, 33 F. Supp 2d 17, 20 (D.D.C. 1998); Moldea v. New York Times, 137 F.R.D. 1, 2 (D.D.C. 1990).

WHEREFORE, the defendants request the Court to grant their Motion to Stay All Proceedings in this litigation.

                    Respectfully submitted,

                    ROBERT J. SPAGNOLETTI
                    Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General, D.C.
                    Civil Litigation Division

                    __/s/_____
                    PATRICIA A. JONES [428132]
                    Chief, General Litigation Sec. IV

                    ___/s/_____
                    MATTHEW W. CASPARI [488295]
                    LEAH BROWNLEE TAYLOR [488966]
                    Assistant Attorney General
                    441 Fourth Street, N.W.
                    Sixth Floor South
                    Washington, D.C. 20001
                    (202)724-6650; (202)724-7854; (202)727-6295

<u>LCvR 7.1(m) Certificate</u>

I hereby certify that on July 20, 2005, I spoke with plaintiffs' counsel to obtain plaintiffs' consent. However, plaintiffs' counsel opposes the relief herein sought.

                    ____/s/_____
                    MATTHEW W. CASPARI [488295]
                    Assistant Attorney General, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLA DOE, ROBERT DOE, <u>et al.</u>, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 1:05-1060 (RBW) |
| | ) |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THE DISTRICT OF COLUMBIA AND BRENDA DONALD WALKER'S
MOTION TO STAY ALL PROCEEDINGS**

As support and authority for this motion, the defendants cite the following:

1. Fed. R. Civ. P. 16.3.

2. Fed. R. Civ. P. 26.

3. *Marra v. Papandreou,* 33 F. Supp 2d 17 (D.D.C. 1998).

4. *Moldea v. New York Times,* 137 F.R.D. 1 at 2 (D.D.C. 1990).

5. The equitable powers of the Court.

6. In the interest of justice and judicial economy.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, D.C.
> Civil Litigation Division
>
>
> ____/s/_____
> PATRICIA A. JONES #428132
> Chief, General Litigation Section IV

          ____/s/_____
          MATTHEW W. CASPARI [488295]
          LEAH BROWNLEE TAYLOR [488966]
          Assistant Attorney General
          Civil Litigation Division
          General Litigation Section IV
          P.O. Box 14600
          Washington, DC 20044-4600
          (202)724-6650; (202)724-7854; (202)727-6295