## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLA AND ROBERT DOE, individually, )
And as Parents and Guardians of their )
Minor children, ANNE DOE, EMMA DOE, )
OLIVER DOE, WAYNE DOE, AND )    Case No.:  05-1060 (RBW)
SARA DOE, )
                         )
       Plaintiffs, )
                         )
       v. )
                         )
DISTRICT OF COLUMBIA, *et al.,* )
                         )
       Defendants. )
_____ )

### DEFENDANTS DISTRICT OF COLUMBIA,[1] BRENDA DONALD WALKER, TERRI THOMPSON MALLETT, AND DAPHNE KING'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendants District of Columbia Brenda Donald Walker, Terri Thompson Mallet, and Daphne King, by and through counsel, herein respond to plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against these defendants upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, these defendants respond in like-numbered paragraphs as follows:

---

[1] The District herein amends its Answer filed on July 5, 2005, at docket entry #19.  The filing of this Answer for the above-identified defendants converts their Motion to Dismiss to a Motion for Judgment on the Pleadings pursuant to Fed. Civ. P. R. 12(c).

1.    The allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, defendants admit that plaintiffs have filed claims pursuant to the Constitution of the United States, particularly the First, Fifth, Ninth, and Fourteenth Amendments, the laws of the United States, under 42 U.S.C. §§ 1983, 1985, and 1988, and the laws of the District of Columbia.  These defendants deny that plaintiffs have set forth viable claims, or that they are entitled to injunctive relief.

2.    The defendants admit that 28 U.S.C. §§ 1331 and 1343(a) and (b) provides this Court with federal question jurisdiction, and 28 U.S.C. §§ 1367(a) provides this Court with supplemental jurisdiction.  These defendants deny that plaintiffs have set forth viable claims under the cited statutory authorities and that this Court should not assert supplemental jurisdiction over plaintiffs' state laws claims as dismissal of their constitutional claims is appropriate.

3.    The defendants admit that venue is proper if all events took place in Washington, D.C. as alleged.

4.    The averment set forth in paragraph 4 of the Complaint does not require a response by these defendants.

5.–6.   The defendants admit that according to its records Robert and Carla Doe are adult residents of the District of Columbia and the legal parents and guardians of the named children, and that according to its records the children's ages are listed appropriately.

7.    The defendants admit the averments in paragraph 7 of the Complaint.

8.    The defendants admit that in CFSA became a cabinet level agency in 2001. The defendants further admit that CFSA provides services to promote the safety and well-

being of children and families residing in the District of Columbia. Defendants further admit that CFSA is subject to the ongoing jurisdiction of the U.S. District Court pursuant to the LaShawn litigation. Lastly, the defendants admit that LaShawn imposes requirements on CFSA as outlined in the consent decree and implementation plan. The remaining allegations in paragraph 8 are legal conclusions to which no response is required.

9.      The defendants admit that Brenda Donald Walker is the current Director of CFSA, that she manages CFSA and that plaintiffs purport to sue her in her official and individual capacity. The defendants deny the remaining allegations.

10.     The defendants deny that Sarah Maxwell is an employee and serves in upper management at CFSA as a Deputy Director. The defendants admit that plaintiffs purport to sue Ms. Maxwell in her official and individual capacity.

11.     The defendants admit that Sandra Jackson is an employee of the District and serves in management at CFSA. The defendants admit further that Sandra Jackson is an administrator for adoption and foster care. The defendants admit that plaintiffs purport to sue Ms. Jackson in her official and individual capacity.

12.     The defendants admit that defendant Heather Stowe is an employee of the District, serves in management at CFSA, and is the Administrator for Intakes and Investigations. The defendants admit that plaintiffs purport to sue Ms. Stowe in her official and individual capacity.

13.     The defendants deny that Terri Thompson Mallet is an employee of the District and that she is General Counsel for CFSA. The defendants admit that plaintiffs purport to sue Ms. Mallett in her official and individual capacity.

14.-15. The defendants admit that Daphne King and Rebekah Philippart are social workers at CFSA.  The defendants admit that plaintiffs purport to sue Ms. Philippart and Ms. King in their official and individual capacities.

## FACTS COMMON TO ALL COUNTS

16.     The defendants admit that Robert and Carla Doe are adoptive parents and that they adopted four children through the foster care system in the District.  These defendants lack sufficient information to admit or deny the remaining allegations asserted in paragraph 16.

17.     The defendants admit the allegations asserted in paragraph 17 of the Complaint.

18.     The defendants lack sufficient information to admit or deny the allegations asserted in paragraph 18 of the Complaint.

19.     This defendants deny the allegations set forth in paragraph 19 of the Complaint.

20.     The defendants admit that the District Court in LaShawn issued an opinion on or about April 18, 1991, and that the Court found deficiencies in certain aspects of the Department of Human Services' foster care system.  The defendants are without sufficient information to admit or deny the remaining allegations.

21.     The defendants admit that the LaShawn order includes the language as alleged in paragraph 21.

22.     The defendants lack sufficient information at this time to either admit or deny the allegations asserted in paragraph 22.  Further answering, the records speak for themselves.

23.     The defendants admit that on or about August 27, 1991, the District Court issued a remedial Order in LaShawn.

24.     The defendants lack sufficient information at this time to admit or deny the allegations asserted in paragraph 24.  To the extent a response is required, the defendants deny the allegations.

25.-31. The defendants lack sufficient information at this time to admit or deny the averments set forth in paragraphs 25 through 31.   To the extent an answer is required, the defendants deny the allegations.

32.     The defendants admit the allegations in paragraph 32.

33-35.  The defendants lack sufficient information to admit or deny the allegations in paragraphs 33 through 35.   To the extent an answer is required, the defendants deny the allegations.

36.     The defendants admit that the LaShawn Court imposed a general receivership by order dated May 22, 1995, and the Court's rationale was that DHS had not complied with the Court's remedial order.

37.-41. The defendants lack sufficient information to admit or deny the allegations in paragraphs 37 through 41.  To the extent an answer is required, the defendants deny the allegations.

42.-43.  The defendants admit the allegations in paragraph 42-43.

44.–51.  The defendants lack sufficient information to admit or deny the allegations in paragraphs 44 through 51.  To the extent an answer is required, the defendants deny the allegations.

52.     The defendants admit that Carla and Robert Doe filed an adoption petition in the D.C. Superior Court.  The defendants lack sufficient information to admit or deny the remaining allegations in paragraph 52.

53.     The defendants lack sufficient information to admit or deny the allegations in paragraph 53.  To the extent an answer is required, the defendants deny the allegations.

54.  The defendants admit the allegations in paragraph 54.

55.-64. The defendants lack sufficient information to admit or deny the allegations asserted in paragraphs 55 through 64.  To the extent an answer is required, the defendants deny the allegations.

65.     The defendants admit that plaintiffs Robert and Carla Doe hand delivered a letter to CFSA on September 27, 2004.  The defendants lack sufficient information to admit or deny the remaining allegations in paragraph 65.  To the extent an answer is required, the defendants deny the allegations.

66.     The defendants admit that plaintiffs Robert and Carla Doe hand delivered a letter to CFSA on September 27, 2004 but deny the alleged characterizations of its contents. Further answering, the defendants lack sufficient information to either admit or deny the remaining allegations asserted in paragraph 66 of the Complaint.

67.     The defendants lack sufficient information to admit or deny the allegations asserted in paragraph 67.

68.     The defendants admit that Robert and Carla Doe stated in their September 27, 2004, letter to CFSA that Wayne and Sara had been physically and emotional abused by their foster family and had been horrendously sexually abused by their birth mother and/or other adults.  Defendants lack sufficient information to admit or deny the remaining allegations asserted in paragraph 68 of the Complaint.  To the extent a response is required, the defendants deny the remaining allegations.

69.-71. Defendants admit the September 27, 2004, letter contains the information asserted in paragraphs 69-71.

72.    Defendants admit that a meeting was held on October 1, 2004, between Sandra Jackson, Dr. Campfield, Dr. Williams, Sharon Knight, plaintiffs and two of the childrens' therapists.  Defendants deny the remaining averments and characterizations.

73.    Defendants admit that the meeting was cordial and that the CFSA representatives represented to plaintiffs that they would look at all issues and analyze the facts to determine how, if at all, CFSA might be able to assist.  Further answering, the defendants deny the remaining averments and characterizations.

74.    Defendants admit that the childrens' therapists sent diagnostic summaries containing recommendations and assessments to CFSA via facsimile on October 3, 2004. Defendants further admit the alleged recommendations but deny that their summaries were necessarily important, strong or in accord with standard therapeutic practice.

75.    Defendants admit that CFSA recommended that Wayne and Sara be removed from the home and recommended a voluntary placement agreement for Wayne and Sara which would place Wayne and Sara in CFSA's care for up to sixty days.  Defendants further admit that Robert Doe indicated he would get back with the agency.  Defendants deny the remaining characterizations or averments.

76.    The defendants admit that on or about October 7, 2004, CFSA investigative social worker Delores Williams visited plaintiffs home, but deny that Ms. Williams was allowed to speak with plaintiffs' older biological daughter Emma or any of the other children regarding the abuse allegations or that Ms. Williams was apprised of the full extent of the sexual abuse occurring under the Does' supervision.  Defendants admit that plaintiffs told

Ms. Williams that they notified the childrens' school, placed an alarm on Oliver's bedroom door, and were maintaining Wayne and Sara outside the home. Defendants deny the remaining averments.

77.    Defendants admit that entries were made in the FACES database regarding the October 7, 2004, visit by Ms. Williams, but deny the remaining characterizations and averments.

78.    Defendants admit that the cited portions of the report contains the language as alleged.

79.    Defendants admit that plaintiffs faxed a letter dated October 14, 2004, and that plaintiffs asked CFSA to reconsider its proposal. Defendants further admit that plaintiffs' plan also entailed Wayne and Sara's continued removal from the Does' home but deny that plaintiffs request was in anyway appropriate, "very good" or authorized under District of Columbia law or regulation. Defendants deny the remaining characterizations and averments.

80.    Defendants admit that Ann and Oliver were brought in by Robert and Carla Doe and were interviewed on October 15, 2004, by the Children's Advocacy Center at the request of CFSA and that Detective Goldring, Ms. Williams and Assistant Attorney General Kutz were in attendance.

81.    Defendants lack sufficient information at this time to admit or deny the allegations in paragraph 81. To the extent an answer is required, the defendants deny the allegations.

82.    Defendants admit that the Does signed medical release forms for Ann and Oliver on October 15, 2004. Defendants lack sufficient information at this time to admit or deny

the allegations in paragraph 82.  Further answering, defendants deny that the Does were ever subject to duress.

83.    Defendants admit that Ms. Jackson and Robert Doe spoke on October 19, 2004. These defendants lack sufficient information at this time to admit or deny the remaining allegations in paragraph 83.  To the extent a response is required, these defendants deny the allegations.

84.    Defendants admit that on October 19, 2004, CFSA contacted Robert and Carla Doe to discuss a voluntary placement arrangement pending an investigation, and that plaintiffs requested time to consider the proposal.  Further answering, defendants deny the remaining averments and characterizations asserted in paragraph 84.

85.    The defendants deny the allegations in paragraph 85 of the Complaint.

86.    Defendants admit receiving a telephone call from Harvey Schweitzer and that CFSA discussed CFSA's proposal.  Defendants deny the remaining averments as asserted in paragraph 86.

87.-88. Defendants deny the allegations asserted in paragraph 87 through 88.

89.    Defendants admit that CFSA approved Carla Doe's mother as an emergency placement.  The remaining allegations in paragraph 89 are the conclusions of the pleader to which no response is required.  To the extent a response is required, the defendants deny the allegations.

90.    Defendants admit that CFSA sought to remove all four adopted children from the Doe household, and that plaintiffs refused to allow Oliver to be placed in voluntary placement.  These defendants further admit that discussions broke down between the parties.  Defendants deny the remaining allegations in paragraph 90.

91.    Defendants deny the allegations in paragraph 91.

92.    Defendants admit that plaintiffs agreed to make Ann and Oliver available for CFSA on October 20, 2004. Defendants deny the remaining averments.

93.    Defendants admit that Daphne King and Rebekah Philippart arrived at plaintiffs' home on October 20, 2004, at 9:00 p.m. pursuant to prior arrangement with plaintiffs and removed Ann and Oliver. The defendants lack sufficient knowledge at this time to admit or deny the remaining allegations in paragraph 93.

94.-96. Defendants deny the allegations in paragraph 94 through 96.

97.    Defendants admit that CFSA removed Oliver and Ann but deny the remaining allegations in paragraph 97.

98.    These defendants lack sufficient information to either admit or deny the allegations in paragraph 98. To the extent a response is required, these defendants deny the allegations.

99.    Defendants admit that CFSA removed Sara from Carla Doe's mother's home and took her to a foster home. Defendants deny the remaining averments in paragraph 99.

100.   Defendants admit that CFSA removed Ann, Oliver, and Sara, as a result of the sexual abuse investigation and that the children received a medical examination upon their removal. Defendants admit that Oliver and Sara were placed in undisclosed foster homes and that Ann was placed with Carla Doe's mother. Defendants deny the remaining averments.

101-106.    Defendants deny the allegations in paragraphs 101 through 106.

107.   The defendants admit that the case was "no papered" at court on October 21, 2004, that none of the individual defendants were present at court, and that the District of

Columbia was represented by an Assistant Attorney General.  Defendants deny the remaining allegations in paragraph 107.

108.    The defendants admit that Brenda Donald Walker is the Director of CFSA, but deny the remaining allegations in paragraph 108.

109.-110.        The defendants deny the allegations in paragraphs 109 through 110.

111.    The defendants admit that Sandra Jackson is the administrator of CFSA's Adoption and Foster Care Administration.  The remaining allegations in paragraph 111 are the legal conclusions of the pleader to which no response is required. To the extent that a response is required, these defendants deny the allegations and demand strict proof thereof.

112.    The defendants admit that Heather Stowe is the administrator for Intakes and Investigations for CFSA.  The remaining allegations in paragraph 112 are the legal conclusions of the pleader to which no response is required.  To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

113.    The defendants admit that Oliver was returned to his parents following the October 21, hearing and that CFSA facilitated the return.  Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 113.  To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

114.    The defendants admit that plaintiffs agreed to voluntarily place Sara Doe in a therapeutic foster home.  Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 114.  To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

115.-116.    Defendants admit that AAG Kutz signed an affidavit and request for custody order for Sara Doe and Wayne Doe on October 22, 2004, and that they were charged with fondling and touching the genitals of their younger siblings which constituted Second Degree Child Sex Abuse and that the District of Columbia Superior Court Judge signed a custody order.  The remaining allegations are the conclusions of the pleader to which no response is required.  To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

117.    The defendants admit that Mable Boler took Sara Doe for a medical examination on or about October 27, 2004, at Children's Hospital.  Defendants are without sufficient information to admit or deny the remaining averments.  To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

118.    The defendants admit that Mable Boler took Sara Doe for a medical examination on or about October 27, 2004, at Children's Hospital.  Defendants are without sufficient information to admit or deny the remaining averments.  To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

119.    Defendants admit that following the Children's Hospital medical examination, Ms. Boler returned Sara Doe to her foster parent.  Defendants are without sufficient information to admit or deny the remaining averments.  To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

120.    The defendants deny the allegations in paragraph 120.

121.    The defendants admit the allegations in paragraph 121.

122.    Defendants are without sufficient information to admit or deny the allegations in paragraph 122.

123.    Defendants admit that following Sara and Wayne's cases, they were released to their respective foster care placements.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 123.

124.    Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 124.

125.    Defendants admit that Sara and Wayne were placed in custody.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 125.  To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

126.    The defendants deny the allegations in paragraph 126 of the Complaint.

<u>Violations of Plaintiffs' Rights Under the U.S. Constitution<br>Pursuant to 42 U.S.C. §§ 1983, 1985</u>

Count I

127.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 126 of the Complaint as if fully set forth herein.

128.    The defendants deny the allegations in paragraph 128 of the Complaint.

Count II

129.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 128 of the Complaint as if fully set forth herein.

130.    The defendants deny the allegations in paragraph 130 of the Complaint.

Count III

131.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 130 of the Complaint as if fully set forth herein.

132.    The defendants deny the allegations in paragraph 132 of the Complaint.

Count IV

133.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 132 of the Complaint as if fully set forth herein.

134.    The defendants deny the allegations in paragraph 134 of the Complaint.

Count V

135.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 134 of the Complaint as if fully set forth herein.

136.    The defendants deny the allegations in paragraph 136 of the Complaint.

Count VI

137.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 136 of the Complaint as if fully set forth herein.

138.    The defendants deny the allegations in paragraph 138 of the Complaint.

Count VII

139.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 139 of the Complaint as if fully set forth herein.

140.    The defendants deny the allegations in paragraph 140 of the Complaint.

Count VIII

141.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 140 of the Complaint as if fully set forth herein.

142.    The defendants deny the allegations in paragraph 142 of the Complaint.

Count IX

143.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 142 of the Complaint as if fully set forth herein.

144.    The defendants deny the allegations in paragraph 144 of the Complaint.

## Count X

145.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 144 of the Complaint as if fully set forth herein.

146.    The defendants deny the allegations in paragraph 146 of the Complaint.

## Count XI

147.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 146 of the Complaint as if fully set forth herein.

148.    The defendants deny the allegations in paragraph 148 of the Complaint.

## Count XII

149.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 148 of the Complaint as if fully set forth herein.

150.    The defendants deny the allegations in paragraph 150 of the Complaint.

## Count XIII

151.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 150 of the Complaint as if fully set forth herein.

152.    The defendants deny the allegations in paragraph 152 of the Complaint.

## Count XIV

153.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 152 of the Complaint as if fully set forth herein.

154.    The defendants deny the allegations in paragraph 154 of the Complaint.

## Count XV

155.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 154 of the Complaint as if fully set forth herein.

156.    The defendants deny the allegations in paragraph 156 of the Complaint.

Count XVI

157.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 156 of the Complaint as if fully set forth herein.

158.    The defendants deny the allegations in paragraph 158 of the Complaint.

Count XVII

159.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 158 of the Complaint as if fully set forth herein.

160.    The defendants deny the allegations in paragraph 160 of the Complaint.

Count XVIII

161.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 160 of the Complaint as if fully set forth herein.

162.    The defendants deny the allegations in paragraph 162 of the Complaint.

Count XIX

163.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 162 of the Complaint as if fully set forth herein.

164.    The defendants deny the allegations in paragraph 164 of the Complaint.

Count XX

165.    The defendants reassert and incorporate their responses to the allegations contained in paragraphs 1 through 164 of the Complaint as if fully set forth herein.

166.    The defendants deny the allegations in paragraph 166 of the Complaint.

Count XXI

167.    The defendants reassert and incorporate their responses to the allegations

contained in paragraphs 1 through 166 of the Complaint as if fully set forth herein.

168.    The defendants deny the allegations in paragraph 168 of the Complaint.

Count XXII

169.    The defendants reassert and incorporate their responses to the allegations

contained in paragraphs 1 through 168 of the Complaint as if fully set forth herein.

170.    The defendants deny that they failed to properly respond to the post-adoption

needs of the Doe family.  The remaining allegations in paragraph 170 of the Complaint

are the legal conclusions of the pleader to which no response is required.

171.    The averments contained in paragraph 171 are the conclusions of the pleader to

which no response is required. To the extent a response is required, the defendants deny

the allegations.

172.-173.   The defendants deny the allegations in paragraphs 172 and 173 of the

Complaint.

174.    The defendants admit that it has provided services to plaintiffs, and denies that

Court intervention is warranted as set forth in paragraph 174 of the Complaint.

Count XXIII

175.    The defendants reassert and incorporate their responses to the allegations

contained in paragraphs 1 through 174 of the Complaint as if fully set forth herein.

176-177.    The defendants deny the allegations contained in paragraphs 176 and 177

of the Complaint.

Further answering, the defendants deny any allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to.

### Third Defense

Plaintiffs have failed to state a constitutional claim against these defendants for which they are entitled to relief.

### Fourth Defense

The District defendants cannot conspire against themselves and therefore plaintiffs' conspiracy claim fails as a matter of law.

### Fifth Defense

The Fourteenth Amendment is not applicable to these defendants.

### Sixth Defense

The Ninth Amendment does not create a private right of action.

### Seventh Defense

The actions of these defendants were taken in good faith, and not pursuant to an unlawful or unconstitutional District custom, policy, or practice.

### Eighth Defense

Plaintiffs did not speak out on a matter of public concern.

### Ninth Defense

Plaintiffs were not denied substantive and/or procedural due process as alleged in the Complaint.

### Tenth Defense

Defendants Mallett, King and Walker are entitled to qualified immunity for their complained of conduct.

Eleventh Defense

LaShawn does not create a private right of action.

Twelfth Defense

Plaintiffs may have failed to meet the applicable statute of limitations.

Thirteenth Defense

If plaintiffs were injured and/or damaged as alleged in the Complaint said injuries and/or damages resulted from their own willful conduct.

Fourteenth Defense

If plaintiffs were injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from their own contributory negligence and/or assumption of the risk.

Fifteenth Defense

If plaintiffs were injured and/or damaged as alleged in the Complaint said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than defendant District of Columbia, its employees, agents or servants acting within the scope of their employment.

Sixteenth Defense

Plaintiffs cannot establish that these defendants or any other District employee acting in the scope of employment committed an assault and/or battery against them, and/or are liable for intentional infliction of emotional distress.

Seventeenth Defense

Plaintiffs cannot establish a serious and verifiable injury proximately caused by these defendants' actions or the actions of any District employee.

Eighteenth Defense

All actions performed by these defendants and/or any District employee acting

within the scope of their employment met or exceeded the applicable standard of care.

Nineteenth Defense

Plaintiffs may have failed to mitigate any damages that they may have incurred.

Twentieth Defense

Plaintiffs may have failed to fully comply with the mandatory notice requirements

of D.C. Official Code § 12-309 (2001 ed.).

Twenty-first Defense

Plaintiffs are not entitled to punitive damages against these defendants.

<u>Jury Demand</u>

Defendants request a trial by jury as to all triable issues.

<u>Set-off</u>

Defendant District of Columbia asserts a set-off for all funds and services

provided to plaintiffs through Medicaid, public assistance, or other sources.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/_____
LEAH BROWNLEE TAYLOR [488966]
MATTHEW CASPARI [488295]
Assistant Attorney General
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-7854; (202) 724-6650; (202) 727-6295