UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARLA DOE**, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>**THE DISTRICT OF COLUMBIA,** et al., <br><br>    Defendants. | Civil Action No. 05-01060 (TFH) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION FOR SCHEDULING CONFERENCE**

    This is a case in which the "Doe" family seeks a remedy for the reckless, unlawful and destructive conduct of the District of Columbia and its agents. The loving parents and their children were subjected to a nightmarish, Kafkaesque ordeal, through the incompetence and malice of the same Child and Family Services Agency personnel whose duty was to assist them. Government officials first induced the Does to adopt into their family of five two additional children, a brother and sister whose tragic history of abuse – unknown to the Does – made them inappropriate to live in the family structure and presented a hidden menace to the other three children. Once the foreseeable tragedy had occurred and was reported by the Does, the CFSA agents sought cover, blaming the victims for their injuries and making false, malicious and scandalous assertions against the plaintiffs. Now, the family seeks this Court's assistance to redress the injuries caused by these government servants, who so relentlessly and shamefully misused their power and abused the public trust.

    The Complaint was filed nearly a year ago, but after an initial flurry of activity, there has been no visible progress toward resolution. Plaintiffs believe that a scheduling conference could be helpful.

1. Rule 16 (a), F.R.Civ.P. provides that the Court may schedule a conference in the interest of expediting disposition of the case, enhancing case management, avoiding waste and facilitating settlement.

2. Plaintiff's recognize that defendants' dispositive motions raise questions which deserve the Court's careful attention. A conference would allow the Court and parties to identify issues for which additional briefing would be helpful.

3. While the motions have been pending, no discovery has occurred. Plaintiffs served discovery requests, but defendants filed a motion to stay, on July 21, 2005. Defendants relied in part on their argument that not all parties had been properly served, thus a conference pursuant to Local Rule 16.3 could not be held until the Court ruled on the motion challenging service. Defendants also pointed out the possibility that time spent on discovery would be wasted, to the extent their dispositive motions were granted. Judge Walton granted the motion on July 28, "staying proceedings until the Court rules on the pending motions." Ordinarily, a stay of discovery while dispositive motions are pending makes sense, but a lengthy delay creates the risk that witnesses will become unavailable and memories will fade. Therefore, plaintiffs suggest that at a scheduling conference, this Court might wish to revise the order staying all proceedings.

4. The parties and counsel would benefit from the Court's intervention, so as to expedite resolution of this tragic case. For example, if the Court is inclined to find that some of the individual defendants were not properly served,[1] plaintiffs would request that new summonses be issued and that the District of Columbia respond to discovery regarding the whereabouts of these individuals.

---

[1] An Amended Answer was filed on behalf of defendants Walker, Mallet and King. Defendants Maxwell, Jackson, and Stowe apparently still challenge service.

Wherefore, plaintiffs request that the Court hold a conference, in the interest of the orderly administration of justice in this case.

Respectfully submitted,

___/s/_____
John M. Clifford, D.C. Bar No. 191866
Clifford & Garde
1707 L Street, NW, Suite 500
Washington, D.C. 20036
Tel. 202.289.8990

Dated: May 19, 2006