## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMMA DOE, CARLA DOE, | ) | |
| ROBERT DOE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-1060 (TFH) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants District of Columbia, Mayor Adrian Fenty, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Philippart, and Daphne King (hereinafter collectively referred to as "District defendants"), by and through counsel, hereby move this Court to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because they have failed to state a claim for which they are entitled to relief.  Alternatively, defendants Maxwell, Jackson, Stowe, and Philippart move for summary judgment.  As grounds therefore, these defendants state:

1)  Defendants Maxwell, Jackson, Stowe, and Phillipart have not been properly served with plaintiffs' amended complaint, and this Court lacks personal jurisdiction over them.

2)  Plaintiffs' claims against defendant Mayor Adrian Fenty is an official-capacity lawsuit only and dismissal is appropriate.

3)  Plaintiffs have not sufficiently pled a constitutional claim against these defendants pursuant to 42 U.S.C. § 1983 under either the First, Fourth, Fifth, or Ninth Amendment and dismissal of those claims is appropriate.

4)    The individually named defendants are entitled to qualified immunity and/or enjoy a privilege for their complained about conduct.

5)    Plaintiffs' conspiracy claim fails as a matter of law.

6)    Plaintiff Emma Doe cannot maintain a cause of action against these defendants because the Amended Complaint does not satisfy Fed. P. Civ. R. 8 or 9.

7)    This Court should not assert supplemental jurisdiction over plaintiffs' state law claims.

In support of this Motion, these defendants have attached and incorporated hereto a Memorandum of Points and Authorities.

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


___\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


___\s_____
MICHAEL P. BRUCKHEIM [455192]
ZUBERI WILLIAMS[1]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-724-6650;202-727-6295
E-mail:Michael.bruckheim@dc.gov;
zuberi.williams@dc.gov

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EMMA DOE, CARLA DOE, | ) | |
| ROBERT DOE , *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-1060 (TFH) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

I. Statement of Facts

On or about May 25, 2005, plaintiffs Carla and Robert Doe, individually and on behalf of

Emma, Ann, Oliver, Sara and Wayne Doe, filed a complaint against defendants Mayor Anthony

Williams, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri

Thompson Mallet, Rebekah Philippart, Daphne King, and the District of Columbia, alleging

various constitutional and common law claims against them. *See* Docket Entry #3.

On June 21, 2005, plaintiffs filed a return of service affidavits purporting to serve the

individually named defendants, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson,

Heather Stowe, Rebekah Philippart, and Daphne King, by serving a law clerk, Kia Winston, at

the Office of the General Counsel for CFSA. *See* Return of Service Affidavits dated June 21,

2002, at docket entries ## 5, 6, 8, 9, 10, 11 & 12. Kia Winston is not an authorized agent to

accept service of process for these individually-named defendants, and she so instructed the

process server who refused to identify the nature of the documents he wanted Ms. Winston to accept.    *See* Exhibit A, Affidavit.

On December 14, 2007, plaintiffs Emma, Robert and Carla Doe, individually and on behalf of Ann and Oliver Doe, filed a 24-count amended complaint against the District of Columbia, Mayor Adrian Fenty, Terri Thompson Mallet, Rebekah Philippart, Daphne King, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, and Heather Stowe. *See* Docket Entry # 30. The crux of plaintiffs' claims concerns Child and Family Services Agency's (hereafter "CFSA") placement of Wayne and Sara Doe in their care in May 2000, and the defendants' alleged actions which purportedly caused the children's removal from their care in May 2007.[2] See Amended Complaint, ¶¶ 6, 50, 153 through 221.

Plaintiffs allege that both Wayne and Sara Doe had difficulties with their new family almost from the start. See Amended Complaint, ¶ 54. During the period 2000 through 2003, plaintiffs tried different therapies for the children. See Amended Complaint, at ¶ 55. According to plaintiffs, Wayne's behavior worsened notwithstanding therapy. See Amended Complaint, at ¶¶ 56, 57. Sara's behavior also deteriorated, as "she was lying, stealing, and generally deceptive." See Amended Complaint, at ¶ 58.

Plaintiffs aver that on or about September 27, 2004, they delivered a letter to CFSA seeking emergency assistance because Wayne and Sara were causing serious family problems. See Amended Complaint, at ¶ 59. Plaintiffs admit that in that letter, they informed CFSA that Wayne and Sara had been abusive to plaintiffs' two other adoptive minor children.  See Amended Complaint, at ¶ 68

After speaking with counsel, and the children's therapists, plaintiffs Robert and Carla Doe agreed to allow CFSA to remove Ann and Oliver Doe from the home on October 20, 2004.

---

[2] Wayne and Sara's adoption became final in July 2001.  See Amended Complaint, at ¶ 53.

See Amended Complaint, at ¶¶ 90, 91. The children were allegedly taken to Children's Hospital and subjected to physical examinations. See Amended Complaint, at ¶ 99.

Plaintiffs Robert and Carla Doe further aver that on October 21, 2004, the defendants filed Complaints against them in the Superior Court for the District of Columbia. The Complaints were no papered on October 22, 2004. See Amended Complaint, at ¶ 106. Plaintiffs aver that on May 4, and May 7, 2007, they sent letters to defendants raising concerns they had about "baseless allegations made against them at a May 2, 2007, meeting. They also raised concerns about DYRS' failure to participate in Sara Doe's scheduled team meeting, and Sara's sudden decision to stop attending therapy." See Amended Complaint, at ¶¶ 141, 142.

Plaintiffs have filed this lawsuit and seek damages from the herein named defendants pursuant 42 U.S.C. §§ 1983 and 1985, and under the First, Fourth, Fifth, and Ninth Amendments of the Constitution.[3] Plaintiffs Robert and Carla Doe aver that they engaged in protected speech when they raised concerns regarding CFSA's failure to assess Wayne and Sara Doe prior to their adoption, and the need for comprehensive post-adoption services and support. See Amended Complaint, at ¶¶ 169, 170. Throughout the body of their Amended Complaint, plaintiffs concede that the defendants paid for various services and support for both Wayne and Sara Doe. See Amended Complaint, at ¶¶ 56, 112, 113, and 131. Plaintiffs further aver that Ann and Oliver's Fourth Amendment rights were violated by these defendants when they threatened to remove and then removed them from their home in violation of D.C. Official Code § 16-2309(a). See Amended Complaint, at ¶ 173. However, plaintiffs acknowledge that this action was not taken until after CFSA was notified of Ann and Oliver's abuse at their home by Wayne and Sara Doe. See Amended Complaint, at ¶¶ 63-92.

---

[3] Plaintiffs Wayne and Sara Doe were removed as party plaintiffs as they are no longer in the care and custody of Robert and Carla Doe. Former Mayor Anthony Williams was dismissed as a party defendant.

Plaintiffs contend that the removal of Ann and Oliver from the Doe home was also in violation of the Fifth Amendment.  See Amended Complaint, at ¶ 176.  Plaintiffs further aver that these defendants violated their right to privacy under the Ninth Amendment of the Constitution.  See Amended Complaint, at ¶ 179.  Lastly, plaintiffs aver that the defendants conspired to violate their constitutional rights when they sought to arrest and prosecute Wayne and Sara Doe.  See Amended Complaint, at ¶ 182.

Plaintiffs' Amended Complaint contains no specific allegations as it relates to Emma Doe.  See Amended Complaint, generally.

As set forth below, all plaintiffs' claims against the herein named defendants must be dismissed as a matter of law.

## II. Argument

A.    Standards for Dismissal.

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief.  The determination of whether a dismissal is proper must be made on the face of the pleadings alone.  *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).  A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65.  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at

the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

*See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

B.    Standard for Summary Judgment

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993). Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id.*

C.    Plaintiffs' Failure to Properly Serve the Individually-Named Defendants Maxwell,
Jackson, Stowe and Phillipart Requires Dismissal of this Court Action Against Them.

Fed. R. Civ. P. 4(e)(2) provides that service may be made upon an individual by doing any of the following:

(A)   delivering a copy of the summons and of the complaint to the individual personally;
(B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

On June 21, 2005, plaintiffs filed a return of service affidavits purporting to serve the individually named defendants, Sarah Maxwell, Sandra Jackson, Heather Stowe, and Rebekah Philippart, by serving a law clerk, Kia Winston, at the Office of the General Counsel for CFSA.

See Return of Service Affidavits dated June 21, 2002. However, Kia Winston is not an authorized agent to accept service of process for these individually-named defendants. See Exhibit A, ¶ 5. Ms. Winston indicates in her declaration that the process server refused to disclose what type of documents he wanted her to sign for and that she clearly told the process server that legal documents have to be served on the individual employees. Exhibit A, ¶ 4-5. Nevertheless, the process server chose to leave the documents with Ms. Winston.

To demonstrate apparent authority, plaintiffs must establish that the individually-named defendants made some representation that a reasonable person would perceive to acknowledge or affirm the authority of Kia Winston to accept service of process on their behalf. *See Samra v. Shaheen Bus. & Inv. Group, Inc.*, 355 F. Supp. 2d 483, 504 (D.D.C. 2005). The mere appearance of authority is insufficient and the agent's authority cannot be implied from the agent's position. *McLaughlin v. Fidelity Security Life Insurance*, 667 A.2d 105, 106 (D.C. 1995); *see also*, *Makins v. District of Columbia,* 277 F.3d 544, 553 (D.C. Cir. 2002)(federal courts look to District of Columbia law in determining "apparent authority."). Plaintiffs cannot identify any independent action of the individually-named defendants that caused plaintiffs to perceive that Kia Winston had authority to accept service of process for them.

On December 14, 2007, plaintiffs amended their complaint against these defendants, and still have not properly served them. The individual defendants are entitled to personal service pursuant to Fed. R. Civ. P. 4 and do not lose that right simply by being District employees. Accordingly, they should be dismissed from this action because this Court lacks jurisdiction over these defendants.

E.     The Claims Against Defendant Mayor Adrian Fenty in His Official Capacity Should Be Dismissed As Duplicative.

Plaintiffs have sued defendant Mayor Adrian Fenty in his official capacity only.  See Amended Complaint, ¶ 7.  There are no allegations within the Amended Complaint that he had personal knowledge about the claims set forth in therein or that he condoned any conduct by the named defendants.  See Amended Complaint, generally.  It is well settled that a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *See Will v. United States*, 491 U.S. 58, 71 (1989*), citing Brandon v. Holt*, 468 U.S. 464 (1985).   *See also, Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 (D.D.C. 2005)(Mayor Williams dismissed from suit when named only in his official capacity); *Arnold v. Moore,* 980 F. Supp. 28 (D.D.C. 1997) (dismissing District officials sued in their official capacity).

The U.S. Supreme Court has ruled upon the issue of official-capacity suits.  The Court has held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent."  [Citation omitted.]  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  [Citation omitted.]  ...the real party in interest is the entity.  Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*See Kentucky v. Graham*, 473 U.S. 159 (1985).   Since the suit against defendant Mayor Fenty in his official capacity is deemed a suit against the District of Columbia, and the District is already a party to this action, defendant Mayor Fenty should be summarily dismissed.

F.    Plaintiffs' Constitutional Claims Fails Against All Defendants

Plaintiffs have failed to sufficiently plead liability as against the District and/or its

employees in their Amended Complaint under either the First, Fourth, Fifth, or Ninth

Amendments.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), and its

progeny have specifically identified the pleading requirements for municipal liability for § 1983

actions.  According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury
> inflicted solely by its employees or agents. Instead, it is when
> execution of a government's policy or custom … inflicts the injury
> that the government as an entity is responsible under § 1983."

"A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal

'policy' or 'custom' that caused the plaintiff's injury."  *Board of the County Commissioners of*

*Bryan County v. Brown*, 520 U.S. 397, 403 (1997).  The Supreme Court further held in *City of*

*Oklahoma City v. Tuttle,* 471 U.S. 808, 824 (1985) that, "at the very least there must be an

affirmative link between the policy and the particular constitutional violation alleged."

*Oklahoma City,* 471 U.S. at 824.  The *Oklahoma City* decision interpreted *Monell* as holding that

"municipal liability should not be imposed <u>when the municipality was not itself at fault</u>."  *Id.* at

818 (emphasis added).

Although there is no heightened pleading requirement, a § 1983 complaint must allege

that an established municipal policy or custom caused the constitutional violation at issue.

*Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of*

*Columbia,* 829 F.2d 69, 77 (D.C. Cir. 1987).  A complaint that does not allege such a policy or

custom fails to allege a necessary element of liability under § 1983, and that claim must be

dismissed.  *Dant,* 829 F.2d at 76.  In an effort to satisfy *Monell's* requirement against the District,

plaintiffs allege that the District of Columbia acted with deliberate indifference towards their

constitutional rights in that it failed to: (a) properly train its employees; (b) properly supervise its

employees; and (c) failed to protect them from harm. See Amended Complaint, at ¶ 156.  With

respect to the individually named defendants, plaintiffs aver that defendants Walker, Maxwell,

Jackson, Mallet, and Stowe acted with deliberate indifference towards the constitutional rights of

all plaintiffs when they unlawfully threatened and conspired to remove and then removed plaintiffs

Ann, and Oliver from their homes. See Amended Complaint, at ¶ 160.  While plaintiffs have

used the necessary buzz words for municipal liability, as set forth below, their claims fail as a

matter of law because they have failed to identify the constitutional misconduct with specificity,

and/or provide the necessary linkage between the claimed constitutional misconduct and their

alleged injuries under either the First, Fourth, Fifth, and/or Ninth Amendments.

      1.     <u>Plaintiffs' First Amendment Claims Fail As A Matter of Law Against All Named
Defendants.</u>

According to the First Amendment, "Congress shall make no law . . . abridging the

freedom of speech." *See Morse v. Frederick,* 127 S. Ct. 2618, (2007).  However, "there are certain

well-defined and narrowly limited classes of speech, the prevention and punishment of which have

never been thought to raise any Constitutional problem." *Id., citing Chaplinsky v. New Hampshire,*

315 U.S. 568, 571-572 (1942); *Fox v. Louisiana,* 379 U.S. 536, 554 (1965).  *See also, Van Deelen
v. Shawnee Mission Unified School District,* 316 F.Supp. 2d 1052, 1059 (D.C. KA 2004)("[t]he

Tenth Circuit requires that, in order for speech to be protected, it must touch upon a matter of

public concern."); *see also, Rathjen v. Litchfield,* 878 F.2d 836 (5th Cir. 1989).

Plaintiffs aver that they petitioned the District of Columbia for assistance "as CFSA is

required to provide to adoptive families."  According to plaintiffs, "in response to [their] requests

for assistance, the District and individual defendants Walker, Maxwell, Mallett, Jackson, Stowe,

and others whom they directed, retaliated against [them]" in violation of their First Amendment

Rights. *See* Amended Complaint, at ¶¶ 166-170. Moreover, plaintiffs aver that "when they raised concerns to defendant District of Columbia, through CFSA, regarding the failure of the agency to properly assess the minor child Sara Doe and Wayne Doe prior to their adoption and the need for comprehensive post-adoption services and support … [the District defendants] and others whom they directed, retaliated against [them]. *Id.* Plaintiffs have not set forth viable First Amendment claims against the named defendants. It is clear from plaintiffs' amended complaint that their requests to CFSA were private requests for assistance (i.e. money) to address the emotional needs of their children while under their care and supervision. See Amended Complaint, at ¶¶ 64-70. Accordingly, plaintiffs' private complaints and grievances are not "constitutionally protected activity" for purposes of a First Amendment retaliation claim, and dismissal is appropriate.

Other than make conclusory statements, plaintiffs fail to show a nexus between their alleged First Amendment speech and any action taken by defendants. In fact, as shown in their Amended Complaint, CFSA repeatedly provided plaintiffs with assistance. See Amended Complaint, at ¶¶ 56, 112, and 113. Based on the facts as set forth in plaintiffs' Amended Complaint, that is, plaintiffs Robert and Carla Doe reported to CFSA that the children had been sexually abused by their siblings, these defendants had a good faith basis for conducting the complained about investigations, and for removal of the children from the Doe household. Rule 12(b)(6) requires a plaintiff to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp.,* 127 S.Ct. at 1974. Plaintiffs have failed to plead sufficient facts in their Amended Complaint to overcome dismissal of their First Amendment claims as a matter of law.

2.     Plaintiffs Have Failed to Set Forth A Viable Fourth Amendment Claim Against All Named Defendants.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures . . . ." *See* U.S. CONST., amend. IV.   Plaintiffs aver that these defendants violated Ann and Oliver's Fourth Amendment rights when "they unlawfully threatened to remove and then removed [them] from their homes.[4] See Amended Complaint, at ¶ 176.  The allegations set forth in plaintiffs' Amended Complaint, even viewed in a light most favorable to them, fail to set forth a viable Fourth Amendment claim against the named defendants. See Amended Complaint, generally.

Under the Fourth Amendment, if probable cause exists to effect a seizure, then no liability can be found under 42 U.S.C. § 1983.  *See Saidi v. Washington Metropolitan Area Transit Authority*, 928 F. Supp. 21, 28 (D.D.C. 1996).  In this case, plaintiffs admit that they personally sought assistance from CFSA that was prompted by serious problems within the family caused by Wayne and Sara Doe. See Amended Complaint, at ¶ 64.  They admit that they notified the District defendants "that Wayne and Sara Doe revealed that they had been abusive to the Doe's two younger children, Ann and Oliver Doe," …and "that the revelations … traumatized the entire family." See Amended Complaint, at ¶¶ 68 and 69.   According to the Amended Complaint, these defendants did not take any action to remove either Ann or Oliver from the home until after these revelations were made known to these defendants.  See Amended Complaint, generally.

Plaintiffs concede that they brought Ann and Oliver Doe to be interviewed at the Safe Shores Children's Advocacy Center…[and that] [p]ersons in attendance were Metropolitan Police Department Detective James L. Goldring, CFSA Social Worker Delores Williams, and Assistant

---

[4] Sara Doe is no longer a party plaintiff in this litigation, and is not entitled to any relief herein.

Attorney General ("AAG") Alexandra Kutz." See Amended Complaint, at ¶ 79.   Medical

information was also collected from Ann and Oliver Doe as a result of the revelations made

known to these defendants.  See Amended Complaint, at ¶ 81. Plaintiffs were notified that

juvenile law enforcement officials were now involved in Wayne and Sara's case. See Amended

Complaint, at ¶ 82.

Plaintiffs aver that on October 20, 2004, they agreed to the removal of Ann and Oliver

Doe from their homes.[5]  See Amended Complaint, at ¶¶ 91-92.  Against this background,

plaintiffs' claims are insufficient to set forth a viable Fourth Amendment violation against these

named defendants because probable cause existed for these defendants' actions.  Therefore,

dismissal of Ann and Oliver Doe's Fourth Amendment claims are appropriate.

    3.    <u>Plaintiffs' Fifth Amendment Claims Must Be Dismissed.</u>

        a.    Plaintiffs' Substantive and Procedural Due Process Claims
              Lack Merit.

Plaintiffs further aver that their substantive and procedural due process rights under the

Fifth Amendment were violated and proximately caused them injury.  See Amended Complaint,

at ¶ 163.  Plaintiffs' have failed to set forth meritorious claims under the Fifth Amendment based

on any violation of their substantive and/or procedural due process rights.  As the U.S. Supreme

Court states in *Zimmerman v. Burch,* 494 U.S. 113, 125-26 (1990).

> [First], the Due Process Clause contains a substantive component that
> bars certain arbitrary, wrongful government actions "regardless of the fairness
> of the procedures used to implement them." *Daniels v. Williams,* 474 U.S.
> [327, 331 (1986)]. As to [this type of claim], the constitutional violation
> actionable under § 1983 is complete when the wrongful action is taken. . . . A
> plaintiff . . . may invoke § 1983 regardless of any state-tort remedy that might
> be available to compensate him for the deprivation of these rights.

---

[5] Although plaintiffs claim that the decision to allow the removal of their children from their home was due to duress
and the threat of arrest, they acknowledge that they sought legal assistance/guidance prior to consenting to the
removal of the children from their home.  See Amended Complaint, at ¶¶ 90-91.

Plaintiffs aver that the District's "persistent and widespread customs, policies and practices,
involving inadequate training and supervision, and the culture that condones or approves of
incompetent, retaliatory, or employee illegal conduct proximately caused injuries to [them.]"
See Amended Complaint, ¶ 175.  According to plaintiffs, the District defendants "acted with
deliberate indifference toward [their] constitutional rights when they unlawfully threatened to
remove and then removed Ann and Oliver from their homes."  See Amended Complaint, at ¶
176.  Plaintiffs' claims are boilerplate, and generic.  They simply lack the necessary specificity to
place these defendants on notice of what constitutional rights they allegedly violated, and do not
"clearly establish" that these rights were in existence at the time of the subject incident.  *See
Butera v. District of Columbia,* 235 F.3d 637, 646 (D.C. Cir. 2001), *citing Wilson v. Layne, et
al.,* 526 U.S. 603, 615 (1999) (holding that the constitutional right asserted by Plaintiffs must be
identified at "the appropriate level of specificity" for a court to determine whether a
constitutional right was "clearly established").  Moreover, the facts as alleged by plaintiffs in
their Amended Complaint, evidence that neither their substantive nor procedural rights were
violated.  *See* Amended Complaint, generally.

In order to prevail on their substantive due process claim, plaintiffs must plead
government arbitrary or wrongful action.  *See Williams, supra.*  To meet the requirements of
their procedural due process claims, plaintiffs must show that they were denied either pre- or
post-deprivation hearings.  Plaintiffs have not met their burden.  In fact, plaintiffs have failed to
set forth any facts to support government arbitrary or wrongful action, or entitlement to a pre- or
post-deprivation hearing, and the defendants' failure to provide the required hearing.   See
Amended Complaint, generally.  Plaintiffs aver that they adopted Wayne and Sara in the year
2000, but were unaware of the emotional problems suffered by them.  Wayne and Sara Doe had

difficulties with their new family almost from the start, and underwent therapy during the period 2000 through 2003. See Amended Complaint, ¶¶ 54, 55. Despite therapy, both Wayne and Sara Does' behavior worsened while in their care and custody. See Amended Complaint, at ¶¶ 56, 57, 58. Plaintiffs aver that they repeatedly sent letters to these defendants, and they met with them repeatedly to discuss their concerns involving the children. See Amended Complaint, at ¶¶ 55, 64, 71, 74, 75, 78, 79. In response, these defendants met with them, and paid for certain requested services, including therapy. See Amended Complaint, at ¶¶ 56, 72-74. Plaintiffs Robert and Carla Doe revealed to these defendants that Ann and Oliver Doe were abused by Wayne and Sara Doe while in Robert and Carla Doe's care and custody. See Amended Complaint, at ¶ 68. It was not until then, that these defendants allegedly initiated an investigation, and took action to temporarily remove Ann and Oliver Doe from the Doe household. See Amended Complaint, at ¶¶ 68-92. A court hearing was scheduled on October 22, 2004, but the case was no papered against them.

Against this backdrop, plaintiffs' Fifth Amendment claims fail because the facts as pled do not support any claim of wrongful or arbitrary government action, nor do they evidence a lack of procedural due process afforded them.

>b.     Plaintiffs' Equal Protection Claims Under the Fifth Amendment Lack Merit.

The Equal Protection Clause provides that no state shall deny to any person within its jurisdiction the equal protection of the laws. *See* U.S. Const. amend. 14, § 2. The Fifth Amendment which is applicable in the District of Columbia, does not contain an equal protection clause, as does the Fourteenth Amendment. However, while the "equal protection of the laws" is a more explicit safeguard of prohibited unfairness than "due process of law," discrimination may be so unjustifiable as to be violative of due process. See *Bolling, et al. v. Sharpe, et al.,* 345 U.S.

497 (1954).  In this case, plaintiffs Robert and Carla allege that the District violated their equal

protection rights by terminating Wayne and Sara Doe's services on the basis of illegal animus.

See Amended Complaint ¶¶ 188-190.  Other than these conclusory allegations, plaintiffs fail to

plead any facts to support this claim.  See Amended Complaint, generally.

Within their Amended Complaint, plaintiffs allege that a First Home Care community

support worker allegedly "stated words to the effect that Wayne [Doe] found it too stressful to

have to deal with White people."  In another meeting, the same community support worker stated

words to the effect that there were "cultural differences" that effected [sic] the relationship

between Wayne and his family."  Amended Complaint, at ¶ 136.  Without more, plaintiffs cannot

proceed on their claim of unequal treatment based on race against these defendants.  The services

that were allegedly terminated were for Wayne and Sara Doe, not plaintiffs.  See Amended

Complaint, at ¶ 145.  Plaintiffs have no standing to sue on behalf of either Wayne or Sara Doe as

they no longer have custody of them.  Plaintiffs fail to allege *any* discriminatory acts or conduct

by any District officials based on their race.[6]  Plaintiffs further fail to allege any type of link

between the termination of Wayne and Sara Doe's services and the plaintiffs' race or other any

discriminatory animus.  In fact, it is undisputed that despite their race, Robert and Carla Doe

were allowed to adopt Wayne and Sara Doe. Amended Complaint, at ¶ 53.  Additionally, despite

their race, defendants provided post-adoption services to plaintiffs when they paid for therapy for

both Wayne and Sara.  Amended Complaint, at ¶¶ 56, 72-74.  While these defendants may not

have agreed to pay for any and all services requested by plaintiffs Robert and Carla Doe, they

have failed to link any non-payment for services or adverse decisions by these defendants to

plaintiffs' race.  In fact, the services for Wayne and Sara were not terminated until after the

conclusion of their criminal trial, and removal from the Doe household.  Amended Complaint, at

---

[6] The alleged comments were not made by a District employee or official.

¶ 145.  Plaintiffs' allegations are conclusory and speculative at best.[7]  Accordingly, plaintiffs'

claims under equal protection should be dismissed.

      4.      <u>Plaintiffs' Ninth Amendment Claims Against these Defendants Fail As A Matter of
Law.</u>

Plaintiffs seek to use the Ninth Amendment as a vehicle to hold the named defendants

liable under 42 U.S.C. § 1983. See Amended Complaint, at ¶¶ 179, 185. The Ninth Amendment

provides that: "[t]he enumeration in the Constitution, of certain rights, shall not be construed to

deny or disparage others retained by the people." See U.S. Const., Amend. IX. "The Ninth

Amendment is a rule of construction - not a rule that protects any specific right." *See Dawkins v.

City of Utica, et al.,* 1997 U.S. Dist. LEXIS 4608, (N.D.N.Y. 1997), citing, *Mann By Parent v.

Meachem,* 929 F. Supp. 622, 634 (N.D.N.Y. 1996) (citations omitted). Therefore, to the extent

plaintiffs are attempting to assert a claim either directly under the Ninth Amendment, or insofar

as they are relying upon an alleged Ninth Amendment violation as a basis for their **§** 1983 cause of

action, dismissal is appropriate.

      5.      <u>The Individually Named Defendants Are Entitled to Qualified Immunity.</u>

The alleged basis for plaintiffs' amended complaint is the allegedly unconstitutional

removal of Ann and Oliver Doe from their home.  Plaintiffs concede that Wayne and Sara Doe

both revealed in therapy that they had engaged in sexual contact with each other and with the

Does' other adopted children.  Amended Complaint, ¶ 63.  Plaintiffs also concede that they

revealed this information to CFSA, and that it was not until that time did these defendants take

any action to remove Ann and/or Oliver Doe from the home.  Amended Complaint, ¶¶ 68-92.

---

[7] Moreover, plaintiffs may not have standing to make this claim.  The denial of services affected Wayne and Sara Doe who are not plaintiffs in this action.  Plaintiffs Robert and Carla Doe allege that they were "forced" to give up Wayne and Sara but do not allege how or why CFSA and DYRS' inability to provide long term care affected their own ability to remain as adoptive parents.

At best, plaintiffs' allegations set forth no more than common law negligence claims. See Amended Complaint, generally. They do not rise to the level of constitutional violations for which they are entitled to relief from these defendants. Assuming *arguendo* that plaintiffs have properly pled constitutional claims against the individually named defendants, these defendants enjoy qualified immunity for their complained about conduct.  42 U.S.C.S. § 1983 gives individual governmental officers qualified immunity from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  See also, *Anderson v. Creighton*, 483 U.S. 635, 638 (l987), holding qualified immunity shields an individual officer from liability as long as his action could reasonably have been thought to be consistent with the rights they are alleged to have violated. Ordinarily, in evaluating a qualified immunity defense, the court must first determine whether the plaintiff has alleged a deprivation of constitutional right at all. See *Clarke v. City of New York, et al.,* 2001 U.S. Dist. LEXIS 11136 (August 1, 2001.)

Not only have plaintiffs failed to specifically identify any deprivation of a constitutional right, based on the factual allegations set forth in the Amended Complaint, and the information these defendants had in their possession at the time they took any action, a reasonable person in their same position would have believed that their conduct was lawful. These defendants had information that the minor children in plaintiffs Robert and Carla Doe's custody had been sexually abused. See Amended Complaint, at ¶ 68. Removal of the children from the location in which they suffered the abuse was reasonable, and these defendants cannot be held liable on plaintiffs' constitutional claims.   Accordingly, dismissal based on qualified immunity is appropriate.

G.    Plaintiffs' Conspiracy Claims Must Be Dismissed As a Matter of Law.

Plaintiffs seek to hold the District defendants liable under a theory of conspiracy pursuant to 42 U.S.C. § 1985. Plaintiffs aver that the defendants conspired to violate their rights when the defendants decided to seek their arrest and prosecute them in the juvenile system. See Amended Complaint, ¶ 182.  A civil conspiracy occurs when two or more persons acting in concert plan, attempt and/or commit an unlawful act, or to commit a lawful act by unlawful means. *See Graves v. U.S.,* 961 F. Supp. 314, 320 (D.D.C. 1997), *reconsideration denied,* 967 F. Supp. 572. "A [municipality] cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the [municipality]." *Hilliard v. Ferguson,*  30 F.3d 649, 653 (5th Cir. 1994). *See also, Hull v. Cuyahoga Valley Joint Vocational Sch. Dist.,* 926 F.2d 505 (6th Cir. 1991). In *Hull,* plaintiff alleged that the Cuyahoga School Superintendent conspired with the executive director of the district and a school administrator, all of whom were School Board employees. The court held that, as all were members of the same collective entity, the conspiracy did not involve two or more people, and plaintiff's conspiracy claimed failed as a matter of law. In addition, *see Moody v. Jefferson Parish School Board,* 803 F. Supp. 1158, 1166 (E.D.La. 1992) (holding School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, thus, are a single entity), *aff'd* 2 F.3d 604 (5th Cir.1993); *Hankins v. Dallas Indep. Sch. Dist.,* 698 F. Supp. 1323, 1330 (N.D.Tex.1988) (holding high school and its officials constitute a single entity); *Chambliss v. Foote,* 421 F. Supp. 12, 15 (E.D.La.1976) (holding "the university and its officials are considered as constituting a single legal entity which cannot conspire with itself"), *aff'd,* 562 F.2d 1015 (5th Cir.1977), *cert. denied,* 439 U.S. 839, (1978).

The general rule that a municipality cannot conspire with itself has been applied in this jurisdiction. *See Gladden v. Barry,* 558 F. Supp. 676 (D.D.C. 1983), and *Michelin v. Jenkins,* 704 F. Supp. 1 (D.D.C. 1989). Plaintiffs' averments that the District and its employees conspired with one another to violate their civil rights defeats their claims since the District and its employees and agents are a single entity that cannot conspire with itself. Consequently, plaintiffs' conspiracy claims fail as a matter of law.

H.     Plaintiffs' Punitive Damage Claim against the District Must Be Dismissed.

Plaintiffs seek punitive damages against the District of Columbia. See Amended Complaint, at ¶ 177. The law is clear in that punitive damages may not be awarded against the District. *See Finkelstein v. District of Columbia,* 593 A.2d 591, 599 (D.C. 1991) (". . . punitive damages may not be awarded against the District of Columbia") (citing *Smith v. District of Columbia,* 336 A.2d 831, 832 (D.C. 1975); *see also Ramos v. District of Columbia Dep't of Consumer and Regulatory Affairs,* 601 A.2d 1069, 1074, n.9 (D.C. 1992). *See also, Sunday Daskalea v. District of Columbia, et al.,* 227 F.3d 433; (D.C. Cir. August 8, 2000), (holding punitive damages are not available against the District of Columbia).

In *Daskalea,* plaintiff, a female inmate confined by the D.C. Department of Corrections, was repeatedly sexually harassed and abused by other inmates and prison guards. Plaintiff sued the District and one of its employees, in her official capacity, under 42 U.S.C. § 1983, for their failure to train, supervise, and/or discipline the prison guards, and for their failure to protect *Daskalea* from sexual abuse and harassment.  Uncontradicted evidence at the trial established the routine sexual abuse of women inmates by prison guards at the D.C. Jail.  While the jury awarded punitive damages against the individually named defendant sued in her official capacity and in favor of plaintiff, the Appellate Court held that the punitive damage award against the

District's employee, sued in her official capacity, constitutes a punitive damage award against the District, and is not allowed by law. A punitive damage award in this matter would be contrary to law, and dismissal is appropriate.

I.      Plaintiff Emma Doe Has Failed to Satisfy the Requirements of Rule 8 and 9 is Dismissal is Appropriate.

Fed. P. Civ. R. 8 provides that: "[a] pleading which sets forth a claim for relief, …shall contain (1) a short cnad plain statement of the grounds upon which the court's jurisdiction depends,…(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks…." Fed. P. Civ. R. 9 provides that "[f]or purposes of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Plaintiff Emma Doe is a named party plaintiff in this lawsuit. However, there are no specific claims or allegations made by her with respect to any misconduct allegedly committed by the named defendants. *See* Amended Complaint, *generally*. Because plaintiff Emma Doe has not satisfied the requirements of either Rules 8 or 9, dismissal of this action is appropriate.

J.      Plaintiffs Are Not Entitled to An Award of Punitive Damages Against The Individually-Named Defendants

Punitive damages are generally awardable to punish tortfeasors and deter similar conduct, but only where the defendant's conduct was particularly outrageous, demonstrating reckless disregard for the rights of others. Mere inadvertence or even gross negligence is insufficient. *See Rieser v. District of Columbia,* 563 F.2d 462, 481, n.10 (D.C. 1977). Plaintiffs have failed to plead any facts against any of the herein-named defendants which rise to the level of the outrageousness necessary for them to maintain a claim for punitive damages. Accordingly, plaintiffs' claim for punitive damages against these defendants must be dismissed with prejudice.

K.    Plaintiffs Are Not Entitled to Injunctive Relief

In *DC v. Partido Revolucionario Dominicano Seccional de Maryland y Virginia*, 312 F.

Supp. 2d 1, 11 (D.D.C. 2004), the United States Court for the District of Columbia declared that:

> In determining whether to enter a permanent injunction, a court considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction.

In this case, plaintiffs seek injunctive relief against these defendants.  However, they are

unlikely to be successful on the merits of their case, particularly since they have not pled viable

constitutional claims against these defendants.  See Amended Complaint, generally.  More

importantly, Robert and Carla Doe no longer have standing to seek injunctive relief against these

defendants.  These plaintiffs no longer have care and custody over Wayne and Sara Doe, and are

unable to show that they will suffer irreparable injury should an injunction not been granted.

There is an absence of any facts in this record as to why the public interests would favor granting

an injunction in this matter.  Therefore, plaintiffs' request for relief must be denied.

L.    The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiffs'
      Remaining Common Law Claims.

Plaintiffs have filed common law claims of conspiracy (Count XII),[8] assault (Count XIII),

battery (Count XIV), intentional infliction of emotional distress (Count XV); negligence (Count

XVI), misrepresentation (Count XVII), malicious prosecution and abuse of process (Count

XVIII), selective prosecution (Count XIX), defamation (Count XX), invasion of privacy (Count

XXI), negligent hiring and/or supervision (Count XXII), and violation of the Court Order in

*LaShawn A.* (Count XXIII).  Since plaintiffs have failed to properly plead any federal claims

---

[8] Defendants submit that this analysis also applies to plaintiffs' common law claim of conspiracy in Count XII of the Amended Complaint.

against the herein named defendants, this Court should dismiss any remaining common law claims for lack of supplemental jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966), holding that in those instances when federal claims are dismissed, the federal court may decline to exercise "supplemental jurisdiction" for any remaining state claims. The balance of factors to be considered by the court under the "supplemental jurisdiction doctrine" are: a) judicial economy, b) convenience, c) fairness, and d) comity. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988).

It is a well founded principle that federal courts should avoid making needless decisions concerning state law in an effort to allow the state courts to make decisions on laws well within their expertise. Moreover, when the court has not expended any resources in a case in which the federal claims have been disposed of early in the litigation, the interest of judicial economy and convenience are better served by the federal court declining to assert jurisdiction over any possible remaining state claims. *Edmondson & Gallagher v. Alban Towers Tenants Ass 'n.,* 48 F.3d 1260 (D.C. Cir. 1995).

> 28 U.S.C. § 1367(c) specifically provides as follows:
>
> [D]istrict courts may decline to exercise supplemental jurisdiction over a common law claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In this case, plaintiffs have failed to properly plead any viable federal claims, and because it is early in the litigation, this Court should decline jurisdiction over the remaining claims[9] so as to

---

[9] Plaintiffs have failed to set forth viable common law claims against these defendants.  In fact, the public duty doctrine, privilege for the complained about conduct, failure to allege outrageous conduct supported by a factual record, failure to plead severe injuries, and/or facts to support that their injuries were proximately caused by these defendants' conduct bars plaintiffs' common law claims.

promote the interests of fairness and judicial economy. Accordingly, plaintiffs' common law claims should be dismissed.

III. Conclusion

Defendants District of Columbia, Mayor Adrian Fenty, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Philippart, and Daphne King respectfully request that this Honorable Court grant their Motion to Dismiss or in the alternative for Summary Judgment and dismiss plaintiff's amended complaint for the reasons set forth above.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


\_\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


\_\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
ZUBERI WILLIAMS[10]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-724-6650;202-727-6295
E-mail:Michael.bruckheim@dc.gov;
zuberi.williams@dc.gov

---

[10] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLA DOE, ROBERT DOE , *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-1060 (RBW) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

In support of their Motion for Summary Judgment, the defendants submit the following Statement of Material Facts Not in Genuine Dispute:

1.      On June 21, 2005, plaintiffs filed a return of service affidavits purporting to serve the individually named defendants, Sarah Maxwell, Sandra Jackson, Heather Stowe, and Rebekah Philippart, by serving a law clerk, Kia Winston, at the Office of the General Counsel for CFSA. See Return of Service Affidavits dated June 21, 2002, at docket entries 6-12.

2.      Kia Winston is not an authorized agent to accept service of process for these individually-named defendants. See Winston Declaration, Exhibit A.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


___\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

   \s\
_____

MICHAEL P. BRUCKHEIM [455192]
ZUBERI WILLIAMS[11]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-724-6650;202-727-6295
E-mail:Michael.bruckheim@dc.gov;
zuberi.williams@dc.gov

---

[11] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.