UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMA DOE, CARLA DOE, ROBERT DOE, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    Civil Action No. 1:05-1060 (TFH) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants District of Columbia, Mayor Adrian Fenty, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Philippart, and Daphne King (hereinafter collectively referred to as "District defendants"), by and through counsel, hereby submit the following Reply to plaintiffs' opposition to their motion to dismiss or alternatively for summary judgment.

**I.  PLAINTIFFS MISSTATE THE STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(6).**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this

basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

Plaintiffs' reliance on the liberal pleading standard articulated in *Conley v. Gibson*, 355 U.S. 41, 45 (1957), is misplaced. That standard has since been overruled by the *Bell Atlantic* Court. Plaintiffs' complaint therefore must contain more than "labels and conclusions." As discussed in the defendants' motion, and as emphasized below, plaintiffs' amended complaint consists entirely of labels and conclusions and is bereft of facts that would satisfy the pleading standard under *Bell Atlantic*. Accordingly, defendants are entitled to dismissal.

## II.   THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT COMPLIES WITH FED. R. CIV. P. 56.

Plaintiffs seek summary denial of these defendants' motion for summary judgment. Plaintiffs aver that denial of the motion is appropriate because these defendants failed to file a statement of undisputed facts. Plaintiffs' argument lacks merit. Contrary to plaintiffs' claims, these defendants' motion complies with LCvR 7(h). The Rule provides that each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relief on to support the statement. These defendants' motion for summary judgment is accompanied by a statement of undisputed facts that meets the requirements of LCvR 7(h). See statement of undisputed facts set forth at the end of these defendants' memorandum of points and authorities in support of the motion. Accordingly, plaintiffs' argument does not support summary denial of these defendants' motion for summary judgment.

### III. PLAINTIFFS FAILED TO PROPERLY SERVE DEFENDANTS MAXWELL, JACKSON, STOWE AND PHILLIPART.

Plaintiffs' affidavit by Dwayne Boston fails to state that Sarah Maxwell, Sandra Jackson, Heather Stowe, and Rebekah Philippart gave Kia Winston actual authority to accept service of process for each of them, and does not establish that Kia Winston had actual or apparent authority to accept service on behalf of these defendants. To demonstrate apparent authority, plaintiffs must establish that the individually-named defendants made some representation that a reasonable person would perceive to acknowledge or affirm the authority of Kia Winston to accept service of process on their behalf. *See Samra v. Shaheen Bus. & Inv. Group, Inc.*, 355 F. Supp. 2d 483, 504 (D.D.C. 2005). The mere appearance of authority is insufficient and the agent's authority cannot be implied from the agent's position. *McLaughlin v. Fidelity Security Life Insurance*, 667 A.2d 105, 106 (D.C. 1995); *see also*, *Makins v. District of Columbia,* 277 F.3d 544, 553 (D.C. Cir. 2002)(federal courts look to District of Columbia law in determining "apparent authority."). Plaintiffs have not identified any independent action of the individually-named defendants that caused plaintiffs to perceive that Kia Winston had authority to accept service of process for them.

Plaintiffs' reliance on Ms. Winston's claimed representations on the day of service, and her alleged prior receipt of agency subpoenas is insufficient as a matter of law to establish actual or apparent authority to accept service of process for these agency employees in their individual capacity. *See Larry M. Rosen & Assocs. v. Hurwitz,* 465 A.2d 114 (D.C. 1983), holding a receptionist in one's office, even if authorized to sign for and open all of the mail, is not necessarily authorized to accept service of process. *See also, Nelson v. Swift,* 271 F.2d 504 (1959) (per curiam), holding without express appointment, resident manager of apartment is not agent of the landlord for service of process; *Schwarz v. Thomas,* 222 F.2d 305 (1955), holding

3

attorney representing client in one matter is not an agent of client for service of process in different matter; and *Hardy v. O'Daniel,* 16 F.R.D. 355 (D.D.C. 1954), holding agent for purpose of collecting payments due the principal is not an agent of the principal for service of process, absent express authorization. As Ms. Winston's declaration makes clear, she has no authority to accept papers for CFSA employees unless a particular employee explicitly authorizes her to accept service, and these defendants gave her no such authority. See Winston Affidavit.

On December 14, 2007, plaintiffs amended their complaint against these defendants, and still have not properly served them. The individual defendants are entitled to personal service pursuant to Fed. R. Civ. P. 4 and do not lose that right simply by being District employees. Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court … **must** dismiss the action without prejudice against that defendant or order that service be made within a specified time. Plaintiffs' complaint was filed on May 27, 2005. See Docket Entry #3. Plaintiffs have been on notice since June 22, 2005, that these defendants were challenging service in this action. See Docket Entry #16. Yet, they have failed and/or refused to take any further action to properly effect service. Pursuant to Rule 4(m), these defendants request that this action be dismissed against them for lack of personal jurisdiction.

**IV.   DEFENDANT ADRIAN FENTY MUST BE DISMISSED.**

Plaintiffs oppose dismissal of Mayor Adrian Fenty in his official capacity on the grounds that the Mayor "serves an important role in ensuring that CFSA and its officials alter current policies to make sure the Plaintiffs receive the services they are due …" Plaintiffs' Opposition, pg. 5. Plaintiffs claim that because they seek injunctive relief, the Mayor must remain a proper party defendant. The United States Court for the District of Columbia declared that:

> In determining whether to enter a permanent injunction, a court considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction.

*DC v. Partido Revolucionario Dominicano Seccional de Maryland y Virginia*, 312 F. Supp. 2d 1, 11 (D.D.C. 2004). Plaintiffs have not properly pled entitlement to injunctive relief. See Amended Complaint, generally. Plaintiffs claim they were denied post-adoption services, but concede that the minor children, Wayne and Sara, for whom they sought post-adoption services are no longer in their care. In fact, there are no allegations that they will suffer irreparable injury absent an injunction in this matter. See Amended Complaint. Therefore, because there is no basis upon which this Court may grant them injunctive relief, Mayor Fenty is not a proper defendant in this action, and dismissal is warranted.

**V.    PLAINTIFFS' FIRST AMENDMENT CLAIMS MUST BE DISMISSED.**

According to the First Amendment, "Congress shall make no law . . . abridging the freedom of speech." *See Morse v. Frederick,* 127 S. Ct. 2618, (2007). However, "there are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem." *Id., citing Chaplinsky v. New Hampshire,* 315 U.S. 568, 571-572 (1942); *Fox v. Louisiana,* 379 U.S. 536, 554 (1965). *See also, Van Deelen v. Shawnee Mission Unified School District,* 316 F.Supp.2d 1052, 1059 (D.C. KA 2004)("[t]he Tenth Circuit requires that, in order for speech to be protected, it must touch upon a matter of public concern."); *see also, Rathjen v. Litchfield,* 878 F.2d 836 (5th Cir. 1989).

Plaintiffs aver that they (Robert and Carla Doe) petitioned the District of Columbia for assistance "as CFSA is required to provide to adoptive families." There are no allegations in the

5

Amended Complaint that either Emma, Ann or Oliver expressed speech that these defendants allegedly violated. See Amended Complaint, generally. Instead, according to plaintiffs Robert and Carla Doe, "in response to [their] requests for assistance, the District and individual defendants Walker, Maxwell, Mallett, Jackson, Stowe, and others whom they directed, retaliated against [them]" in violation of their First Amendment Rights. *See* Amended Complaint, at ¶¶ 166-170. Additionally, plaintiffs aver that "when they raised concerns to defendant District of Columbia, through CFSA, regarding the failure of the agency to properly assess the minor child Sara Doe and Wayne Doe prior to their adoption and the need for comprehensive post-adoption services and support … [the District defendants] and others whom they directed, retaliated against [them]. *Id.* Plaintiffs have not set forth viable First Amendment claims against the named defendants. It is clear from plaintiffs' amended complaint, as well as their opposition, that their requests to CFSA were private requests for assistance (i.e. money) to address the emotional needs of their children while under their care and supervision. See Amended Complaint, at ¶¶ 64-70.

Plaintiffs aver that their private speech is protected under the First Amendment. In support of their claim, they rely on the Tenth Circuit's decision in *Worrell v. Henry*, 219 F.3d 1197, 1212. In *Worrell,* plaintiff was a private investigator who testified at a murder trial. He was offered a position that was subsequently withdrawn because of his trial testimony. The *Worrell* Court held that the testimony of witnesses are protected under the First Amendment. *Id.* at 1205, *citing Melton v. City Oklahoma City,* 879 F.2d 706, 714 (10th Cir. 1989). The *Worrell* Court required proof of the following elements to support a First Amendment claim based on retaliation by the government: (1) that the plaintiff "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill

6

a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." See Opposition, at pg. 7.  This case may be distinguished from the *Worrell* case.  Plaintiffs did not testify at any hearing or trial, and their speech does not enjoy the same protection of the *Worrell* plaintiff.  Additionally, other than make conclusory statements, plaintiffs fail to alleged a nexus between their alleged First Amendment speech and any action taken by these defendants.  In fact, as shown in their Amended Complaint, CFSA repeatedly provided plaintiffs with assistance. See Amended Complaint, at ¶¶ 56, 112, and 113.  It was not until CFSA received information from plaintiffs that the children had been sexually abused by their siblings, did these defendants investigate the subject allegations, and allegedly temporarily removed the minor children from their home.  See Amended Complaint, generally.  The Amended Complaint is simply devoid of any allegations to support any claim that plaintiffs Robert and Carla Doe suffered an injury that would chill a person or ordinary firmness from continuing to engage in their activity, or that these defendants' actions were motivated as a response to plaintiffs' exercise of their free speech.  Instead, based on the allegations pled in the Amended Complaint, these defendants had a good faith basis for conducting the complained about investigations, and for removal of the children from the Doe household.  Rule 12(b)(6) requires a plaintiff to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp.,* 127 S.Ct. at 1974.  Because plaintiffs' pleading does not meet the requirements set forth in *Bell Atlantic Corp.*, dismissal of their First Amendment claim is appropriate.

### VI.     PLAINTIFFS' FOURTH AMENDMENT CLAIMS MUST BE DISMISSED.

Under the Fourth Amendment, if probable cause exists to effect a seizure, then no liability can be found under 42 U.S.C. § 1983.  *See Saidi v. Washington Metropolitan Area Transit Authority*, 928 F. Supp. 21, 28 (D.D.C. 1996).  Again, there are no allegations that either Emma, Robert or Doe were removed from the home, seized or retained in any manner.  See Amended Complaint, generally.  Instead, Plaintiffs claim that these defendants removed Ann and Oliver Doe from the home in violation of D.C. Official Code § 16-2309, and their Fourth Amendment rights.  See Amended Complaint, generally.  According to plaintiffs, under District of Columbia law, in order for CFSA officials to take children into custody *without a court order* the agency must have "reasonable grounds to believe that the child is in immediate danger from his or her surroundings *and* that the removal of the child from his or her surroundings is necessary."  See Opposition, at pg. 10.  Again, plaintiffs have misinterpreted § 16-2309.  Section 16-2309 provides that a child may be taken into custody pursuant to order of the Division under § 16-2306 or 16-2311, by a law enforcement officer, by the Chief of the Child Protective Services Division, or by the Director of Social Services, pursuant to § 16-2337.  Section 16-2311 expressly states that "a person taking a child into custody shall with all reasonable speed…(3) bring the child to a medical facility if the child appears to require…prompt diagnosis for medical or evidentiary purposes and may order the child retained at the hospital subject to a further order of the Metropolitan Police Department…, the Child of the Child Protective Services Division of the Department of Human Services…."  Under § 16-2337, the Director of Social Services "shall have power to take into custody and place in detention or shelter care…children who are under his supervision … in need of supervision, or neglected…."

8

In this case, plaintiffs admit that they personally sought assistance from CFSA that was prompted by serious problems within the family caused by Wayne and Sara Doe. See Amended Complaint, at ¶ 64. Plaintiffs admit that they notified the District defendants "that Wayne and Sara Doe revealed that they had been abusive to the Doe's two younger children, Ann and Oliver Doe," …and "that the revelations … traumatized the entire family." See Amended Complaint, at ¶¶ 68 and 69. According to the Amended Complaint, these defendants did not take any action to remove either Ann or Oliver from the home until **after** these revelations were made known to these defendants. See Amended Complaint, generally.

Plaintiffs concede that they brought Ann and Oliver Doe to be interviewed at the Safe Shores Children's Advocacy Center…[and that] [p]ersons in attendance were Metropolitan Police Department Detective James L. Goldring, CFSA Social Worker Delores Williams, and Assistant Attorney General ("AAG") Alexandra Kutz." See Amended Complaint, at ¶ 79. Medical information was also collected from Ann and Oliver Doe as a result of the revelations made known to these defendants. See Amended Complaint, at ¶ 81. Plaintiffs were notified that juvenile law enforcement officials were now involved in Wayne and Sara's case. See Amended Complaint, at ¶ 82. Although plaintiffs aver that on October 20, 2004, they agreed to the removal of Ann and Oliver Doe from their homes as a result of duress, they admit that the children were removed after revelations of abuse and Ann and Oliver Doe was taken to the hospital for medical evaluations. .[1] See Amended Complaint, at ¶¶ 99. Plaintiffs concede that the criminal actions against Wayne and Sara Doe resulted in their placement on probation by Judge Fern Saddler, of the Superior Court of the District of Columbia, and they were ordered to participate in group sex offender treatment as a result of their actions against Ann and Oliver Doe. See Amended

---

[1] Although plaintiffs claim that the decision to allow the removal of their children from their home was due to duress and the threat of arrest, they acknowledge that they sought legal assistance/guidance prior to consenting to the removal of the children from their home. See Amended Complaint, at ¶¶ 90-91.

9

Complaint, at ¶¶ 114, 115, 125.  Under Court Order, Wayne and Sara Doe were not permitted to be with children under the age of thirteen unsupervised.   See Amended Complaint, at ¶ 126.  Against this background, plaintiffs' claims are insufficient to set forth a viable Fourth Amendment violation against these named defendants because probable cause existed for these defendants' actions.  Therefore, dismissal of Ann and Oliver Doe's Fourth Amendment claims are appropriate.

### VII.  PLAINTIFFS' DUE PROCESS CLAIMS MUST BE DISMISSED.

#### a.  Plaintiffs' Substantive and Procedural Due Process Claims Lack Merit.[2]

Plaintiffs' opposition fails to properly allege any conduct by the Districtthat  "shocks the conscience" for purposes of their substantive due process claims. "Substantive due process" protects against "arbitrary" government action, not negligent government action.  *See Daniels v. Williams*, 474 U.S. 327, 332 (1986). The standard to be applied in this case is whether CFSA's actions were such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that CFSA did not exercise any judgment at all. *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982).

In *Weller v. Dept. of Soc. Serv. For Baltimore*, 901 F.2d 387, 392 (4th Cir. 1990), the court held that it does not shock the conscience to hear that a child protection agency removed a child in an emergency action from the custody of parents suspected of abuse which was based upon some evidence.  In light of the plaintiffs' admissions in their complaint regarding the pervasive sexual abuse and incest that occurred under their supervision, plaintiffs simply cannot establish a "due process" violation when CFSA temporarily removed the children from the Doe

---

[2] Plaintiffs Robert and Carla Doe have no standing to sue under *LaShawn*.  They have relinquished their rights to both Wayne and Sara Doe, and no basis exists for a constitutional claim under *LaShawn*.

10

household. *See Pfoltzer v. County of Fairfax*, 775 F.Supp. 874, 884 (E.D. VA 1991)(Child protection agency's removal of children from parent's home cannot be said to "shock the conscience" when based upon some evidence that children were neglected by natural parent who acquiesced in step father's "violent and unduly embarrassing" disciplinary measures.) Plaintiffs' claim that the District defendants' actions "shock the conscience" is not supported by the record evidence. Accordingly, plaintiffs' Opposition fails to support their substantive due process claims and those claims must be dismissed.

Likewise, plaintiffs' procedural due process claims also must be dismissed. Plaintiffs seek to hold the defendants liable for violation of their procedural due process. See Amended Complaint, and opposition, generally. Plaintiffs' procedural due process claims fail because D.C. Official Code § 4-1303.04 authorizes a pre-hearing removal. Since the nature of the sexual abuse allegations and events subsequent to Ms. Williams report clearly support a finding that CFSA had an objectively reasonable basis to believe that the children were neglected and/or abused, plaintiffs' procedural due process claims fail as a matter of law. Moreover, according to the allegations set forth in the Amended Complaint, meetings and telephone conversations took place before the removal of Ann and Oliver Doe from the home, a hearing was scheduled on the day after the removal of Ann and Oliver Doe from the home, and a criminal hearing occurred with respect to the charges filed against both Sara and Wayne Doe, who were placed on probation for their acts against Ann and Oliver Doe. See Amended Complaint, ¶¶ 81-83, 106, 114, 115, 125. Plaintiffs' failure to properly plead procedural due process violations entitle these defendants to judgment as a matter of law.

### b. Plaintiffs' Equal Protection Claims Under the Fifth Amendment Lack Merit.

Plaintiffs Robert and Carla allege that the District violated their equal protection rights by terminating Wayne and Sara Doe's services on the basis of illegal animus. See Amended Complaint ¶¶ 188-190. Other than these conclusory allegations, plaintiffs fail to plead any facts to support this claim. See Amended Complaint, generally. The services that were allegedly terminated were for Wayne and Sara Doe, not plaintiffs. See Amended Complaint, at ¶ 145. Plaintiffs have no standing to sue on behalf of either Wayne or Sara Doe as they no longer have custody of them. Plaintiffs fail to allege *any* discriminatory acts or conduct by any District officials based on their race or any other protected category.[3] Plaintiffs further fail to allege any type of link between the termination of Wayne and Sara Doe's services and the plaintiffs' race or other any discriminatory animus. In fact, it is undisputed that despite their race, Robert and Carla Doe were allowed to adopt Wayne and Sara Doe. Amended Complaint, at ¶ 53. Additionally, despite their race, defendants provided post-adoption services to plaintiffs when they paid for therapy for both Wayne and Sara. Amended Complaint, at ¶¶ 56, 72-74. While these defendants may not have agreed to pay for any and all services requested by plaintiffs Robert and Carla Doe, they have failed to link any non-payment for services or adverse decisions by these defendants to plaintiffs' race or other protected category. In fact, the services for Wayne and Sara were not terminated until after the conclusion of their criminal trial, and their removal from the Doe household. Amended Complaint, at ¶ 145. Plaintiffs' allegations are conclusory and speculative at best.[4] Accordingly, plaintiffs' claims under equal protection should be dismissed.

---

[3] The alleged comments were not made by a District employee or official.
[4] Moreover, plaintiffs may not have standing to make this claim. The denial of services affected Wayne and Sara Doe who are not plaintiffs in this action. Plaintiffs Robert and Carla Doe allege that they were "forced" to give up

VIII. **PLAINTIFFS' NINTH AMENDMENT CLAIMS MUST BE DISMISSED.**

Plaintiffs argue that their Ninth Amendment claims are actionable because the Ninth Amendment protects plaintiffs' rights to be free from familial separation, the rights of parents to protect their children, the rights of siblings to remain together, and the rights of fragile children to be free from unlawful intrusion which causes harm." Plaintiffs' Opposition, p. 16. As support for their right to proceed under the Ninth Amendment, plaintiffs rely upon the dissenting opinion in *Poe v. Ullman,* 367 U.S. 497, 516-522. See Opp. at pg. 16. Plaintiffs' reliance on the *Poe* decision is misguided. This Court is not bound by a dissenting opinion, nor does the case discuss nor analyze any party's rights under the Ninth Amendment. Instead, the Court analyzed the facts of the controversy under the First, Fourth, Fifth, and Fourteenth Amendments; not the Nine Amendment. Moreover, to the extent that plaintiffs could proceed under the Ninth Amendment, the plaintiff asserts the same rights in their substantive due process claim. *See generally,* Amended Complaint. Redundant claims are routinely dismissed as inefficient uses of judicial resources. *See Barnes v. District of Columbia,* 2005 U.S. Dist. LEXIS 10435 (D.D.C. 2005). Since those "liberty" interests are arguably recognized under the Fifth Amendment "due process" clause, the rationale for finding them under the Ninth Amendment, i.e. that they do not appear elsewhere in the U.S. Constitution, is unavailing. Moreover, as set forth in their Motion to Dismiss, and/or for Summary Judgment, the Ninth Amendment does not provide these plaintiffs' with a separate, private right of action, and these defendants are entitled to judgment as a matter of law.

---

Wayne and Sara but do not allege how or why CFSA and DYRS' inability to provide long term care affected their own ability to remain as adoptive parents.

**IX.   THE INDIVIDUALLY NAMED DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

Plaintiffs have failed to present sufficient evidence to defeat these defendants' entitlement to qualified immunity in this case. As set forth in the defendants' Motion to dismiss, and according to the factual allegations in the Amended Complaint, these defendants investigated and/or removed the Doe children from the home only **after** they were informed that the children had been abused by their siblings. See Amended Complaint, generally. Consistent with District law, the children were taken to Children's Hospital for medical tests in support of the criminal claim that was filed against Wayne and Sara Doe. A reasonable social worker faced with the same circumstances that these defendants faced on the dates of the subject incidents could have believed that their actions were reasonable and justifiable.

A qualified immunity issue is a question of law for the court to decide. Whether the defendants' conduct was objectively reasonable under a given set of facts is a question of law for the court. See *Wilson v. City of Boston,* 421 F.3d 45 (1st Cir. 2005), upholding a qualified immunity defense because an objectively reasonable officer in the defendant officer's position could have believed that his conduct would not violate the Fourth Amendment. *See also, St. Hilaire v. City of Laconia,* 71 F.3d 20, 24 (1st Cir. 1995) ("The ultimate question of qualified immunity should ordinarily be decided by the court."). Plaintiffs' reliance on D.C. Official Code § 16-2309 does not obviate these defendants' reasonable good faith belief that their actions were justified, nor does it negate their entitlement to qualified immunity. Against the backdrop that there were allegations that Ann and Oliver Doe had been sexually abused by Wayne and Sara Doe while in the care and custody of Robert and Carla Doe, these defendants' decision to remove the children was objectively reasonable, and the individually named defendants are entitled to qualified immunity. See Plaintiffs' Amended Complaint, generally.

14

These defendants do not have the authority to file criminal charges in cases over which they are assigned, and did not file charges against either Robert or Carla Doe.  Therefore, plaintiffs Robert and Carla Doe's claim that criminal charges were filed against can be used as a basis to deny these defendants' entitlement to qualified immunity.

**X.     PLAINTIFFS' CIVIL CONSPIRACY CLAIMS FAIL AS A MATTER OF LAW.**

Plaintiffs claim that the District defendants conspired amongst themselves to violate their constitutional rights.  To prevail on a conspiracy claim, a plaintiff must show an agreement between two or more people to participate in an unlawful act, or in a lawful act in an unlawful manner.  See *Halbertstan v. Welsh,* 705 F.2d 472, 477 (D.C. Cir. 1983).  In support of their claim that these defendants are not entitled to dismissal of plaintiffs' cause of action pursuant to 42 U.S.C. § 1985, they aver that these defendants failed to discuss any of the exceptions to the intracorporate conspiracy doctrine.   The law in this jurisdiction is clear.  There cannot be a conspiracy amongst the District and its employees. *See Michelin v. Jenkins*, 704 F.Supp. 1, 4 (D.D.C. 1989), *citing Gladden v. Barry,* 558 F.Supp. 676, 679 (D.D.C. 1983).  *See also, Estate of Anthony Phillips, et al.  v. District of Columbia, et al.,* 257 F.Supp.2d 69, 83 (D.D.C. 2003). recognizing that the general principle that a municipality cannot conspire with itself has been recognized in the United States District Court of the District of Columbia.  According to the Court, "[f]or purposes of 42 U.S.C. § 1985, a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation. As such, where all of defendants are members of the same collective entity, there are not two separate "people" to form a conspiracy." *Id.*  Accordingly, the District defendants are entitled to dismissal of plaintiffs' conspiracy claims pursuant to 42 U.S.C. § 1985.

WHEREFORE, Defendants District of Columbia, Mayor Adrian Fenty, Brenda Donald Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallet, Rebekah Philippart, and Daphne King respectfully request that this Honorable Court grant their Motion to Dismiss or in the alternative for Summary Judgment and dismiss plaintiff's amended complaint for the reasons set forth above.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


\s\
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

\s\
MICHAEL P. BRUCKHEIM [455192]
ZUBERI WILLIAMS[5]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-724-6650;202-727-6295
E-mail:Michael.bruckheim@dc.gov;
zuberi.williams@dc.gov

---

[5] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.