**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| ROBERT AND CARLA DOE, *et. al.,*    ) | |
| ) | |
| Plaintiffs,    ) | Civil Action No: 1:05-1060 (TFH) |
| ) | |
| v.    ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al*,    ) | |
| ) | |
| Defendants.    ) | |
| _____ ) | |

**DEFENDANTS DISTRICT OF COLUMBIA, ADRIAN FENTY, BRENDA WALKER, SARAH MAXWELL, SANDRA JACKSON, HEATHER STOWE, TERRI THOMPSON MALLETT, REBEKAH PHILLIPART AND DAPHNE KING'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants District of Columbia, Adrian Fenty, Brenda Walker, Sarah Maxwell, Sandra Jackson, Heather Stowe, Terri Thompson Mallett, Rebekah Phillipart, and Daphne King, (hereinafter "defendants"), by and through counsel, answer plaintiffs' Amended Complaint as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

1.    The allegations in paragraph number 1 of the Amended Complaint are legal conclusions to which no response is required.

2.    The allegations in paragraph number 2 are the legal conclusions of the pleader to which no response is required.

3.     The allegations in paragraph number 3 are the legal conclusions of the pleader to which no response is required.  Further answering, these defendants deny that the events occurred as alleged by plaintiffs in their amended complaint.

4.     The averment set forth in paragraph number 4 of the Amended Complaint does not require a response by these defendants. However, these defendants also seek a jury trial.

5.     The defendants admit that according to its records Robert and Carla Doe are adult residents of the District of Columbia and the legal parents and guardians of the named children.

6.     The defendants admit that according to its records Robert and Carla Doe are the legal parents and guardians of the named children.  Further answering, these defendants admit that Robert and Carla Doe no longer have custody of Wayne and Sara Doe, but deny that their alleged actions forced Robert and Carla Doe to relinquish custody of Wayne and Sara Doe.

7.     Admitted.

8.     The defendants admit that in CFSA became a cabinet level agency in 2001. The remaining allegations are the legal conclusions of the pleader to which no response is required.

9.     The defendants admit that Brenda Donald Walker was the Director of CFSA.  The remaining allegations are the legal conclusions of the pleader to which no response is required.

10.     The defendants deny that Sarah Maxwell is an employee and serves as a Deputy Director. The defendants admit that plaintiffs purport to sue Ms. Maxwell in her individual capacity.

11.     The defendants admit that Sandra Jackson is an employee of the District and serves in management at CFSA. The defendants also admit that Sandra Jackson is an administrator for adoption and foster care. The defendants admit that plaintiffs purport to sue Ms. Jackson in her official and individual capacity.

12.     The defendants admit that defendant Heather Stowe was an employee of the District, served in management at CFSA, and was the Administrator for Intakes and Investigations. The defendants admit that plaintiffs purport to sue Ms. Stowe in her individual capacity.

13.     The defendants admit that Terri Thompson Mallet was an employee of the District and that she was General Counsel for CFSA during the times relevant to the Amended Complaint. The defendants admit that plaintiffs purport to sue Ms. Mallett in her individual capacity.

14.     The defendants admit that Daphne King was a social worker at CFSA. The defendants admit that plaintiffs purport to sue Ms. King in her official and individual capacities.

15.     The defendants admit that Rebekah Phillipart was a social worker at CFSA. The defendants admit that plaintiffs purport to sue Ms. Phillipart in her official and individual capacities.

16.     The defendants admit that Robert and Carla Doe are adoptive parents and that they adopted four children through the foster care system in the District. These defendants lack sufficient information to admit or deny the remaining allegations asserted in paragraph 16.

17.     Admitted.

18.     Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 18 of the Amended Complaint.  To the extent a response is required, these defendants deny the allegations and seek strict proof thereof.

19.     The defendants admit that the District Court in LaShawn issued an opinion in that case on or about April 18, 1991.  The remaining allegations are the conclusions of the pleader to which no response is required.

20.    Admitted.

21.    The defendants lack sufficient information at this time to either admit or deny the allegations asserted in paragraph 21 of the Amended Complaint. Further answering, the records speak for themselves.

22.    Admitted.

23.    Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 23 of the Amended Complaint.  To the extent a response is required, defendant deny these allegations and demand strict proof at trial.

24-30.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph numbers 24 through 30 of the Amended Complaint.  To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

31.    Admitted.

32-34.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph numbers 32 through 34 of the Amended Complaint.  To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

35.    The defendants admit that the LaShawn Court imposed a general receivership by order dated May 22, 1995, and the Court's rationale was that DHS had not complied with the Court's remedial order.

36-40.  The defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph numbers 36 through 40 of the Amended Complaint.  To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

41.    Admitted.

42.    Admitted.

43-50.  These defendants are unable to admit or deny the allegations in paragraph numbers 43 through 50 of the Amended Complaint.  To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

51.    The defendants admit that Carla and Robert Doe filed an adoption petition in the D.C. Superior Court. The defendants lack sufficient information to admit or deny the remaining allegations in paragraph number 51.

52.    The defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 52 of the Amended Complaint.  To the extent a response is required, defendants deny these allegations and demand strict proof at trial.

53.    Admitted.

54-62.  These defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph numbers 54 through 62 of the Amended Complaint.  To the extent a response is required, defendants these deny these allegations and demand strict proof at trial.

63.    These defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 63 of the Amended Complaint.  To the extent a response is required, these defendants admit that Robert and Carla Doe reported that they learned that Wayne and Sara Doe had sexual contact with each other and Ann and Oliver Doe as a result of their therapy sessions.

64.    The defendants admit that plaintiffs Robert and Carla Doe hand delivered a letter to CFSA on September 27, 2004. The defendants lack sufficient information to admit or deny the remaining allegations in paragraph number 64 of the Amended Complaint. To the extent an answer is required, the defendants deny the remaining allegations.

65.     The defendants admit that plaintiffs Robert and Carla Doe hand delivered a letter to CFSA on September 27, 2004 but deny the alleged characterizations of its contents. The letter speaks for itself. Further answering, the defendants lack sufficient information to either admit or deny the remaining allegations asserted in paragraph number 65 of the Amended Complaint.

66.     The defendants lack sufficient information to admit or deny the allegations asserted in paragraph 66 of the Amended Complaint.

67.     The defendants admit that Robert and Carla Doe stated in their September 27, 2004, letter to CFSA that Wayne and Sara had been physically and emotional abused by their foster family and had been horrendously sexually abused by their birth mother and/or other adults. These defendants lack sufficient information to admit or deny the remaining allegations asserted in paragraph number 67 of the Amended Complaint. To the extent a response is required, the defendants deny the remaining allegations.

68-70. Defendants admit the September 27, 2004, letter contains the information asserted in paragraph numbers 68 through 70.

71.     Defendants admit that a meeting was held on October 1, 2004, between Sandra Jackson, Dr. Campfield, Dr. Williams, Sharon Knight, plaintiffs and two of the children's therapists.

72.     Defendants admit that the meeting was cordial and that the CFSA representatives represented to plaintiffs that they would look at all issues and analyze the facts to determine how, if at all, CFSA might be able to assist. These defendants lack knowledge or information to either admit or deny the remaining allegations.

73.     Defendants admit that the children's therapists sent diagnostic summaries containing recommendations and assessments to CFSA via facsimile on October 3, 2004. The

remaining allegations are the conclusions of the pleaders to which no response is required. To the extent a response is required, these defendants deny the allegations.

74.     Defendants admit that CFSA recommended that Wayne and Sara be removed from the home and recommended a voluntary placement agreement for Wayne and Sara which would place Wayne and Sara in CFSA's care for up to sixty days. These defendants further admit that Robert Doe indicated he would get back with the agency. Further answering, these defendants deny the remaining allegations.

75.     The defendants admit that on or about October 7, 2004, CFSA investigative social worker Delores Williams visited plaintiffs home, but deny that Ms. Williams was allowed to speak with plaintiffs' older biological daughter Emma or any of the other children regarding the abuse allegations or that Ms. Williams was apprised of the full extent of the sexual abuse occurring under the Does' supervision. Defendants admit that plaintiffs told Ms. Williams that they notified the children's school, placed an alarm on Oliver's bedroom door, and were maintaining Wayne and Sara outside the home.

76.     These defendants admit that entries were made in the FACES database regarding the October 7, 2004, visit by Ms. Williams, but deny the remaining characterizations and averments.

77.     These defendants admit that the cited portions of the report contain the language as alleged.

78.     These defendants admit that plaintiffs faxed a letter dated October 14, 2004, and that plaintiffs asked CFSA to reconsider its proposal. Defendants further admit that plaintiffs' plan also recommended that Wayne and Sara remain outside of the Does' home. The remaining

allegations are the conclusions of the pleader to which no response is required. To the extent a response is required, these defendants deny the remaining allegations.

79.     These defendants admit that Ann and Oliver were brought to Safe Shores Children's Advocacy Center by Robert and Carla Doe and were interviewed on October 15, 2004, by the Children's Advocacy Center at the request of CFSA. Further answering, these defendants admit that Detective Goldring, Ms. Williams and Assistant Attorney General Kutz were in attendance.

80.     These defendants lack sufficient information at this time to admit or deny the allegations in paragraph number 80 of the Amended Complaint.

81.     Defendants admit that on October 15, 2004, the Does signed medical release forms for Ann and Oliver to be medically examined. Further answering, these defendants deny that the Does were ever subjected to duress. Further answering, these defendants lack sufficient information at this time to admit or deny the remaining allegations in paragraph number 81 of the Amended Complaint. To the extent a response is required, these defendants deny the allegations.

82.     Defendants admit that Ms. Jackson and Robert Doe spoke on October 19, 2004. These defendants lack sufficient information at this time to admit or deny the remaining allegations in paragraph number 82 of the Amended Complaint. To the extent a response is required, these defendants deny the allegations.

83.     Defendants admit that on October 19, 2004, CFSA contacted Robert and Carla Doe to discuss a voluntary placement arrangement pending an investigation, and that plaintiffs requested time to consider the proposal. Further answering, defendants deny the remaining averments and characterizations asserted in paragraph number 83 of the Amended Complaint.

84.     Denied.

85.    Defendants admit receiving a telephone call from Harvey Schweitzer and that CFSA discussed CFSA's proposal. The remaining allegations are the conclusions of the pleaders to which no response is required.  To the extent a response is required, these defendants deny the remaining averments as asserted in paragraph number 85 of the Amended Complaint.

86.    Denied.

87.    Denied.

88.    Defendants admit that CFSA approved Carla Doe's mother as an emergency placement. The defendants lack sufficient information at this time to either admit or deny the remaining allegations.

89.    Defendants admit that CFSA sought to remove all four adopted children from the Doe household because of the sexual assaults, and that plaintiffs refused voluntary placement for Oliver. These defendants further admit that discussions broke down between the parties. Defendants deny the remaining allegations in paragraph number 89.

90    Defendants deny the allegations set forth in paragraph number 90.

91.    Defendants admit that plaintiffs agreed allow CFSA to remove Ann and Oliver on October 20, 2004. Defendants deny the remaining averments in paragraph number 91.

92.    Defendants admit that Daphne King and Rebekah Philippart arrived at plaintiffs' home on October 20, 2004, at around 9:00 p.m. pursuant to prior arrangement with plaintiffs. Ann and Oliver left plaintiffs' house with these defendants. The defendants lack sufficient knowledge at this time to admit or deny the remaining allegations in paragraph number 92.

93.– 95.   Defendants lack sufficient knowledge or information at this time to either admit or deny the allegations in paragraph numbers 93 through 95 of the Amended Complaint.

96.     Defendants admit that CFSA removed Oliver and Ann.  The remaining allegations in paragraph number 96 of the Amended Complaint are the legal conclusions of the pleaders to which no response is required.  To the extent a response is required, these defendants deny the allegations.

97.     These defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 97 of the Amended Complaint.  To the extent a response is required, the defendants deny these allegations and demand strict proof at trial.

98.     Defendants admit that CFSA removed Sara from Carla Doe's mother's home and took her to a foster home.  Defendants deny the remaining averments in paragraph number 98.

99.     Defendants admit that CFSA removed Ann, Oliver, and Sara, as a result of the sexual abuse investigation and that the children received a medical examination upon their removal.  Defendants admit that Oliver and Sara were placed in undisclosed foster homes and that Ann was placed with Carla Doe's mother. Defendants deny the remaining averments.

100–105.   Denied.

106.     Defendants admit that the case was "no papered" at court on October 21, 2004, that none of the individual defendants were present at court, and that the District of Columbia was represented by an Assistant Attorney General.  Defendants lack sufficient knowledge or information at time to either admit or deny the remaining allegations in paragraph number 106. To the extent a response is required, these defendants deny the allegations.

107.     The defendants admit that Brenda Donald Walker is the Director of CFSA.  The remaining allegations are the conclusions of the pleaders to which no response is required.

108.    These defendants admit that defendant Mallet was the former General Counsel of CFSA.  The remaining allegations are the conclusions of the pleaders to which no response is required.  To the extent a response is required, these defendants deny the allegations.

109.    These defendants admit that defendant Maxwell was the Deputy Director at CFSA.  The remaining allegations in paragraph number 109 of the Amended Complaint are the conclusions of the pleaders to which no response is required.  To the extent a response is required, the defendants deny the allegations.

110.    The defendants admit that Sandra Jackson is the administrator of CFSA's Adoption and Foster Care Administration. The remaining allegations in paragraph number 110 are the legal conclusions of the pleaders to which no response is required.  To the extent that a response is required, these defendants deny the allegations and demand strict proof thereof.

111.    The defendants admit that Heather Stowe was the administrator for Intakes and Investigations for CFSA. The remaining allegations in paragraph 111 are the legal conclusions of the pleaders to which no response is required. To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

112.    The defendants admit that Oliver was returned to his parents following the October 21, 2004, hearing and that CFSA facilitated the return. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph number 112 of the Amended Complaint. To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

113.    The allegations in paragraph number 113 are the alleged basis of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be stricken from the Amended Complaint.  To the extent a response is required, the defendants

admit that plaintiffs agreed to voluntarily place Sara Doe in a therapeutic foster home.
Defendants lack sufficient information to admit or deny the remaining allegations in paragraph
number 113 of the Amended Complaint. To the extent that a response is required, the defendants
deny the allegations and demand strict proof thereof.

 114.–115. The allegations in paragraph numbers 114 and 115 are the alleged basis of a
claim which has been dismissed by this Court.  As such, no response is required and the
allegations should be stricken from the Amended Complaint.  To the extent a response is
required, these defendants admit that AAG Kutz signed an affidavit and request for custody
order for Sara Doe and Wayne Doe on October 22, 2004, and that they were charged with
fondling and touching the genitals of their younger siblings which constituted Second Degree
Child Sex Abuse.  Further answering, these defendants admit that the Judge of the Superior
Court for the District of Columbia signed a custody order. The remaining allegations are the
conclusions of the pleaders to which no response is required. The defendants admit that Mable
Boler took Sara Doe for a medical examination on or about October 27, 2004, at Children's
Hospital. Defendants are without sufficient information to admit or deny the remaining
averments.

 116. The allegations in paragraph number 116 are the alleged basis of a claim which
has been dismissed by this Court.  As such, no response is required and the allegations should be
stricken from the Amended Complaint.  To the extent a response is required, the defendants
admit that Mable Boler took Sara Doe for a medical examination on or about October 27, 2004,
at Children's Hospital. Defendants are without sufficient information to admit or deny the
remaining averments. To the extent that a response is required, the defendants deny the
allegations and demand strict proof thereof.

117.    The allegations in paragraph number 117 are the alleged basis of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be stricken from the Amended Complaint.  To the extent a response is required, these defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph number 117 of the Amended Complaint.  To the extent a response is required, the defendants deny these allegations and demand strict proof at trial.

118.    The allegations in paragraph number 188 are the alleged basis of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be stricken from the Amended Complaint.  To the extent a response is required, these defendants admit that following the Children's Hospital medical examination, Ms. Boler returned Sara Doe to her foster parent. Defendants are without sufficient information to admit or deny the remaining averments. To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

119.    The allegations in paragraph number 119 are the alleged basis of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be stricken from the Amended Complaint.  To the extent a response is required, the defendants deny the allegations.

120.    The allegations in paragraph number 120 are the alleged basis of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be stricken from the Amended Complaint.  To the extent a response is required, these defendants admit the allegations of paragraph number 120 of the Amended Complaint.

121.    The allegations in paragraph number 121 are the alleged basis of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be

stricken from the Amended Complaint. To the extent a response is required, these defendants are without sufficient information to admit or deny the allegations in paragraph 121.

122.    The allegations in paragraph number 122 are the alleged basis of a claim which has been dismissed by this Court. As such, no response is required and the allegations should be stricken from the Amended Complaint. To the extent a response is required, these defendants admit that following Sara and Wayne's cases, they were released to their respective foster care placements. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 122.

123.    The allegations in paragraph number 123 are the alleged basis of a claim which has been dismissed by this Court. As such, no response is required and the allegations should be stricken from the Amended Complaint. To the extent a response is required, these defendants are without sufficient information to admit or deny the allegations in paragraph 123.

124.    The allegations in paragraph number 124 are the alleged basis of a claim which has been dismissed by this Court. As such, no response is required and the allegations should be stricken from the Amended Complaint. To the extent a response is required, these defendants admit that Sara and Wayne were placed in custody. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 124. To the extent that a response is required, the defendants deny the allegations and demand strict proof thereof.

125.    The allegations in paragraph number 125 are the alleged basis of a claim which has been dismissed by this Court. As such, no response is required and the allegations should be stricken from the Amended Complaint.

126.    The allegations in paragraph number 126 are the alleged basis of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be stricken from the Amended Complaint.

127.-138.    The allegations in paragraph numbers 127 through 138 are the alleged bases of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be stricken from the Amended Complaint.

139.    The allegations in paragraph 139 are the basis of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be stricken from the Complaint.  To the extent that a response is required, these defendants deny the allegations and demand strict proof thereof.

140.-152.   The allegations in paragraph numbers 140 through 152 are the basis of a claim which has been dismissed by this Court.  As such, no response is required and the allegations should be stricken from the Complaint.  To the extent that a response is required, these defendants deny the allegations and demand strict proof thereof.

### VIOLATIONS OF PLAINTIFFS' RIGHTS UNDER THE U.S. CONSTITUTION PURSUANT TO 42 U.S.C. §§ 1983, 1985

### Count I

153.    The defendants reassert and incorporate their responses to the allegations contained in paragraph numbers 1 through 152 of the Amended Complaint as if fully set forth herein.

154.-156.  Denied.

### Count II

157.    These defendants reassert their responses to paragraphs 1 through156 as if fully set forth herein.

158.    The allegations in paragraph number 158 of the Amended Complaint are legal conclusions of the pleaders to which no response is required.

159.-160.  Denied.

<u>Count III</u>

161.    These defendants reassert their responses to paragraphs 1 through 160 as if fully set forth herein.

162.-163.  Denied.

<u>Count IV</u>

164.    These defendants reassert their responses to paragraphs 1 through 163 as if fully set forth herein.

165.-166.  The allegations are legal conclusions of the pleaders to which no response is required.

<u>Count V</u>

167.    These defendants reassert their responses to paragraphs 1 through 166 as if fully set forth herein.

168.-170.  Denied.

<u>Count VI</u>

171.    These defendants reassert their responses to paragraphs 1 through 170 as if fully set forth herein.

172.-173.  Denied.

<u>Count VII</u>

174.    These defendants reassert their responses to paragraphs 1 through 173 as if fully set forth herein.

175.176.   Denied.

Count VIII

177.    These defendants reassert their responses to paragraphs 1 through 176 as if fully set forth herein.

178.-179.   Denied.

Count IX

180.    These defendants reassert their responses to paragraph numbers 1 through 179 as if fully set forth herein.

181.-182.      Denied.

Count X

183.    These defendants reassert their responses to paragraph numbers 1 through 182 as if fully set forth herein.

184.-185.   Denied.

Count XI

186.    These defendants reassert their responses to paragraph numbers 1 through 185 as if fully set forth herein.

187.-190.   Denied.

INTENTIONAL TORTS

Count XII – Civil Conspiracy

191.    These defendants reassert their responses to paragraph numbers 1 through 190 as if fully set forth herein.

192.   Denied.

<u>Count XIII – Assault</u>

193.    These defendants reassert their responses to paragraph numbers 1 through 192 as if fully set forth herein.

194.    Denied.

<u>Count XIV – Battery</u>

195.    These defendants reassert their responses to paragraph numbers 1 through 194 as if fully set forth herein.

196.    Denied.

<u>Count XV – Intentional Infliction of Emotional Distress</u>

197.    These defendants reassert their responses to paragraph numbers 1 through 196 as if fully set forth herein.

198.    Denied.

<u>Count XVI – Negligence</u>

199.    These defendants reassert their responses to paragraphs 1 through 198 as if fully set forth herein.

200.    The allegations in paragraph number 200 are the legal conclusions of the pleaders to which no response is required.

<u>Count XVII – Misrepresentation</u>

201.    These defendants reassert their responses to paragraphs 1 through 200 as if fully set forth herein.

202.    Denied.

<u>Count XVIII – Malicious Prosecution and Abuse of Process</u>

203.    These defendants reassert their responses to paragraphs 1 through 202 as if fully set forth herein.

204.    The allegations in paragraph number 204 are the legal conclusions of the pleaders to which no response is required.  To the extent a response is required, these defendants deny the allegations.

<u>Count XIX – Selective Prosecution</u>

205.    These defendants reassert their responses to paragraphs 1 through 204 as if fully set forth herein.

206.    Denied.

<u>Count XX-Defamation</u>

207.    The defendants reassert their responses to paragraphs 1 through 206 as if fully set forth herein.

208.    Denied.

<u>Count XXI – Invasion of Privacy</u>

209.    These defendants reassert their responses to paragraphs 1 through 208 as if fully set forth herein.

210.    Denied.

<u>Count XXII – Negligent Hiring and/or Supervision</u>

211.    These defendants reassert their responses to paragraphs 1 through 210 as if fully set forth herein.

212.    The allegations in paragraph number 212 are the legal conclusions of the pleaders to which no response is required.  To the extent a response is required, these defendants deny the allegations.

<u>Count XXIII-Violation of Defendant District and Federal and District Laws In Failing to
[Provide] Timely and Adequate Post-Adoption Services</u>

213.    These defendants reassert their responses to paragraphs 1 through 212 as if fully set forth herein.

214.    Denied.

215.    The allegations are the conclusions of the pleaders to which no response is required.

216.-217.    Denied.

218.    These defendants admit that it provided services to the Doe family.  The remaining allegations are denied.

219.    These defendants reassert their responses to paragraphs 1 through 218 as if fully set forth herein.

220.-221.   Denied.

222.    Plaintiffs are not entitled to the relief requested in paragraph number 222 of the Amended Complaint.

Further answering, the defendants deny any allegations of wrongdoing, either intentional, negligent or otherwise, not specifically denied or otherwise responded to.

Third Defense

Plaintiffs have failed to state a constitutional claim against these defendants for which they are entitled to relief.

Fourth Defense

The District cannot be held liable pursuant to 42 U.S.C. § 1983, for the alleged constitutional misconduct of its employees.

Fifth Defense

The Fourteenth Amendment is not applicable to these defendants.

## Sixth Defense

The actions of these defendants were taken in good faith, and not pursuant to an unlawful or unconstitutional District custom, policy, or practice.

## Seventh Defense

Plaintiffs did not speak out on a matter of public concern.

## Eighth Defense

Plaintiffs were not retaliated against for their speech.

## Ninth Defense

Plaintiffs were not denied substantive and/or procedural due process as alleged in the Amended Complaint.

## Tenth Defense

The individually named defendants are entitled to qualified immunity for their complained of conduct.

## Eleventh Defense

The District defendants cannot conspire against themselves and therefore plaintiffs' conspiracy claim fails as a matter of law.

## Twelfth Defense

LaShawn does not create a private right of action.

## Thirteenth Defense

If plaintiffs were injured and/or damaged as alleged in the Amended Complaint said injuries and/or damages resulted from their own willful conduct.

## Fourteenth Defense

If plaintiffs were injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from their own contributory negligence and/or assumption of the risk.

### Fifteenth Defense

If plaintiffs were injured and/or damaged as alleged in the Amended Complaint said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than defendant District of Columbia, its employees, agents or servants acting within the scope of their employment.

### Sixteenth Defense

Plaintiffs cannot establish that these defendants or any other District employee acting in the scope of employment committed an assault and/or battery against them, and/or are liable for intentional infliction of emotional distress.  In fact, any contact with the plaintiffs was legally justified

### Seventeenth Defense

Plaintiffs cannot establish a serious and verifiable injury proximately caused by these defendants' actions or the actions of any District employee.

### Eighteenth Defense

All actions performed by these defendants and/or any District employee acting within the scope of their employment met or exceeded the applicable standard of care.

### Nineteenth Defense

Plaintiffs may have failed to mitigate any damages that they may have incurred.

### Twentieth Defense

Plaintiffs may have failed to fully comply with the mandatory notice requirements of D.C. Official Code § 12-309 (2001 ed.).

### Twenty-First Defense

Plaintiffs are not entitled to punitive damages against these defendants.

### Twenty-Second Defense

The defendants enjoyed a privilege for their complained about conduct.

### Twenty-Third Defense

Plaintiffs may have failed to meet the applicable statute of limitations for their claim(s).

### Twenty-Fourth Defense

Plaintiffs cannot establish that these defendants published any statements about them, either false or otherwise.

### Twenty-Fifth Defense

Plaintiffs cannot prove that these defendants acted with malice.

### Twenty-Sixth Defense

Plaintiffs cannot establish that they sustained injuries that were proximately caused by these defendants.

### Twenty-Seventh Defense

Plaintiffs are not entitled to injunctive relief against these defendants.

### Jury Demand

Defendants request a trial by jury as to all triable issues.

<u>Set-off</u>

Defendant District of Columbia asserts a set-off for all funds and services provided to plaintiffs through Medicaid, public assistance, or other sources.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:    _____\s_____
MICHAEL P. BRUCKHEIM [455192]
ZUBERI WILLIAMS1
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

---

1  Appearing under Rule 49 (c)(4) of the District of Columbia Court of Appeals and LCvR 83.2.