UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMA DOE, CARLA DOE, ROBERT DOE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 1:05-1060 (TFH) ) ) ) ) |

**JOINT SUBMISSION PURSUANT TO LOCAL RULE 16.3**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d), the parties hereby respectfully submit this joint report. Descriptions of the parties' respective positions as to each issue set forth in Local Rule 16.3(c) are set forth below. Additionally, pursuant to the Court's March 12, 2008, Order, counsel have included in this Report a "brief statement of the case and the statutory basis for all causes of actions and defenses." *See* Court's March 12, 2008, Order.

**A.    Brief Statement of the Case**

On May 25, 2005, plaintiffs Robert and Carla Doe filed a 23-count, 177 paragraph Complaint against the District of Columbia, Mayor Anthony Williams and several individually named employees of the District of Columbia Child and Family Services Agency ("CFSA") alleging constitutional and common law claims. Plaintiffs allegations in their Complaint specifically centers on the following: (1) CFSA's placement of Wayne and Sara Doe in the Doe home in 2000, and their subsequent adoption in 2001; (2) the adjustment and behavior problems of both Wayne and Sara Doe which allegedly had an effect on the Doe family; (3) the removal of plaintiffs' children from the Doe home on or about October 21, 2004, as a result of a

neglect investigation; (4) medical examinations of the minor children that allegedly occurred without plaintiffs' consent; and (5) a neglect petition allegedly filed against Robert and Carla Doe purportedly as retaliation in violation of their First Amendment rights.  Plaintiffs seek to hold the defendants liable under both constitutional and common law theories of liability.

> B.      **Statutory Basis of Causes of Action and Defenses**

Defendants state the following defenses to Plaintiffs' claims:

(1)     Plaintiffs have failed to state a constitutional claim against these defendants for which they are entitled to relief;

(2)     The District cannot be held liable pursuant to 42 U.S.C. § 1983, for the alleged constitutional misconduct of its employees;

(3)     The individually named defendants are entitled to qualified immunity for their complained of conduct;

(4)     The Fourteenth Amendment is not applicable to these defendants;

(5)     The actions of these defendants were taken in good faith, and not pursuant to an unlawful or unconstitutional District custom, policy, or practice;

(6)     Plaintiffs did not speak out on a matter of public concern;

(7)     Plaintiffs were not retaliated against for their speech;

(8)     Plaintiffs were not denied substantive and/or procedural due process as alleged in the Amended Complaint;

(9)     The District defendants cannot conspire against themselves and therefore plaintiffs' conspiracy claim fails as a matter of law;

(10)    *LaShawn* does not create a private right of action;

(11)    If plaintiffs were injured and/or damaged as alleged in the Amended Complaint said injuries and/or damages resulted from their own willful conduct;

  (12) If plaintiffs were injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from their own contributory negligence and/or assumption of the risk;

  (13) If plaintiffs were injured and/or damaged as alleged in the Amended Complaint said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than defendant District of Columbia, its employees, agents or servants acting within the scope of their employment;

  (14) Plaintiffs cannot establish that these defendants or any other District employee acting in the scope of employment committed an assault and/or battery against them, and/or are liable for intentional infliction of emotional distress. In fact, any contact with the plaintiffs was legally justified;

  (15) Plaintiffs cannot establish a serious and verifiable injury proximately caused by these defendants' actions or the actions of any District employee;

  (16) All actions performed by these defendants and/or any District employee acting within the scope of their employment met or exceeded the applicable standard of care.

  (17) Plaintiffs have failed to mitigate any damages that they have incurred;

  (18) Plaintiffs may have failed to fully comply with the mandatory notice requirements of D.C. Official Code § 12-309 (2001 ed.);

  (19) Plaintiffs are not entitled to punitive damages against these defendants;

  (20) The defendants enjoyed a privilege for their complained about conduct;

  (21) Plaintiffs may have failed to meet the applicable statute of limitations for their claim(s);

   (22) Plaintiffs cannot establish that these defendants published any statements about them, either false or otherwise;

   (23) Plaintiffs cannot prove that these defendants acted with malice;

   (24) Plaintiffs cannot establish that they sustained injuries that were proximately caused by these defendants;

   (25) Plaintiffs are not entitled to injunctive relief against these defendants.

  **C.** **Positions Regarding Local Rule 16.3 Issues**

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

  Both parties believe that the case is likely to be disposed of in whole or in part by summary judgment (albeit with different expected results). Each party proposes a schedule for summary judgment briefing as set forth in Response No. 6, *infra*, and in their proposed scheduling order.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

  The parties agree that all parties shall be joined and that any amendments to pleadings be completed within 90 days of the entry of the scheduling order by the Court, and/or by August 20, 2008. The parties do not believe any factual and legal issues can be agreed to or narrowed at this time.

**3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

  The parties do not believe that the case should be assigned to a magistrate judge for all purposes. However, they agree that the case may be assigned to a magistrate judge for discovery purposes.

**4.      Whether there is a realistic possibility of settling the case.**

It is too early in the litigation to assess whether there is a possibility of settling this case. The parties believe that discovery is needed prior to any settlement discussions.

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that the case would benefit from alternative dispute resolution procedures at this time. However, alternative dispute resolution may be beneficial after the close of discovery and/or after a resolution on any filed dispositive motion.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions**.

The parties are likely to file cross motions for summary judgment. The parties propose the following schedule for summary judgment briefing: (a) all motions for summary judgment shall be filed by not later than 30 days after the close of discovery; (b) all responses shall be filed by no later than 30 days of the filing of the initial motion; (c) replies, if any, shall be filed by no later than 15 days of the filing of the responses.

**7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to dispense with the procedures set forth in Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2 for the exchange of initial disclosures.

**8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Defendants propose that all discovery, including expert discovery, can be completed by November 20, 2008. Plaintiffs shall designate any retained expert(s) on or before August 20, 2008, and the Defendants shall designate any retained expert(s) on or before September 20, 2008. All parties reserve the right to seek the entry of an appropriate protective order or orders. Plaintiffs propose that discovery be conducted in two phases, liability and injury/damages. Plaintiffs agree to Defendants' foregoing proposal as to discovery on liability, and propose that the second phase of discovery be concluded within ninety (90) days of the date of the Court's opinion and order resolving motions for full or partial summary judgment.

The parties believe that the presumptive limits for complex litigation should apply. The parties believe that depositions be limited to 10 for each side, lasting no more than seven (7) hours each or one day; and a limit of 30 interrogatories per side.

**9.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree to exchange expert witness reports and information, if any, pursuant to Fed. R. Civ. P. 26(a)(2). Defendants propose that any experts shall be deposed before the close of discovery and/or by November 20, 2008. Plaintiffs propose that experts should be deposed after ADR.

**10.   In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The provisions of this paragraph are not applicable because this case is not a class action.

**11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Defendants do not anticipate the need for bifurcation of either trial or discovery at this time.  However, the Defendants reserve the right to seek bifurcation should the need arise. Plaintiffs believe that discovery should be bifurcated.  Plaintiffs' position is that discovery should initially be limited to facts needed to establish a claim or defense and that no discovery should be taken, for example, to establish injury, damages, the individual defendants' available assets, locations of the individual defendants assets and the like.  Following the Court's decision on the parties' motions for full or partial summary judgment, a limited period of discovery should be permitted to address matters beyond determining whether there are sufficient facts to prove a claim or defense as a matter of law.

**12.    The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties believe that a pretrial conference should be held within 60 days of the close of discovery.  However, the Defendants propose that if a motion for summary judgment is filed, then 30 days after the Court's ruling on any motion for summary judgment.  Plaintiffs propose that a Pretrial be scheduled 30 days after the Court's ruling on any motion for summary judgment and/or the close of subsequent discovery.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that a trial date be set at the Pretrial Conference.

**14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

    None at this time.

        Respectfully Submitted,

        PETER J. NICKELS
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        /s/Zuberi B. Williams
        ZUBERI BAKARI WILLIAMS[1]
        Assistant Attorney General
        Office of the Attorney General
        441 Fourth Street, N.W.;  Suite 6N013
        Washington, D.C. 20001
        Office: (202) 724-6650; (202) 727-6295
        Facsimile: (202) 727-3625
        Email:  Zuberi.Williams@dc.gov

        /s/ John M. Clifford
        John M. Clifford, D.C. Bar No. 191866
        Clifford & Garde
        1707 L Street, NW, Suite 500
        Washington, D.C. 20036
        Tel. 202.289.8990

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMMA DOE, CARLA DOE, ) | |
| ROBERT DOE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-1060 (TFH) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' PROPOSED SCHEDULING ORDER**

Upon consideration of the Parties' Joint Rule 16.3 Report, and the entire record herein, it is this ____ day of _____, 2008, hereby ORDERED that:

1. All parties shall be joined and any amendments to pleadings be completed within 90 days of the entry of the scheduling order by the Court, and/or by August 20, 2008.

2. Plaintiffs shall designate any retained expert(s) on or before August 20, 2008, and the Defendants shall designate any retained expert(s) on or before September 20, 2008. Factual and expert discovery shall be completed by November 20, 2008.

3. Dispositive motions shall be filed by December 22, 2008; oppositions shall be filed by January 22, 2009, and Replies shall be filed by February 6, 2009.

4. Each party shall be allowed to serve 30 interrogatories and take 10 depositions of fact witnesses, lasting no more than seven (7) hours each or one day; and

5. A Pretrial Conference shall be scheduled at the Court's convenience, following the resolution of any filed dispositive motion.

_____
The Honorable Thomas F. Hogan
United States District Court Judge

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMA DOE, CARLA DOE, ROBERT DOE, *et al.*, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 1:05-1060 (TFH) |
| DISTRICT OF COLUMBIA, *et al.*, ) ) | |
| Defendants. ) | |

## PLAINTIFFS' PROPOSED SCHEDULING ORDER

Upon consideration of the Parties' Joint Rule 16.3 Report, and the entire record herein, it is this ____ day of _____, 2008, hereby ORDERED that:

1. All parties shall be joined and any amendments to pleadings be completed within 90 days of the entry of the scheduling order by the Court, and/or by August 20, 2008.

2. Plaintiffs shall designate any retained expert(s) on or before August 20, 2008, and the Defendants shall designate any retained expert(s) on or before September 20, 2008. Factual and expert discovery as to liability shall be completed by November 20, 2008. Discovery as to injury/damages shall be concluded within 90 days of the Court's Order resolving motions for full or partial summary judgment.

3. Dispositive motions shall be filed by December 22, 2008; oppositions shall be filed by January 22, 2009, and Replies shall be filed by February 6, 2009.

4. Each party shall be allowed to serve 30 interrogatories and take 10 depositions of fact witnesses, lasting no more than seven (7) hours each or one day; and

     5.     A Pretrial Conference shall be scheduled at the Court's convenience, following the resolution of any filed dispositive motion.

_____
The Honorable Thomas F. Hogan
United States District Court Judge