IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT AND CARLA DOE,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:05-cv-1060 (TFH)** |
| **(AK)** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Joint Status Report**

The parties, by and through undersigned counsel, hereby submit this Joint Status report, as directed by the Court during the February 7, 2017, status conference, and state their respective positions as follows:

**Plaintiffs' Position:**

The gravamen of the Plaintiffs' dispute, which relates to Defendant District of Columbia's response to the Doe Plaintiffs' Interrogatory Number Nine, is set forth in Plaintiffs' Motion to Compel (Doc. 231), Defendant's Opposition (Doc. 233) and Plaintiffs' Reply (Doc. 234). The Court recently, on March 31, 2017, issued an Order (Doc. 238) denying without prejudice Plaintiffs' Motion to Compel.[1]

Working with Magistrate Judge Kay, the parties agreed on a Protective Order that specified the categories of documents the Defendant agreed to produce in an effort to resolve the dispute. It was entered on November 18, 2016 (Doc. 236). Specifically, Defendant agreed to a

---

[1] In this Order, the Court stated "such denial shall be without prejudice to the Plaintiffs' ability to renew the Motion if disputes about the sufficiency of the District's response arise in the future." … "In the event that the Plaintiffs believe that circumstances have arisen that would warrant renewal of the Motion, they should first attempt to resolve the dispute with Defendant; if those efforts fail, they should contact the Court to request a telephone status conference." Order at 10.

1

rolling production of redacted Petitions and Complaints, concerning the removals of children from their homes for the period January 2003 through October 2004.

Beginning December 29, 2016, Defendant has turned over several batches of documents. The parties do not yet know what percentage of the whole these pages represent. Defendants' most recent production of records to the Doe Plaintiffs was on April 4, 2017.

On February 22, 2017, Counsel for the Doe Plaintiffs communicated via email to Counsel for the District noting that Plaintiffs' Counsel cannot determine the relationship between the child removal cases listed on the spreadsheet that the District produced to Plaintiffs in pdf format on March 4, 2016 and the cases referenced in the Complaints and Petitions that the District is now producing. Plaintiffs' Counsel noted in this email that this problem arises from the fact that the spreadsheet produced by the District uses one and only one identifier for each child, the "Client ID," while the Complaints and Petitions identify the children by their Juvenile Social File numbers (JSF #) and their Neglect numbers (N #). The District's spreadsheet does not include JSF #s or N #s, and the Complaints/Petitions do not include "Client IDs." Plaintiffs' Counsel requested that the District generate a revised spreadsheet that includes the relevant JSF and N numbers for each child/case, so that the Plaintiffs can make sense of the information that the District is producing. Plaintiffs' Counsel also requested that Counsel for the District advise Plaintiffs as to the anticipated completion date for the on-going production by the District of the Complaints/Petitions.

One month later, not having heard back from Counsel for the District, Counsel for Plaintiffs communicated with Counsel for Defendant District of Columbia via email on March 23, 2017. In this communication, Plaintiffs' Counsel stated that four weeks have passed since the District received Plaintiffs' February 22nd email and the District still has not responded to the

requests Plaintiffs made on February 22nd. Plaintiffs' Counsel re-stated Plaintiffs' requests that the District generate a revised spreadsheet that includes the relevant JSF and N numbers for each child/case, so that Plaintiffs can make sense of the information that the District is producing; and that the District advise Plaintiffs of the anticipated completion date for the production of the Complaints/Petitions.

Counsel for Defendant replied via email on March 23, 2017. In this reply, District Counsel stated that the District is not able to provide the requested spreadsheet. Counsel for the District did not explain why the District could not provide the requested updated spreadsheet that would allow correlation of the case information in the original spreadsheet with the case information being produced in the form of complaints and petitions. Counsel for the District opined that "it seems that the spreadsheet is less important now that you have the information you originally sought, which is what removals were made without a court order and whether said removals were based on exigent circumstances." District Counsel indicated that they felt it unimportant how the spreadsheet information links to the complaints/petitions being produced. Counsel for the District also stated that the District cannot yet determine when their records production will be completed, noting that the District is receiving the documents from two separate sources (D.C. Superior Court and OAG), that the Court's documents are coming from a document warehouse and the court staff has to manually copy the records for Counsel for the Defendant, and then Defendant has to scan the records and redact them and "prepare them for production."

As a consequence of these recent communications, and Plaintiffs' review of the documents produced thus far, it appears that the parties now have a dispute as to whether Defendants' on-going records production, when completed, will be a meaningful response to

Plaintiffs' Interrogatory Nine, absent information from the District that would allow Plaintiffs to match each of the cases for which a complaint or petition has been or is being produced to one or more of the cases listed on Defendant's earlier produced spreadsheet. This problem arises because there is key information provided on the Defendant's spreadsheet, such as court hearing and court order dates (or the absence of same), which is not provided in the complaint and petition records being produced, whereas the complaints and petitions records have details of the facts of each case which are not provided on the spreadsheet. Absent some means of matching the cases listed on the spreadsheet with the complaints and petitions being produced, Plaintiffs cannot agree with the District's assertion that Plaintiffs have now been provided the information Plaintiffs originally sought (i.e. what removals were made without a court order and whether said removals were based on exigent circumstances). The Plaintiffs would like to discuss this issue with the Court at the next status conference.

**The District's Position:**

The spreadsheet referenced by Plaintiffs was indeed produced by the District in May 2016, and included a 100 page chart of all removals that occurred during the agreed upon time frame (January 2003 through October 2004), and the dates of the hearings. This spreadsheet was only produced by the District in an effort to address the information requested by Plaintiff in its interrogatories. After the District's production of the spreadsheet, Plaintiffs then argued that the chart did not provide enough detail on the circumstances of each removal, and after many discovery conferences with Magistrate Judge Alan Kay, the parties agreed that the District would produce the actual Petitions and Complaints related to removals for the specified time period. *See* Memorandum Opinion, at 4 [238]. The production of the complaints and petitions provide

the actual basis for the removal and not the limited reasons provided in the spreadsheet. Nothing more was agreed upon by the parties or ordered by the Court. *Id., generally.*

As recognized by Plaintiffs and Magistrate Kay, in order to fulfill its obligation of turning over the petitions and spreadsheets, the District would obtain the requested documents from the Superior Court and the Office of Attorney General, Child Protection Section. *See* Memorandum in opposition to re 231 MOTION to Compel [233]. Due to the confidentiality of the records and information being produced, a protective order was sought by the parties and not entered in this case until November 18, 2016, which allowed for the District to obtain the requested records, review, and produce them. *See* Protective Order [236].

On February 3, 2017, the parties submitted a joint status report in which they agreed that the production should be complete within four months. *See* Jt. Status Report [237]. Since that time, the District has been working diligently to produce the Petitions and Complaints for the applicable period. Its most recent production was April 4, 2017. As of April 3, 2017, the Superior Court received the last shipment of the offsite boxes (fifty total) and has begun to pull the petition and complaints from each file and prepare photocopies of them for production to the District. Once these documents are received, the District will review them and make necessary redactions in accordance with the protective order entered in this case.

The District has also received documents from the OAG Child Protection Section (OAG CPS) for review and production. Two OAG CPS attorneys and one paralegal have been working on the 2004 documents in the time they have to do so. It is unclear when the last documents will be received for review and disclosure.

Despite the District's ongoing production and diligence in obtaining the petitions and complaints, Plaintiffs now want the District to stop in its tracks and create another spreadsheet to

assist Plaintiffs in analyzing the data by adding the Court case numbers. Not only is this an unreasonable request, the information has no relevance to the ultimate request, which is for the basis for the removal.

While the District prepared a spreadsheet in May 2016, to provide Plaintiff with the information, it was not required to do so. Now, Defendants should not be required to go back and generate a new spreadsheet with the newly requested information. Each step in this process has been very time consuming and the District should not be required to produce additional information simply to appease Plaintiffs. While Plaintiffs argue that they need the additional information now requested, the District disagrees. Plaintiffs have been receiving the documents in accordance with the parties' agreement reached in November 2016, which obviates the need for Plaintiffs' newly requested information. The gravamen of Plaintiffs' complaint is that the District removed children from their home without a Court Order absent exigent circumstances. It matters not whether Plaintiffs can tie the Complaints and Petitions that have been and/or are being produced to specific families identified within the District's spreadsheet given that the documents received contain the information Plaintiffs originally argued they need to support the municipal liability claim remaining in this action. Other than make conclusory arguments about why the information is now needed, Plaintiffs have not demonstrated a valid reason for requiring the District to create a new spreadsheet, updated with the newly requested information, which may or may not be available from CFSA's database, for cases in which Plaintiffs already have the actual documents from the files.

Respectfully submitted,

/s/ Mick G. Harrison
Mick G. Harrison, Esq.
520 S. Walnut Street, #1147
Bloomington, IN 47402

6

Tel. 812-361-6220
Eml. mickharrisonesq@gmail.com

/s/ John M. Clifford
John M. Clifford, #191866
Clifford & Garde, LLP
1850 M St., NW, Suite 1060
Washington, D.C. 20036
Tel. 202.280.6115

*Counsel for Plaintiffs*


KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/ Kerslyn D. Featherstone
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
AKUA D. COPPOCK
D.C. Bar No. 1032665
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 724-6600 (direct); (202) 724-6522 (direct);
(202)727-6295 (main)
(202) 741-8924 (fax); (202) 730-1888 (fax)
Email: kerslyn.featherstone@dc.gov;
akua.coppock@dc.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Joint Status Report was filed with the Court and served on all counsel via ECF on this 5th day of April, 2017


s/Mick G. Harrison
Mick G. Harrison, Esq.